LUBIN AND ENOCH, P.C.
Stanley Lubin (003076)
349 North 4th Avenue
Phoenix, Arizona 85003-1505
Telephone:     (602) 234-0008
Facsimile:     (602) 626-3586
Email:         Stan@lubinandenoch.com

STUMPHAUZER, O'TOOLE, McLAUGHLIN,
McGLAMERY & LOUGHMAN CO., LPA
Dennis M. O'Toole (0003274)
Anthony R. Pecora (0069660)
Matthew A. Dooley (0081482)
5455 Detroit Road
Sheffield Village, Ohio  44054
Telephone:     (440) 930-4001
Facsimile:     (440) 934-7208
Email:         dotoole@sheffieldlaw.com
               apecora@sheffieldlaw.com
               mdooley@sheffieldlaw.com

CONSUMER LITIGATION ASSOCIATES, P.C.
Leonard A. Bennett (Virginia Bar #27523)
Susan M. Rotkis (Virginia Bar #40693)
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
Telephone:     (757) 930-3660
Facsimile:     (757) 930-3662
Email:         lenbennett@clalegal.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KELVIN D. DANIEL, et al | ) |
|        Plaintiffs, | ) **Case No.: 2:11-CV-01548-ROS** |
| | ) |
|    vs. | ) |
| | ) |
| | ) |
| SWIFT TRANSPORTATION | ) **FIRST AMENDED CLASS ACTION** |
| CORPORATION, | ) **COMPLAINT FOR JURY** |
| | ) |
|       Defendant | |

Now come the Plaintiffs, Kelvin D. Daniel, Tanna Hodges and Robert R. Bell, Jr. on behalf of themselves and all other similarly situated individuals and allege the following claims:

## PRELIMINARY STATEMENT

1.   This is a class action on behalf of consumers who were the subject of criminal background reports obtained by Swift Transportation Corporation ("Swift") as a precondition of employment with Swift during the five-year period preceding the filing of this action (the "Class Period") seeking remedies under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.*

## JURISDICTION AND VENUE

2.   The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.

3.   Venue is proper in the District of Arizona because a substantial part of the events or omissions giving rise to the allegations contained herein occurred in the District of Arizona.  28 U.S.C. § 1391(b).  Further, Swift maintains a principal place of business in this judicial district.

**PARTIES**

4.   Kelvin Daniel is a citizen of the State of Georgia, a Gulf War veteran and a "consumer" within the meaning of 15 U.S.C. § 1681a.

5.   Tanna Hodges is a citizen of the State of Texas and a "consumer" within the meaning of 15 U.S.C. § 1681a.

6.   Robert R. Bell, Jr. is a citizen of the State of Pennsylvania and a "consumer" within the meaning of 15 U.S.C. § 1681a.

7.   Swift is a for-profit corporation with a principal place of business in Maricopa County, State of Arizona.

8.   Further, Swift is a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers", as those terms are defined by 15 U.S.C. § 1681a.

**ALLEGATIONS AS TO DANIEL**

9.   On or about December 27, 2010, Daniel applied for a commercial truck driver position with Swift online.

10.  Following a successful application process,

Daniel was hired and scheduled to attend Swift's orientation program.

11. On or about January 24, 2011, the first day of in-person orientation, Swift ordered a criminal background report regarding Daniel from HireRight Solutions, Inc. ("HireRight") a consumer reporting agency as defined by 15 U.S.C. § 1681a, without proper authorization from Daniel.

12. At no time following Daniel's in-person interaction with Swift, did he receive a clear, conspicuous and stand-alone disclosure that a criminal background report would be obtained for employment purposes.

13. Immediately after receiving the subject criminal background report, Swift took adverse action against Daniel, dismissing him from orientation based upon the information in the retrieved criminal background report.

14. At no time did Swift provide Daniel with any verbal or written notice that it intended to take adverse action by declining employment based upon the results of the report.

15. Daniel was not provided a copy of the report or a summary of his rights as required by 15 U.S.C. § 1681b(b)(3).

**ALLEGATIONS AS TO HODGES**

16. On or about September 25, 2009, Hodges applied in-person for a commercial truck driver position with Swift. A copy of Hodges's application is attached as Exhibit A.

17. At no time did Hodges receive a clear, conspicuous and stand alone disclosure that a criminal background report would be obtained for employment purposes.

18. Without proper authorization from Hodges, Swift ordered a criminal background report regarding Hodges from HireRight.

19. Immediately after receiving the subject criminal background report, Swift took adverse action against Hodges by determining to disqualify her from further consideration for employment based upon the information in the retrieved criminal background report.

20. At no time did Swift provide Hodges with any

verbal or written notice that it intended to take adverse action by declining employment based upon the results of the report.

21. Hodges was not provided a copy of the report or a summary of her rights as required by 15 U.S.C. § 1681b(b)(3).

## ALLEGATIONS AS TO BELL

22. On or about October 2, 2009, Bell applied via facsimile for a commercial truck driver position with Swift.  A copy of Bell's application is attached as Exhibit B.  Swift's application provides no indication that a consumer report may be obtained for employment purposes.

23. Bell did not authorize, nor was he requested by Swift verbally, electronically or in writing, to authorize the procurement of a criminal background report to be provided HireRight.

24. Further, prior to obtaining Bell's criminal background report, Swift did not provide Bell with verbal, electronic or written notice of his rights to: 1) obtain a free copy of a criminal background report from the consumer reporting agency within 60 days; and

2) to dispute the accuracy or completeness of any information in the consumer report directly with the consumer reporting agency.

25. After receiving Bell's application, Swift – without any authorization from Bell – ordered a criminal background report regarding Bell from HireRight that grossly misidentified Bell as having been convicted of felony burglary, felony robbery, grand larceny and several parole violations, all leading to a ten-year prison sentence. None of these crimes were committed by Bell.

26. On October 2, 2009, immediately after receiving the subject criminal background report, Swift took adverse action against Bell by determining not to hire him based upon the results of the report.

27. At no time did Swift provide Bell with any verbal, written or electronic notice that it intended to take adverse action by declining employment based upon the results of the report.

28. Bell was never advised by Swift of the reason for the adverse action, nor did he learn of the inaccurate report until receiving a copy via U.S. Mail

from HireRight on or about October 7, 2009, when he received a derogatory letter and a copy of the report from HireRight.

## ALLEGATIONS AS TO THE COMMON QUESTIONS

29. For many years, Swift has purchased criminal background reports from consumer reporting agencies trafficking in the reputations of America's workforce, which are used as a basis for taking adverse action against job applicants.

30. Swift does not provide or obtain an appropriate disclosure and authorization from job applicants as required by 15 U.S.C. § 1681b(b)(2) prior to acquiring these criminal background reports.

31. Further, Swift does not provide pre-adverse action notice to job applicants, including a copy of the applicants' criminal background report and a statement of the applicants' rights as required by 15 U.S.C. §§ 1681b(b)(3) and 1681m(a).

32. Swift's violations of the FCRA have been willful, wanton and reckless in that Swift knew, or reasonably should have known, that it was failing to comply with the requirements of the FCRA.

33.  15 U.S.C. §1681n(a) permits a consumer to recover statutory and punitive damages, along with attorneys' fees and costs for willful violations of the FCRA.

**CLASS ACTION ALLEGATIONS**

34.  Pursuant to F. R. Civ. P. 23, Daniel, Hodges and Bell bring this action on behalf of the Class initially defined below:

> Consumers residing in the United States who applied for employment with Swift, and about whom Swift procured a criminal background report for employment purposes during the application process.

35.  Hodges and Daniel also allege the following sub-classes, of which they are a member:

> **Inadequate Disclosure and Authorization**
> **In-Person Contact**

> a.  Consumers residing in the United States who applied for employment with Swift, and during the application process, about whom Swift procured a criminal background report or other consumer report without first in a document that consisted solely of the disclosure, (i) providing the consumer with a disclosure in writing in a document that consisted solely of the disclosure that a consumer

report would be obtained for employment purposes, and (ii) obtaining the consumer's express written authorization to procure such consumer report.

### Pre-Adverse Action Notice
### In-Person Applicants

b. All natural persons residing in the United States (a.) who applied for an employment position with Defendant or any of its subsidiaries, (b.) as part of this application process, were the subject of a consumer report obtained by Defendant during the applicable limitations period as established by 15 U.S.C. 1681p, preceding the filing of this action and during its pendency, (c.) whose report was obtained by Swift at the same time or after there had been at least one in-person interaction with the consumer, (d.) where that consumer report contained at least one derogatory item that would disqualify the person from such position under Defendant's hiring policies, (e.) which consumer was not then approved or hired for the position, (f.) and to whom Defendant did not provide a copy of the consumer report and other disclosures stated at 15 U.S.C. § 1681b(b)(3)(A)(ii) at least five business days before the date the employment decision is first noted in Defendant's records.

36. Bell also alleges the following sub-classes, of which he is a member:

### Inadequate Disclosure and Authorization
**Contact by Facsimile, Telephone, Mail, Computer and Similar Means**

a.  Consumers residing in the United States who applied for employment with Swift via facsimile, an internet website, electronic mail, regular mail, or through a third party and during the application process, Swift procured a criminal background report or other consumer report, which report was obtained by Swift before there had been at least one direct telephone or in-person interaction with the consumer, without (a.) first obtaining direct electronic or written authorization to procure a consumer report, and/or (b.) directly providing the consumer with notice of their right to obtain a free copy of a consumer background report from the consumer reporting agency within 60 days, and to dispute the accuracy or completeness of any information in the consumer report directly with the consumer reporting agency.

### Adverse Action
**Contact by Facsimile, Telephone, Mail, Computer and Similar Means**

b.  All natural persons residing in the United States (a.) who applied for an employment

position with Defendant or any of its subsidiaries, (b.) as part of this application process were the subject of a consumer report obtained by Defendant during the applicable limitations period as established by 15 U.S.C. 1681p, preceding the filing of this action and during its pendency, (c.) where that consumer report contained at least one derogatory item that would disqualify the person from such position under Defendant's hiring policies, (d.) which consumer was not then approved or hired for the position, (e.) who did not have either direct telephone or direct in-person contact with Swift and (f.) to whom Defendant did not provide direct electronic or written notice that: the adverse action was taken based in whole or in part on the consumer report, the name, address, and telephone number of the consumer reporting agency, that the consumer reporting agency did not make the decision to take adverse action and would be unable to provide the consumer with specific reasons why the adverse action was taken, and that the consumer could request a free copy of the report and dispute the accuracy or completeness of the report, as required by 1681b(b)(3)(B).

37. Upon information and belief, the putative Class exceeds 5,000 members. Information concerning

the exact size of the putative class is within the exclusive possession of Swift.

38.  The Class members are so numerous that joinder of all members is impracticable.

39. Hodges', Daniel's and Bell's claims are typical of the claims of the other Class members as all Class members were similarly affected by Swift's unlawful conduct in violation of the FCRA.

40. Hodges, Daniel and Bell will fairly and adequately protect the interest of the Class members and has retained counsel competent and experienced in complex class-action litigation. Hodges, Daniel, and Bell are members of the Class and do not have any interests antagonistic to or in conflict with the members of the Class. Further, Hodges's, Daniel's and Bell's claims are the same as those of the Class, which all arise from the same operative facts and are based upon the same legal theories.

41. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members, including:

**In-Person Contact**

a.  Whether Swift's standard procedure violated 15 U.S.C. §1681b(b)(2)(A)(i) by failing to make a "clear and conspicuous" disclosure in a document that consists solely of the disclosure;

b.  Whether it is Swift's standard procedure to obtain a written authorization to procure or cause to be procured consumer reports for employment purposes required by §1681b(b)(2)(A)(ii);

c.  Whether it is Swift's standard procedure to provide a copy of the consumer report to the applicant or employee before declining to hire or discharging the applicant or employee based on the results thereof as required by 15 U.S.C. §1681b(b)(3)(A)(i);

d.  Whether Swift provided a copy of a summary of the applicant or employee's rights under the FCRA before declining to hire or discharging the applicant or employee as required by 15 U.S.C. §1681b(b)(3)(A)(ii);

e.  Whether Swift provided oral, written or electronic notice of the adverse action to the consumer that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer with the specific reasons why the adverse action

was taken as required by 15 U.S.C. §1681m(a)(2)(B);

f.   Whether Swift provided oral, written or electronic notice of the consumer's right to obtain a free copy of the consumer report on the consumer from the consumer reporting agency that prepared the report as required by 15 U.S.C. § 1681m(a)(3)(A));

**Contact by Facsimile, Telephone, Mail, Computer and Similar Means**

g.   Whether Swift's standard procedure violated 15 U.S.C. § 1681b(b)(2)(B)(i) by failing to provide the consumer with verbal, electronic, or written notice of a right to obtain a free copy of a consumer background report from the consumer reporting agency within 60 days, and to dispute the accuracy or completeness of any information in the consumer report directly with the consumer reporting agency.

h.   Whether Swift's standard procedure violated 15 U.S.C. §1681b(b)(2)(B)(ii) by failing to obtain verbal, electronic or written consent to procure a consumer report;

i.   Whether Swift, within 3 business days of taking adverse action, provided oral, written or electronic notification to consumer that adverse action has been taken based in whole or in part on a consumer report received from a consumer

reporting agency as required by §1681b(b)(3)(B)(i)(I);

j. Whether Swift, within 3 business days of taking adverse action, provided oral, written or electronic notification to consumer that of the name, address and telephone number of the consumer reporting agency that furnished the consumer report (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis) as required by §1681b(b)(3)(B)(i)(II);

k. Whether Swift, within 3 business days of taking adverse action, provided oral, written or electronic notification to consumer that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide to the consumer the specific reasons why the adverse action was taken; as required by §1681b(b)(3)(B)(i)(III);

l. Whether Swift, within 3 business days of taking adverse action, provided oral, written or electronic notification to consumer that the consumer may, upon providing proper identification, request a free copy of a report and may dispute with the consumer reporting agency the accuracy or completeness of any information

in a report as required by §1681b(b)(3)(B)(i)(IV);

m.   Whether Swift, within 3 business days of receiving a consumer's request for a copy of a consumer report from the person who procured the report, together with proper identification, provides the consumer a copy of a report and a copy of the consumer's rights as prescribed by the Federal Trade Commission under section 1681g(c)(3) of this Fair Credit Reporting Act as required by §1681b(b)(3)(B)(ii); and

n.   Whether Swift's failures to comply with the FCRA were willful.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the membership of the Class is so numerous and involves claims that, taken individually, may not justify the costs and effort of bringing suit.

43. Further, the prosecution of several actions by individual members of the Class would create a risk of varying adjudications with respect to members of the Class, as well as create inconsistent standards of conduct for those opposing the Class. Additionally, individual actions by members of the Class may be

dispositive of the interests of other members not parties to the adjudication of the claim, which would impair or impede the ability of those individuals to protect their interests.

### COUNT ONE – CLASS CLAIM BY DANIEL AND HODGES
### DISCLOSURE AND AUTHORIZATION – IN-PERSON CONTACT

44. Daniel and Hodges reallege and incorporate by reference all preceding allegations of law and fact.

45. Swift willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i) by failing to provide applicants and employees with a clear and conspicuous written disclosure in a document consisting solely of the disclosure that a consumer report may be obtained for employment purposes.

46. Swift willfully violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by failing to obtain a valid authorization in writing from Daniel, Hodges and the Class members to procure a consumer report for employment purposes.

47. Daniel, Hodges and the Class members seek statutory damages for these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

48. Daniel, Hodges and the Class members also seek

punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

49. In the alternative to the allegations that these violations were willful, Daniel, Hodges and the Class members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. § 1681o.

### COUNT TWO – CLASS CLAIM BY DANIEL AND HODGES PRE-ADVERSE ACTION – IN-PERSON CONTACT

50. Daniel and Hodges reallege and incorporate by reference all preceding allegations of law and fact.

51. Swift willfully violated 15 U.S.C. § 1681b(b)(3)(A)(i) by failing to provide a copy of the consumer report used to make an employment decision to Daniel, Hodges and the Class Members before taking adverse action that was based in whole or in part on that report.

52. Swift willfully violated 15 U.S.C. § 1681b(b)(3)(A)(ii) by failing to provide a copy of the summary of rights required by this section to Daniel, Hodges and the Class Members before taking adverse action that was based in whole or in part on a consumer

report.

53.  Daniel, Hodges and the Class members seek statutory damages for these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

54.  Daniel, Hodges and the Class members also seek punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

55.  In the alternative to the allegations that these violations were willful, Daniel, Hodges and the Class members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. § 1681o.

### COUNT THREE – CLASS CLAIM BY BELL AUTHORIZATION – CONTACT BY FACSIMILE, MAIL, COMPUTER AND SIMILAR MEANS

56.  Bell realleges and incorporates by reference all preceding allegations of law and fact.

57.  Swift willfully violated 15 U.S.C. §1681b(b)(2)(B)(ii) by failing to obtain the applicants' oral, written or electronic consent prior to procuring a consumer report for employment purposes.

58.  Bell and the Class members seek statutory

damages for these violations pursuant to 15 U.S.C.
§1681n(a)(1)(A).

59. Bell and the Class members also seek punitive damages for these violations pursuant to 15 U.S.C. §1681n(a)(2).

60. In the alternative to the allegations that these violations were willful, Bell and the Class members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. §1681o.

### COUNT FOUR – CLASS CLAIM
### ADVERSE ACTION – CONTACT BY FACSIMILE, MAIL, COMPUTER AND SIMILAR MEANS

61. Bell realleges and incorporates by reference all preceding allegations of law and fact.

62. Swift willfully violated 15 U.S.C. §1681b(b)(3)(B)(i) by taking adverse action based in whole or in part upon the consumer report without providing verbal, electronic or written notice within 3 business days of taking the adverse action (i) that adverse has been taken based in whole or in part on the consumer report, (ii) the name, address and telephone

number of the consumer reporting agency, (iii) that the consumer reporting agency did not make the decision to take adverse action and is unable to provide the consumer with specific reasons why the adverse action was taken, (iv) that the consumer may request a free copy of the report and may dispute with the consumer reporting agency the accuracy or completeness of the report.

63. Bell and the Class members seek statutory damages for these violations pursuant to 15 U.S.C. §1681n(a)(1)(A).

64. Bell and the Class members also seek punitive damages for these violations pursuant to 15 U.S.C. §1681n(a)(2).

65. In the alternative to the allegations that these violations were willful, Bell and the Class members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. §1681o.

**WHEREFORE**, Daniel, Hodges, Bell and the putative class respectfully pray for the following relief:

A.  An order certifying the proposed class herein pursuant to Fed. R. Civ. P. 23 and appointing the undersigned counsel to represent same;

B.  The creation of a common fund available to provide notice of and remedy Swift's unlawful conduct;

C.  Statutory and punitive damages for all class claims;

D.  Attorneys' fees, expenses and costs;

E.  Pre-judgment and post-judgment interest as provided by law; and

F.  Such other relief as the Court deems just and proper.

Respectfully Submitted,

STUMPHAUZER O'TOOLE MCLAUGHLIN McGLAMERY & LOUGHMAN CO LPA

/s/ Dennis M. O'Toole
/s/ Matthew A. Dooley
/s/ Anthony R. Pecora

LUBIN AND ENOCH, P.C.

/s/ Stanley Lubin

LITIGATION ASSOCIATES, P.C.

/s/ Leonard A. Bennett

*Counsel for Plaintiffs*

**JURY DEMAND**

Plaintiffs demand a trial by a jury as to all issues presented herein.

STUMPHAUZER O'TOOLE MCLAUGHLIN
McGLAMERY & LOUGHMAN CO LPA

/s/ Matthew A. Dooley

**CERTIFICATE OF SERVICE**

This will certify that a copy of the foregoing First Amended Class Action Complaint was filed electronically this 24th day of October, 2011. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ Matthew A. Dooley
*Counsel for Plaintiffs*