IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelvin D. Daniel, et al.,<br><br>     Plaintiffs,<br><br>vs.<br><br>Swift Transportation Corp.,<br><br>     Defendant. | No. CV-11-1548-PHX-ROS<br><br>**ORDER** |

Defendant seeks dismissal of portions of count one and three of Plaintiffs' complaint. For the following reasons, the motion will be denied.

**BACKGROUND**

Plaintiffs Kelvin D. Daniel, Tanna Hodges, and Robert R. Bell, Jr. bring claims against Defendant Swift Transportation Corp. on behalf of themselves and a nationwide class. Plaintiffs allege four counts of violations of the Fair Credit Reporting Act ("FCRA") in connection with their applications for commercial driving positions with Defendant. Defendant seeks dismissal of two counts connected to Daniel and Bell. The facts relevant to those two counts are set out below.

On December 27, 2010, Daniel applied over the Internet for a driving position with Defendant. (Doc. 19 at 3). According to the complaint, "Daniel was hired and scheduled to attend [Defendant's] orientation program." (Doc. 19 at 4). On January 24, 2011, Daniel

attended the in-person orientation. That same day, Defendant "ordered a criminal background report regarding Daniel . . . without proper authorization from Daniel." (Doc. 19 at 4). After receiving the criminal background report, Defendant dismissed Daniel "from orientation based upon the information in the retrieved criminal background report." (Doc. 19 at 4).

On October 2, 2009, Bell applied via facsimile for a truck driver position with Defendant. Bell's signed application contained the following "Acknowledgment":

> I give Swift Transportation, Inc. (the Company) the right to investigate all references to secure additional information about me, if job-related. I release from liability the Company and its representatives for seeking such information and all other persons, corporations or organizations for furnishing such information.

After receiving Bell's application, Defendant obtained a criminal background report regarding Bell. Upon obtaining that report, Defendant decided not to hire Bell.

Plaintiffs allege Defendant's actions regarding Daniel and Bell violated the FCRA in three ways. First, with respect to Daniel, Plaintiffs allege Defendant "willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i) by failing to provide [Daniel] with a clear and conspicuous written disclosure . . . that a consumer report may be obtained for employment purposes." Second, Defendant "violated 1681b(b)(3)(A)(i) by failing to provide [to Daniel] a copy of the consumer report used to make an employment decision." And third, Defendant "violated 1681b(b)(2)(B)(ii) by failing to obtain [Bell's] oral, written or electronic consent prior to procuring a consumer report for employment purposes." Defendant seeks dismissal of these claims, arguing the underlying facts do not support the statutory violations alleged. In particular, Defendant claims the statutory sections cited in the complaint do not support liability regarding Daniel because the sections only apply to in-person applicants. According to Defendant, Daniel does not qualify as an in-person applicant. In addition, Defendant contends there can be no liability regarding Bell because Bell expressly consented to Defendant obtaining a report.

- 2 -

## ANALYSIS

### I. Standard for Motion to Dismiss

In evaluating a motion to dismiss for failure to state a claim on which relief can be granted, a court must accept the "factual allegations in the complaint as true" and construe them "in the light most favorable to the nonmoving party." *Colony Cove Properties, LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011). Generally, a court must limit its analysis to the allegations in the complaint. If a court "considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). But a court may "consider certain materials–documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice–without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908. Documents are "incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* This "may apply, for example, when a plaintiff's claim about insurance coverage is based on the contents of a coverage plan, or when a plaintiff's claim about stock fraud is based on the contents of SEC filings." *Id.*

Defendant's motion to dismiss depends, in part, on the criminal background report it ordered regarding Daniel. According to Defendant, the complaint incorporated this document and the Court may consider it when deciding the motion to dismiss. Plaintiff claims it would be improper to consider the document because it is unclear whether that document is the document upon which Defendant based its hiring decision. As set forth in more detail below, the result of the motion to dismiss does not depend upon whether the Court considers the criminal background report submitted by Defendant because even accepting that document as an accurate copy of a background report does not prevent liability from attaching for Defendant's alleged conduct regarding Daniel.

**II. Daniel Has Stated A Plausible Claim For Relief**

For individuals applying for commercial trucking positions, the FCRA distinguishes between in-person applicants and applicants who apply by "mail, telephone, computer, or other similar means." 15 U.S.C. § 1681b(b)(3)(B). For in-person applicants, a prospective employer that wishes to obtain and use a consumer report for "employment purposes" must first disclose *in writing* that a report will be obtained. 15 U.S.C. § 1681b(b)(2)(A)(i). That disclosure must be "clear and conspicuous" and "in a document that consists solely of the disclosure." 15 U.S.C. § 1681b(b)(2)(A)(i). The employer must also obtain written authorization from the applicant prior to obtaining the report. 15 U.S.C. § 1681b(b)(2)(A)(ii). But for applicants who do not apply in-person, the FCRA requires only that prospective employers provide notice "by oral, written, or electronic means" that a consumer report will be obtained for employment purposes. 15 U.S.C. § 1681b(b)(2)(B)(i). Unlike the disclosures to in-person applicants, there are no clear requirements regarding the nature of the disclosure for those who do not apply in-person. And while applicants who do not apply in-person must still consent to a prospective employer obtaining a report, that consent can be made "orally, in writing, or electronically." 15 U.S.C. § 1981b(b)(2)(b)(ii). Given that the FCRA's obligations differ based on whether an individual applies in-person or through some other means, a crucial issue is whether Daniel should be considered an "in-person applicant."

According to the complaint, Daniel applied over the Internet in December 2010. (Doc. 19 at 3). Daniel was hired and attended orientation on January 24, 2011. The complaint then alleges Defendant "ordered a criminal background report" on January 24, 2011 and "[i]mmediately after receiving the subject criminal background report, [Defendant] took adverse action against Daniel, dismissing him from orientation based upon the information in the retrieved criminal background report." Accepting these allegations as true, and viewing them in the light most favorable to Plaintiffs, Daniel has stated a claim for violation of the FCRA. That is, Daniel has stated that he had in-person interactions with Defendant when he attended the orientation. After those in-person interactions, Defendant

1  ordered a consumer report without providing the requisite written disclosure and obtaining
2  the requisite written authorization. The fact that Daniel initially applied over the Internet is
3  irrelevant because the more relaxed disclosure and consent requirements do not apply once
4  an individual has had in-person interactions with a prospective employer. 15 U.S.C.
5  § 1681b(b)(2)(C)(ii).

6  Based on this view of the facts alleged in the complaint, the criminal background
7  report attached to the motion to dismiss is irrelevant. According to Defendant, the report
8  shows that it was obtained immediately after Daniel's initial application. Thus, Defendant
9  claims it obtained the report long before any in-person interaction with Daniel. But even
10 assuming that is true, those facts do not defeat Plaintiffs' claim that Defendant obtained a
11 report after an in-person interaction with Daniel and used that report in deciding to terminate
12 Daniel. In other words, the fact that Defendant obtained a report immediately after Daniel's
13 electronic application does not mean Defendant *did not* obtain an additional report after in-
14 person interactions with Daniel. A motion to dismiss is not the proper place to resolve the
15 factual disagreement regarding when the report which served as the basis for the adverse
16 action against Daniel was obtained. *See In re Gilead Sciences Securities Litigation*, 536 F.3d
17 1049, 1057 (9th Cir. 2008) ("[A] district court ruling on a motion to dismiss is not sitting as
18 a trier of fact.").

19 **III. Bell's Written Consent Might Be Inadequate**

20 It is undisputed that Bell applied for a position via facsimile. Thus, the FCRA's strict
21 requirements for in-person applicants do not apply. Instead, Defendant was required only
22 to provide notice to Bell "by oral, written, or electronic means" that a consumer report might
23 be obtained. 15 U.S.C. § 1681b(b)(2)(B)(i). Bell then had to consent to Defendant obtaining
24 that report. Bell's consent could be made "orally, in writing, or electronically." 15 U.S.C.
25 § 1681b(b)(2)(B)(ii). The complaint focuses on this latter requirement and alleges Defendant
26 did not obtain Bell's "oral, written or electronic consent." (Doc. 19 at 20). According to
27 Defendant, Bell provided this consent when he signed the "Acknowledgment" portion of his
28 application. That section stated Bell gave Defendant "the right to investigate all references

- 5 -

1 and to secure additional information about [him], if job-related." (Doc. 19-2 at 3). 2 Therefore, the issue is whether this statement was sufficient to qualify as valid consent under 3 the FCRA.[1] Viewing the facts in the light most favorable to Plaintiffs, the statement was not 4 sufficient.

5 By signing his application, Bell consented to Defendant "investigat[ing] all references 6 and [securing] additional information" about him. (Doc. 19-2 at 3). This sentence can be 7 read as Bell consenting to Defendant contacting "references," such as former employers. 8 There is no specific mention that the "references" or "additional information" will be in the 9 form of reports from reporting agencies. Without a specific disclosure that Defendant might 10 obtain a consumer report, it is possible Bell's signature on the form does not qualify as a 11 valid consent. 15 U.S.C. § 1681b(b)(2)(B)(ii) (requiring consent "to the procurement of the 12 report"). While it is doubtful Defendant was required to include certain "magic words" to 13 satisfy the FCRA's consent requirement, the statute should be given a liberal construction. 14 *Guimond v. Trans Union Credit Information Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). And 15 a plausible reading of the "first notice, then consent" structure of the statute is that, while the 16 consent requirement is relaxed for certain applicants, an applicant still must give consent 17 *specifically* on the issue of obtaining a report. This reading is supported by the requirement 18 that electronic applicants be given "notice that a consumer report may be obtained" *and* that 19 the applicant be given notice of certain rights "under section 1681m(a)(3)" of the FCRA. 15 20 U.S.C. § 1681b(b)(2)(B)(i). This seems to contemplate a more specific type of notice than 21 a notice that an employer may investigate "references to secure additional information." 22 Construing the allegations in Plaintiffs' favor, Bell has stated a plausible claim for relief.

---

[1] Plaintiffs have not asserted a claim that Defendant failed to provide notice to Bell that a consumer report may be obtained. Plaintiffs' opposition, however, seems to argue that Plaintiffs wish to bring such a claim. (Doc. 27 at 16). The complaint makes clear that the presently pled claim is for failure to obtain consent, not failure to provide proper notice. (Doc. 19 at 20, stating the claim is for "failing to obtain the applicants' oral, written or electronic consent prior to procuring a consumer report"). Thus, any alleged defects in the notice are not presently before the Court.

- 6 -

1 | Accordingly,

2 | **IT IS ORDERED** the Motion to Dismiss (Doc. 24) is **DENIED**.

3 | DATED this 9th day of January, 2012.

Roslyn O. Silver
Chief United States District Judge