1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kelvin D. Daniel, et al., ) | |
|      Plaintiffs, ) | **Case No.: CV 11-01548-PHX-ROS** |
|   vs. ) | |
| ) | |
| Swift Transportation Corporation, ) | **RULE 16 SCHEDULING ORDER** |
|      Defendant ) | |

Pursuant to the terms of the Case Management Plan and the representations made by the parties at the Rule 16 Scheduling Conference, all parties shall comply with the deadlines established in this Order.

A.    All proceedings concerning this case shall be in accordance with the Federal Rules of Civil Procedure.

B.    All Initial Disclosures as defined in FRCP 26(a)(1), if not already disclosed prior to the Scheduling Conference, shall be made no later than **January 9, 2012**.

C.    To satisfy the requirements of FRCP 26(a)(1), the parties shall file with the Clerk of the Court a Notice of Initial Disclosure, rather than copies of the actual disclosures.

D.     Procedural motions including Motions to Amend the Complaint or Answer, and Motions to Join Additional Parties shall be filed no later than **March 15, 2012**.

All Motions to Amend shall attach a copy of the proposed complaint or answer.

E.     The Parties shall disclose the identity of all persons who may be used at trial to present evidence under Federal Rules of Evidence (FRE) 701, 702, 703, 704, and 705 no later than **April 1, 2013**.  The Parties shall disclose the identity of all persons who may be used at trial to present rebuttal evidence under FRE 701, 702, 703, 704, or 705 no later than **May 1, 2013**.  No deposition of any expert witness shall occur before the disclosures concerning expert witnesses mandated by this Order have been made.

The disclosures of the identities of all persons who may be used at trial to present evidence under FRE 701,702, 703, 704, or 705 shall also include all of the disclosures required by FRCP 26(a)(2)(B) if the witness is either (1) retained or specifically employed to provide expert testimony in the case, or (2) is an agent or employee of the party offering the testimony whose duties regularly involve giving expert testimony.[1]

F.     The parties agree to bifurcate discovery, such that Phase I discovery will focus upon issues to be addressed by Plaintiffs' anticipated Motion for Class Certification.  Phase II discovery will focus upon the merits of Plaintiffs' claims.  The parties propose to complete Phase I discovery on or before **September 14, 2012**, and to complete Phase II discovery on or before **May 31, 2013**.  The proposed discovery schedule contemplates that Plaintiffs shall file their Motion for Class Certification on or before **October 1, 2012** and that Defendant will respond on or before **October 31, 2012**.  The disposition of Plaintiffs' Motion for Class

---

[1] The parties are on notice that this Order requires disclosure different than that required by FRCP 26(a)(2).

Certification will impact the necessity and scope of Phase II discovery. If class certification is granted, the parties shall proceed with Phase II discovery regarding the merits of Plaintiffs' claims, which shall be completed on or before **May 31, 2013**.

G.      The parties shall finally supplement all discovery, including material changes in expert witness opinions and material disclosures, pursuant to FRCP 26(a)(3), of all exhibits to be used and all witnesses to be called at trial, on or before **May 10, 2013**.[2]

H.      Discovery by interrogatory shall be governed by the national uniform requirements set forth in FRCP 33 except as follows: (1) each party shall be permitted 30 interrogatories in Phase I discovery; (2) each party shall be permitted 30 interrogatories in Phase II discovery.

I.      Depositions shall be limited by the national uniform requirements set forth in Rules 30, 31, and 32 of the FRCP, except as follows:

1.      <u>Custodian of Record Depositions</u>

The parties may take as many custodian of record depositions as is necessary to authenticate any documents needed for trial. The parties will endeavor to eliminate the need for such depositions by stipulation.

2.      <u>Additional Depositions</u>

The parties may take up to 10 additional non-party depositions during Phase I discovery, which shall not include putative class members unless the

---

[2] The parties are on notice that this order supersedes the "30 days before trial" disclosure deadline contained in FRCP 26(a)(3). Therefore, failure to timely supplement pursuant to Rule 26(e), including attempts to include witnesses and exhibits in the Proposed Final Pretrial Order or at trial that were not previously disclosed in a timely manner may result in the exclusion of such evidence at trial or the imposition of other sanctions including dismissal and the imposition of default pursuant to FRCP 37, the Local Rules of Civil Procedure of the District Court, and the inherent power of the Court.

parties otherwise agree or the Court otherwise orders, and 10 additional non-party depositions during Phase II discovery.

       3.     <u>Time Limits for Party Depositions</u>

The deposition time limits for party depositions shall be extended to 10 hours per deponent for Plaintiffs and up to 5 Swift employees, but otherwise the presumptive limits contained in Fed. R. Civ. P. 30 shall apply.

      J.     Motions on discovery matters are prohibited. Should a discovery dispute arise Counsel shall consult and make a sincere effort to resolve the matter(s). If the parties cannot reach a resolution, they are directed to jointly file and fax to (602)322-7529, a joint statement of the issue(s), limited to one page per issue. Upon review of the statement an Order will issue regarding further action required by the parties. This procedure differs from the procedure set forth in Local Rule 7.2(j).

The parties shall also consult the Court's Standing Order concerning discovery disputes to ensure full compliance with the Court's discovery dispute procedures, some of which are not included here. The Standing Order is available on the District of Arizona website: http://www.azd.uscourts.gov/azd/contacts.nsf/125a095259a5393407256ec10063ad7d?OpenView.

      K.     This Order contemplates that each party will conduct discovery to permit completion within the deadline. Any discovery which results in insufficient time to undertake necessary additional discovery and which requires an extension of the discovery deadline will be met with disfavor, will only be granted for good cause or only to prevent manifest injustice pursuant to FRCP 16(b) and (e), and may result in denial of an extension, exclusion of evidence, or the imposition of other serious sanctions pursuant to FRCP 37(b),(c),(d).

L.      All dispositive motions shall be filed no later than **July 1, 2013**. Unless permitted by Order of the Court, only **one** dispositive motion is allowed to be filed by each party.

M.      All parties are specifically admonished that pursuant to LRCiv 7.2(i), "[i]f a motion does not conform in all substantial respects with the requirements of this Rule, or **if the opposing party does not serve and file the required answering memoranda, or if counsel for any party fails to appear at the time and place for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.**"

N.      The parties shall keep the Court apprised of settlement negotiations and the progress of discovery. A joint statement to the Court concerning the status of settlement discussions (containing no specific settlement terms or offers) and the progress of discovery shall be filed by **June 14, 2012** and initially labeled 'FIRST NOTICE OF DISCOVERY AND SETTLEMENT," and shall be subsequently filed every FOUR (4) months thereafter. If settlement is reached the parties shall file a Notice of Settlement with the Clerk of the Court with a copy to Judge Silver's Chambers.

O.      **A Joint Proposed Pretrial Order, all Motions in Limine, a Joint Statement of the Case, Joint Jury Instructions, Verdict Form, and Stipulated _Voir Dire_ Questions** to be added to the Court's standard Jury Questionnaire shall be lodged and filed by **October 18, 2013**.  If dispositive motions have been filed, the Joint Proposed Pretrial Order and Motions in Limine and other documents shall be due either on the above date or 30 days following resolution of the dispositive motions, whichever is later. The content of the Joint Proposed Pretrial Order is that prescribed in the Court's form of Joint Proposed Pretrial Order. [See Court's website: www.azd.uscourts.gov under "Judges and Courtrooms/Orders, Forms & Procedures"]. Responses to Motions in Limine are due 15 days after the

Motions are filed, and no Replies are permitted unless specifically ordered by the Court.

P.       If the case will be tried to the Court, rather than to a jury, <u>in addition to</u> filing a **Joint Proposed Pretrial Order,** each party shall file **Proposed Findings of Fact and Conclusions of Law** on the same date the Joint Proposed Pretrial Order is due.

Q.       The attorneys who will be trying the case for each of the parties shall appear at the **Final Pretrial Conference** that will be scheduled as promptly as possible after the filing of the Joint Proposed Pretrial Order. The attorneys appearing at the conference shall be prepared to address the merits of all issues raised in the Joint Proposed Pretrial Order and fully briefed Motions in Limine. Unless one has already been established, the Court will set a firm trial date at the **Pretrial Conference,** and will sign the **Final Pretrial Order** with any additional instructions for trial preparation.

R.       Any other final pretrial matters required pursuant to FRCP 26(a)(3) are due in accordance with this Order prior to the preparation and filing of the **Joint Proposed Pretrial Order**.

S.       The parties shall file their proposed voir dire questionnaire and questions, statement of the case, jury instructions, and form of verdict in WordPerfect 9.0 format in addition to other written materials filed with the Clerk of the Court.

T.       An Interim Rule 16 Status Hearing is scheduled for **<u>August 3, 2012 at 10:00 a.m.</u>**  Prior to the Interim Hearing, counsel are to prepare and file a Joint Status Report by **<u>July 27, 2012</u>**.

This Court views compliance with the provisions of this Order as critical to its case management responsibilities and the responsibilities of the parties under FRCP 1.

Dated this 19th day of January, 2012.

Roslyn O. Silver
Chief United States District Judge