John F. Lomax, Jr. (#020224)
Brian J. Foster (#012143)
Joseph A. Kroeger (#026036)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren Street, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
Email:  jlomax@swlaw.com
        bfoster@swlaw.com
        jkroeger@swlaw.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KELVIN D. DANIEL, et al<br><br>Plaintiffs,<br><br>v.<br><br>SWIFT TRANSPORTATION CORPORATION,<br><br>Defendant. | Case No.  2:11-cv-01548-PHX-ROS<br><br>**DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC'S AMENDED ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT FOR JURY** |

For its Answer to the First Amended Complaint, and after this Court's ruling on its Renewed Partial Motion to Dismiss Counts One Through Three of Plaintiffs' Complaint, Defendant Swift Transportation Co. of Arizona, LLC ("Swift")[1], by and through undersigned counsel, admits, denies and affirmatively alleges as follows:

1.  Swift admits that the Amended Complaint purports to state class action claims pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, but Swift denies that this matter is properly pled as a class action and denies the other allegations in paragraph 1.

2.  Swift admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

---
[1] Swift Transportation Corporation is no longer the name of a company.  Swift Transportation Co. of Arizona, LLC is the name of the entity that would be employing Plaintiffs if they had been qualified for hire and accepted job offers.

14303905.3

3.  Swift admits that venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(b) and that it maintains its principal place of business in this district. Swift denies the remaining allegations in paragraph 3.

4.  Swift admits that Daniel is a "consumer" within the meaning of 15 U.S.C. § 1681a. Swift is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 4 and, therefore, denies those allegations.

5.  Swift admits that Hodges is a "consumer" within the meaning of 15 U.S.C. § 1681a. Swift is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 5 and, therefore, denies those allegations.

6.  Swift admits that Bell is a "consumer" within the meaning of 15 U.S.C. § 1681a. Swift is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 6 and, therefore, denies those allegations.

7.  Swift admits the allegations in paragraph 7.

8.  Swift admits that it is a "person" as that term is defined by 15 U.S.C. § 1681a. Swift denies the remaining allegations in paragraph 8.

9.  Swift admits the allegations in paragraph 9.

10. Swift admits that it made a conditional offer of employment to Daniel and that Daniel attended its pre-employment orientation program. Swift denies the remaining allegations in paragraph 10.

11. Swift admits that it ordered a criminal background report from HireRight Solutions, Inc. ("HireRight") on Daniel on December 28, 2010. Swift denies the remaining allegations in paragraph 11.

12. Swift admits that Daniel did not receive a clear, conspicuous and stand-alone written disclosure that a criminal background report would be obtained for employment purposes following his in-person interaction with Swift. Swift denies that it was required to provide any such disclosure or that its disclosure to Daniel violated the applicable provisions of the FCRA.

13.     Swift admits that it did not hire Daniel and that Daniel was dismissed from orientation. Swift denies the remaining allegations in paragraph 13.

14.     Swift denies the allegations in paragraph 14.

15.     Swift is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 15, and, therefore, denies those allegations.

16.     Swift is without sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 16 and, therefore, denies those allegations.

17.     Swift denies that it was required to provide a stand alone disclosure or that its disclosures to Hodges violated the applicable provisions of the FCRA.  Swift further denies the remaining allegations in paragraph 17.

18.     Swift admits that it ordered a criminal background report on Hodges from HireRight, but denies the remaining allegations in paragraph 18.

19.     Swift denies the allegations in paragraph 19.

20.      Swift denies the allegations in paragraph 20.

21.     Swift is without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 21 and, therefore, denies those allegations.

22.     Swift admits that Bell applied for a commercial truck driver position via facsimile on or about October 2, 2009.  Swift admits that Exhibit B is Bell's facsimile application.  Swift denies the remaining allegations in Paragraph 22.

23.     Swift denies the allegations in Paragraph 23.

24.     Swift denies the allegations in paragraph 24.

25.     Swift denies the allegations in paragraph 25.

26.     Swift denies the allegations in paragraph 26.

27.     Swift denies the allegations in paragraph 27.

28.     Swift denies that it took adverse action against Bell based upon a consumer report.  Swift is without sufficient knowledge and information to form a belief as to the

14303905.3

- 3 -

1  truth of the remaining allegations set forth in paragraph 28 and, therefore, denies those allegations.

2  29.  Swift admits that it has obtained criminal background reports from consumer reporting agencies during the last few years. Swift denies the remaining allegations in paragraph 29.

30.  Swift denies the allegations in paragraph 30.

31.  Swift denies that Plaintiffs have accurately described the legal requirements under 15 U.S.C. § 1681b(b)(3) and 15 U.S.C. § 1681m(a) or that those requirements apply to Swift's hiring practices; therefore, Swift denies the allegations in paragraph 31.

32.  Swift denies the allegations in paragraph 32.

33.  The allegations in paragraph 33 constitute a legal argument or conclusion and are therefore neither admitted nor denied. Swift, however, denies that it has violated the FCRA, willfully or otherwise.

34.  The allegations in paragraph 34 constitute a legal argument or conclusion and cannot be admitted or denied. Swift denies that the purported class is proper.

35.  The allegations in paragraph 35 constitute a legal argument or conclusion and cannot be admitted or denied. Swift denies that the purported sub-classes are proper and further denies that Daniel and Hodges properly fall within the proposed sub-class definitions in this paragraph.

36.  The allegations in paragraph 36 constitute a legal argument or conclusion and cannot be admitted or denied. Swift denies that the purported sub-classes are proper and further denies that Bell properly falls within the proposed sub-class definitions in this paragraph.

37.  Swift admits that it had more than 5000 applicants over the last two years, but denies that a class is proper and denies the remaining allegations in paragraph 37.

38.  Swift denies the allegations in paragraph 38.

39.  Swift denies the allegations in paragraph 39, and specifically denies that Plaintiffs' claims are typical of the claims of the other alleged class members

40. Swift is without sufficient knowledge and information to form a belief as to whether Plaintiffs will fairly and adequately protect the interests of the class members, whether they have counsel competent and experienced in complex litigation and whether they have any interests antagonistic or in conflict with the other class members, and, therefore, denies said allegations. Swift denies the remaining allegations in paragraph 40.

41. Swift denies the allegations in paragraph 41.

42. Swift denies the allegations in paragraph 42.

43. Swift denies the allegations in paragraph 43.

**COUNT ONE – CLASS CLAIM BY DANIEL AND HODGES DISCLOSURE AND AUTHORIZATION – IN-PERSON CONTACT**

44. Swift realleges and incorporates by reference all preceding responses to the allegations in paragraphs 1-43.

45. Swift denies the allegations in paragraph 45.

46. Swift denies the allegations in paragraph 46.

47. Swift is without sufficient knowledge and information to form a belief as to the truth of what damages Daniel and Hodges seek, but Swift denies that Daniel or Hodges is entitled to damages of any kind.

48. Swift is without sufficient knowledge and information to form a belief as to the truth of what damages Daniel and Hodges seek, but Swift denies that Daniel or Hodges is entitled to damages of any kind.

49. Swift denies that: (i) it committed any violations, negligently or otherwise; (ii) that certification of a class is proper; and (iii) that a remedy in favor of Daniel or Hodges needs to be awarded.

**COUNT TWO – CLASS CLAIM BY DANIEL AND HODGES PRE-ADVERSE ACTION – IN-PERSON CONTACT**

50. Swift realleges and incorporates by reference all preceding responses to the allegations in paragraphs 1-49.

51. Swift denies the allegations in paragraph 51.

14303905.3

- 5 -

52. Swift denies the allegations in paragraph 52.

53. Swift is without sufficient knowledge and information to form a belief as to the truth of what damages Daniel and Hodges seek, but Swift denies that Daniel or Hodges is entitled to damages of any kind.

54. Swift is without sufficient knowledge and information to form a belief as to the truth of what damages Daniel and Hodges seek, but Swift denies that Daniel or Hodges is entitled to damages of any kind.

55. Swift denies that: (i) it committed any violations, negligently or otherwise; (ii) that certification of a class is proper; and (iii) that a remedy in favor of Daniel or Hodges needs to be awarded.

**COUNT THREE – CLASS CLAIM BY BELL**
**AUTHORIZATION – CONTACT BY FACSIMILE, MAIL, COMPUTER AND SIMILAR MEANS**

56. Swift realleges and incorporates by reference all preceding responses to the allegations in paragraphs 1-55.

57. Swift denies the allegations in paragraph 57.

58. Swift is without sufficient knowledge and information to form a belief as to the truth of what damages Bell seeks, but Swift denies that he is entitled to damages of any kind.

59. Swift is without sufficient knowledge and information to form a belief as to the truth of what damages Bell seeks, but Swift denies that he is entitled to damages of any kind.

60. With respect to Bell, Swift denies that: (i) it committed violations, negligently or otherwise; (ii) that certification of a class is proper; and (iii) that a remedy in favor of Bell needs to be awarded.

**COUNT FOUR – CLASS CLAIM**
**ADVERSE ACTION – CONTACT BY FACSIMILE, MAIL, COMPUTER AND SIMILAR MEANS**

61. Swift realleges and incorporates by reference all preceding responses to the allegations in paragraphs 1-60.

14303905.3

- 6 -

62. Swift denies the allegations in paragraph 62.

63. Swift is without sufficient knowledge and information to form a belief as to the truth of what damages Bell seeks, but Swift denies that he is entitled to damages of any kind.

64. Swift is without sufficient knowledge and information to form a belief as to the truth of what damages Bell seeks, but Swift denies that he is entitled to damages of any kind.

65. With respect to Bell, Swift denies that: (i) it committed violations, negligently or otherwise; (ii) that certification of a class is proper; and (iii) that a remedy in favor of Bell needs to be awarded.

## PRAYER FOR RELIEF

Swift denies that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief following paragraph 65 of the Amended Complaint.

## GENERAL DENIAL

Swift denies each and every allegation in Plaintiffs' Amended Complaint not expressly admitted above, including, but not limited to, all allegations regarding purported class members.

## DEFENSES

Swift alleges that the following defenses, some of which are affirmative defenses, may bar Plaintiffs' claims:

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. Swift reasonably believed that any alleged acts or omissions giving rise to this action were done in good faith, without malice or intent to injure Plaintiffs or any applicant, such that any allegations of willful conduct, and the remedies potentially available under 15 U.S.C. § 1681n, are inapplicable.

3. Plaintiffs' claims are not proper for class treatment under Fed. R. Civ. Proc. 23 for the following reasons, each of which is a further and separate defense:

a.  Plaintiffs have failed to satisfy the prerequisites for class certification and, therefore, cannot represent the interests of others.

b.  Certain of the interests of the proposed class members are in conflict with interests of all or certain sub-groups of the members of the alleged class of persons which Plaintiffs purport to represent, the existence of which is expressly denied.

c.  Swift alleges Plaintiffs are not representative members of the alleged class.

d.  Swift alleges Plaintiffs' claims are not common or typical of the putative class Plaintiffs seek to represent.

e.  Swift alleges the types of claims alleged by the named Plaintiffs on behalf of themselves and the putative class are matters to which individual questions predominate and, accordingly, are not appropriate for class treatment.

f.  Swift alleges that the action cannot proceed as a class action because of the inadequacy of representation.

g.  Swift alleges the class of persons that the named Plaintiffs purport to represent is not so numerous that joinder is impracticable.

h.  Swift alleges there is not a community of interest among the alleged class members.

i.  Swift alleges there is not a risk of substantial prejudice from separate actions.

j.  Swift alleges this action cannot be maintained as a class action as such an action would be inconsistent with the due process standards under the U.S. Constitution.

4.  Swift alleges Plaintiffs lack standing to assert some or all of the causes of action against Swift.

5.  To the extent Plaintiffs' claims or any putative class members' claims arise more than two years from the filing of the Complaint, the statute of limitations bars their claims.

1        6.    Swift's conduct, if found violative of the FCRA, was not willful such that statutory and punitive damages are not appropriate.

         7.    Plaintiffs' claims may be barred in whole or in part by the equitable doctrine of release, estoppel, waiver, and unclean hands.

         8.    Plaintiffs' claims may be barred in whole or in part by application of the after-acquired evidence doctrine.

         9.    To the extent Plaintiffs seek an award of punitive damages,

              a.   Such an award is improper as Swift's acts and omissions were in good faith;

              b.   An award may violate due process if it is not commensurate with Plaintiffs' actual damages.

         10.   Swift reserves the right to amend this Answer at a later time to assert any and all matters constituting an avoidance or affirmative defense set forth in Fed. R. Civ. Proc. 8(c), and expressly reserves the right to amend its Answer if its motion to dismiss is denied in any respect and if the Court grants certification of a class in this matter.

WHEREFORE, Swift respectfully requests that this Court:

1.   Dismiss Plaintiffs' Amended Complaint in its entirety with prejudice, finding that Plaintiffs shall take nothing on their claims;

2.   Award Swift its costs and expenses incurred in defending this action, including but not limited to its reasonable attorneys' fees, as permitted by law; and

3.   Award Swift such other and further relief as this Court deems just and proper.

/ / / / /

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

14303905.3

DATED March 6, 2012.

                        SNELL & WILMER L.L.P.


By: /s/ John F. Lomax, Jr.
    John F. Lomax, Jr.
    Brian J. Foster
    Joseph A. Kroeger
    One Arizona Center
    400 East Van Buren Street
    Suite 1900
    Phoenix, AZ 85004-2202
    Attorneys for Defendant

14303905.3

## CERTIFICATE OF SERVICE

I hereby certify that March 6, 2012, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Anthony R. Pecora
Stumphauzer OToole McLaughlin
McGlamery & Loughman Company
5455 Detroit Rd.
Sheffield Village, OH 44054

Dennis M. OToole
Stumphauzer OToole McLaughlin
McGlamery & Loughman Company
5455 Detroit Rd.
Sheffield Village, OH 44054

Leonard Anthony Bennett
Susan Mary Rotkis
Consumer Litigation Associates PC
12515 Warwick Blvd., Ste. 100
Newport News, VA 23606

Matthew A. Dooley
Stumphauzer OToole McLaughlin
McGlamery & Loughman Company
5455 Detroit Rd.
Sheffield Village, OH  44054

Stanley Lubin
Lubin & Enoch PC
349 N 4th Ave
Phoenix, AZ 85003

Nicholas Jason Enoch
Lubin & Enoch PC
349 N 4th Ave
Phoenix, AZ 85003

s/ Mary Boston

14303905.3

- 11 -