1
2
3
4
5
6            IN THE UNITED STATES DISTRICT COURT

7            FOR THE DISTRICT OF ARIZONA

8   | Kelvin D. Daniel, et al.,
9   |              Plaintiffs,          Case No.  CV-11-01548-PHX-ROS
10  | v.                                 **PROTECTIVE ORDER**
11  | Swift Transportation Corp.,
12  |              Defendant.
13

14        IT IS ORDERED the Joint Motion for Entry of Stipulated Protective Order (Doc.

15   55) is APPROVED as follows.

16        **IT IS FURTHER ORDERED:**

17        1.      The following definitions shall apply to this Order:

18              a.      This "Action" shall refer to the above-entitled proceeding in the

19   United States District Court for the District of Arizona and any appeal thereof

20   through final judgment.

21              b.      "Confidential Document" shall mean any document, material, or

22   thing produced in this Action which any party to this Action or any producing

23   party contends contains Confidential Information (as defined herein).  Any

24   producing party or any party to this Action may designate any documents

25   "Confidential" in the reasonable exercise of such party's sole discretion; provided,

26   however, by agreeing to this Order, no party waives the right to challenge any

27   other party's designation of any document as "Confidential."

28

c.      "Confidential Information" shall mean any information disclosed in this Action which any party to this Action, or any producing party hereto, contends should be protected from disclosure pursuant to this Order.

d.      "Attorneys' Eyes Only Document" shall mean any Confidential Document, material, or thing produced in this Action which any party to this Action or any producing party contends contains Confidential Information of a nature requiring extraordinary protection and which the producing party believes should not be in the physical possession of an opposing party to this Action.  Any producing party or any party to this Action may designate sensitive documents "Attorneys' Eyes Only" in the reasonable exercise of such party's sole discretion; provided, however, by agreeing to this stipulation and order, no party waives the right to challenge any other party's designation of any documents as "Attorneys' Eyes Only."

e.      "Producing party" shall mean any person or entity producing documents, information or other materials in this Action, including, but not limited to, any party to this Action or non-party who is subpoenaed in connection with this Action.

f.      "Legend" as used herein shall mean a large, bold stamp or similar insignia stating either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." When any document is designated "Confidential" or "Attorneys' Eyes Only" pursuant to this Order, the legend shall be affixed to the cover of such document.

g.      When reference is made in this Order to any document or party, the singular shall include the plural, and plural shall include the singular.

2.      This Order shall govern only documents and other information and materials generated or produced in response to any method of discovery conducted by any party to this Action.  Nothing contained in this Order shall require any party to treat as Confidential Documents, Confidential Information, or Attorneys' Eyes Only Documents, documents or information obtained other than through discovery in this

Action; provided, however, that nothing in this Order shall authorize any use of documents or information which is otherwise impermissible.

3.      All documents produced in this case, whether or not designated "Confidential" or "Attorneys' Eyes Only" shall be used solely for purposes of discovery, motions, briefs, any hearings, the trial, and preparation for trial in this Action and on appeal, if any, only and for no other purpose.

4.      Except as set forth herein, Confidential Documents and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, may be disclosed only to the Court and/or to:

       a.      the parties and their employees, but only to the extent that such disclosure is necessary for the conduct of litigation;

       b.      attorneys (including corporate in-house counsel and outside counsel) for the parties hereto and their agents, employees, paralegals, or other secretarial and clerical employees or agents;

       c.      experts, independent contractors, consultants, or advisors (including their employees or other staff working under the supervision of such experts, independent contractors, consultants, or advisors) who are employed or retained by, or on behalf of, one or more of the parties to this Action or their counsel to assist in preparation of this Action for a preliminary injunction hearing or trial;

       d.      deponents and their counsel who have a need to review this material during the course of, or in connection with, depositions taken in or for this Action;

       e.      stenographic reporters or videographers who are involved in depositions, the trial or any hearings or proceedings before the court in this Action;

       f.      witnesses in this Action who need to review this material in connection with their testimony in this Action;

g.      outside vendors retained by outside counsel to provide support

services such as translation, copying, scanning, imaging, processing, or coding of

documents or preparation of demonstrative exhibits; and

h.      any other person upon such terms and conditions as the parties may

agree in writing.

Confidential Documents may be disclosed to persons listed in subparagraphs (c), (d), and

(f) above only after such person has been shown a copy of this Order and has been

advised of the terms and operation of this Order, and agrees to be bound by the terms of

this Order in the form attached hereto as Exhibit A; provided, however, a party who has

produced its, his, or her own Confidential Documents may disclose such documents to

any persons, with or without any conditions to such disclosure, as it deems appropriate.

5.      Attorneys' Eyes Only Documents, and any summaries, charts or notes

made therefrom, and any facts or information contained therein or derived therefrom,

may be disclosed only to the Court and/or to:

a.      the outside attorneys (but not any in-house or corporate counsel) for

the parties hereto and such counsel's employees, paralegals or other secretarial and

clerical employees and clerical agents;

b.      subject to the provisions of paragraph 6, below, outside independent

economic, technical, accounting and legal consultants (not including any in-house

or corporate counsel) or testifying experts (collectively, "Independent Advisors")

retained by counsel for the receiving party for assistance in the preparation for or

prosecution of the preliminary injunction hearing or trial of this Action;

c.      stenographic reporters or videographers who are involved in

depositions, the trial, or any hearings or proceeding before the court in this Action;

d.      outside vendors retained by outside counsel to provide support

services such as translation, copying, scanning, imaging, processing, or coding of

documents or preparation of demonstrative exhibits; and

1       e.      any other person upon such terms and conditions as the parties may

2           agree in writing.

3   Attorneys' Eyes Only Documents may be disclosed to the authorized persons listed in

4   subparagraph (b) above only after the procedures set forth in paragraph 6 have been met,

5   and only after such persons have been shown a copy of this Stipulation and Order and

6   have been advised of the terms and operation of this Stipulation and Order, and agree to

7   be bound by the terms of this Stipulation and Order in the form attached hereto as

8   Exhibit A; provided, however, a party who has produced his own Attorneys' Eyes Only

9   Documents may disclose such documents to any persons, with or without any conditions

10  to such disclosure, as it deems appropriate.

11      6.      A receiving party seeking to disclose Attorneys' Eyes Only information of

12  a producing party to an Independent Advisor shall follow the procedures set forth below

13  before the Independent Advisor may receive any Attorneys' Eyes Only information:

14          a.      Prior to providing Attorneys' Eyes Only information of a producing

15          party to an Independent Advisor, the receiving party shall transmit (via e-mail, fax

16          or overnight delivery) the following information to the producing party's counsel

17          of record: (1) the name of the Independent Advisor; (2) the present employer and

18          title of the Independent Advisor; (3) a resume (or similar description) describing

19          prior work/employment and publications of the Independent Advisor; (4) an

20          identification of all past or present relationships with any party to this Action; and

21          (5) a certificate in the form annexed hereto as Exhibit A, signed by the

22          Independent Advisor, confirming that he or she has read this Protective Order and

23          agrees to be bound by its terms, including without limitation this Court's

24          jurisdiction to address any breach of the Protective Order.

25          b.      Within three (3) business days after transmittal of the information

26          described in Paragraph 6(a), the producing party or any other party who would be

27          injured by the proposed disclosure may object in writing (delivered via fax or

28          email to the receiving party) to disclosure of Attorneys' Eyes Only information to

1    the proposed Independent Advisor if facts available present a good faith basis to

2    believe that the Independent Advisor would not abide by this Protective Order, or

3    would have a conflict, or that disclosure would otherwise cause injury.  Failure to

4    object within three (3) business days to an Independent Advisor shall be deemed a

5    waiver of any objection to the Independent Advisor's access to the Attorneys'

6    Eyes Only information.

7            c.      The party objecting under Paragraph 6(b) to the disclosure of

8    Attorneys' Eyes Only information to the Independent Advisor shall, within two (2)

9    business days from the date of the transmittal of the written notice of objection,

10   confer with the receiving party and attempt to resolve the dispute.  At or before

11   that conference, the producing party or other affected party shall inform the

12   receiving party of its or their reasons for objecting to the proposed disclosure.  If

13   the parties cannot resolve the dispute, or if the conference does not take place,

14   then, within four (4) business days from the date of the transmittal of the written

15   notice of objection, the parties shall file a joint statement of discovery dispute as

16   required by the Court's procedures.  No Attorneys' Eyes Only information shall be

17   disclosed to the Independent Advisor until the court resolves the dispute.

18       7.    A producing party may designate any document or portion thereof

19   "Confidential" or "Attorneys' Eyes Only" pursuant to this Order by affixing the Legend

20   as provided under Paragraph l(f) to any appropriate document.

21       8.    Inadvertent production of any information, document or thing without it

22   being marked "Confidential" or "Attorneys' Eyes Only" shall not itself be deemed a

23   waiver of any claim of confidentiality as to such matter.  Each party may designate as

24   "Confidential" or "Attorneys' Eyes Only" any documents that have previously been

25   produced in this Action without such designation by that party as follows:

26           a.      Parties to this Action may designate such documents by sending

27   written notice of such designation, accompanied by copies of the designated

28   documents bearing the appropriate Legend, to all other parties in possession or

1   custody of such previously undesignated documents.  Any party receiving such

2   notice and copies of designated documents pursuant to this subparagraph shall

3   return to the designating party all undesignated copies of such documents in its

4   custody or possession, or shall affix the appropriate Legend to all copies of the

5   designated documents in its custody or possession.

6          b.     Upon notice of designation pursuant to this paragraph, parties shall

7   also:  (i) make no further disclosure of such designated documents or information

8   contained therein except as allowed under this Order; and (ii) take reasonable steps

9   to notify any persons known to have possession of such designated document or

10  information of the effect of such designation under this Order.

11      9.     In the case of Confidential Information or Attorneys' Eyes Only

12  information revealed during a deposition, if designation of a transcript or any portion

13  thereof, including exhibits, is made by a statement by the witness or his counsel to that

14  effect on the record, or is otherwise made before the stenographer transcribing such

15  deposition has disseminated to counsel for the Parties the transcript of the deposition, the

16  stenographer shall affix the appropriate Legend to the cover page and all appropriate

17  pages of the transcript and to each copy thereof.

18      The parties and their counsel may, but are not required to, excuse from depositions

19  individuals, including the parties, who are not authorized to receive Confidential

20  Information or Attorneys' Eyes Only information during portions of the deposition when

21  Confidential Information or Attorneys' Eyes Only information is discussed.  A party does

22  not waive any rights under this Order regarding confidentiality if it or he does not

23  exercise its or his rights to exclude persons from attendance at any or all of the

24  deposition.

25      A party or a witness may designate a deposition or a portion thereof, disclosing,

26  containing or referring to any Confidential Information hereunder, as "Confidential" or

27  "Attorneys' Eyes Only" by informing counsel for all other parties to this Action in

28  writing within ten (10) business days after receipt of the transcript, as to the specific

pages deemed confidential, and thereafter such pages shall constitute Confidential Documents or Attorneys' Eyes Only Documents pursuant to this Order.  Receipt of a rough draft of the transcript does not commence the time period noted in this paragraph. Upon receipt of such notice, any party in possession of copies of such designated transcript shall affix the appropriate Legend thereto.  During the 10-day interval following receipt of a deposition, the transcript shall be treated as an Attorneys' Eyes Only Document.

10. Any and all Confidential Documents or Attorneys' Eyes Only Documents containing personal identifying information for an individual, including social security number, address, telephone numbers, and birth date, that are disclosed, reproduced, admitted, introduced, or shown to a non-party at any time, including at a deposition, hearing, submissions to the Court, trial, or otherwise, shall have such personal identifying information redacted from the Confidential Document or Attorneys' Eyes Only Document prior to being disclosed, reproduced, admitted, introduced, or shown to that non-party.  The party disclosing, reproducing, admitting, introducing, or showing the Confidential Documents or Attorneys' Eyes Only Documents shall have the obligation to redact the personal identifying information for an individual from the document prior to such disclosure.  Any party failing to properly redact personal identifying information for an individual from Confidential Documents or Attorneys' Eyes Only Documents shall be solely responsible for any consequences resulting from such disclosure, reproduction, admission, introduction, or showing to a non-party.

11. All copies of any Confidential Documents or Attorneys' Eyes Only Documents shall be treated as provided in this Order.  Any person making, or causing to be made, copies of any such documents shall make certain that each such copy bears the appropriate Legend pursuant to the requirements of this Order.

12. In the event that any Confidential or Attorneys' Eyes Only Documents or information derived therefrom is included with, or the contents thereof are disclosed in any documents filed with the Clerk of this Court or any other court, including, without

limitation, any pleadings, motion papers, briefs or deposition transcripts, such documents shall be filed under seal as required by Local Rule 5.6.

No Confidential Document, Attorneys' Eyes Only Document, or Confidential Information shall lose such status under this Order as the result of the use of such document or information in any hearing, trial, or other Court proceeding in this Action, provided that such use is consistent with the terms of this Order.  Counsel to the parties in this Action shall meet at least five (5) business days before any such hearing, trial, or other court proceeding in order to work out any objections to the use of any Confidential Document, Attorneys' Eyes Only Document, or Confidential Information in such court proceeding and to make such amendments to the Stipulation and this Order which the parties agree are necessary to assure the continued confidentiality of such document or information.

13.     Unless and until otherwise ordered by the Court, or otherwise agreed by the parties, all documents and other discovery materials designated "Confidential" or "Attorneys' Eyes Only" shall be treated as such under this Order.  In the event that any party objects to the designation of any document, the objecting party may seek modification of the designation or the disclosure of the redacted information in accordance with the following procedure:

At least ten (10) business days before the date set for trial, or five (5) business days before any class certification hearing, herein, the receiving party may notify the producing party, in writing, that the receiving party does not concur in the designation or redaction.  The parties shall attempt to resolve such challenges informally.  In the event that such attempts are not successful, the parties may file a joint notice of discovery dispute.

14.     At any time, any party may request in writing permission to disclose any document or information designated "Confidential" or "Attorneys' Eyes Only" to any person other than those permitted access to such information under Paragraphs 4 and 5 above by identifying the person and the reason.  Each other party, by its counsel, shall

thereafter respond in writing within five (5) business days of receipt of the written request, or such other period of time as the Court may designate pursuant to an ex-parte application seeking to shorten said time, and if the requested permission is withheld, shall state the reasons therefore.  If consent has been withheld by any party, and the parties are subsequently unable to agree on whether the requested disclosure should be allowed, or they cannot agree on the terms and conditions of disclosure, the matter may be submitted to the Court in the form of a joint notice of discovery dispute; provided, however, that until such time as the Court orders otherwise, no such disclosure shall be made.

15.    Notwithstanding anything to the contrary contained herein, all objections as to admissibility in evidence of the discovery material subject to this Order are reserved and are not waived by any terms of this Order.  The use of Confidential or Attorneys' Eyes Only materials as evidence at trial or class certification hearing shall be subject to this Order unless modified by the Court.

16.    If at any time any document or information protected by this Order is subpoenaed by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the party to whom the subpoena or other request is directed shall immediately give written notice thereof to any party which has designated such information "Confidential" or "Attorneys' Eyes Only."  After receipt of the notice specified under this paragraph, the designating party shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of documents designated, and the party to whom the referenced subpoena or other request is directed shall be free to produce such document or information unless served within fifteen (15) business days with an appropriate order issued by a court of competent jurisdiction precluding such disclosure.

17.    The inadvertent production of any document or other information during discovery in this Action shall be without prejudice to any claim that such material is

1    privileged or prohibited from discovery as work product, and no party shall be held to

2    have waived any rights by reason of such inadvertent production.

3            18.     The termination of proceedings in this Action shall not relieve the parties

4    from the obligation of maintaining the confidentiality of all documents and information

5    produced and designated pursuant to this Order, unless the Court orders or permits

6    otherwise.  Upon the final disposition of this Action, including appeal, the attorneys for

7    the parties shall, within thirty (30) days after request made by the producing party, return

8    to the producing party or destroy all documents designated by the producing party as

9    "Confidential" or "Attorneys' Eyes Only" and all copies thereof, and shall destroy all

10   extracts, excerpts, and summaries of data from such documents, except that trial counsel

11   for each party may retain one copy of each pleading, motion, or other paper filed with the

12   Court (including attachments), for record purposes only.

13          Dated this 14th day of May, 2012.

14

15

16   _____

17                          Roslyn O. Silver
                    Chief United States District Judge

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KELVIN D. DANIEL, et al<br><br>Plaintiffs,<br><br>v.<br><br>SWIFT TRANSPORTATION CORPORATION,<br><br>Defendant. | Case No.  2:11-cv-01548-PHX-ROS<br><br>**ACKNOWLEDGEMENT AND CONSENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER** |

The undersigned, _____, hereby acknowledges that I have read the Stipulated Protective Order (the "Order") entered by the United States District Court for the District of Arizona in the above-captioned case and understand the terms thereof.  I agree not to use the Confidential Information or Attorneys' Eyes Only information, as defined in the Order, for any purpose other than in connection with the investigation, prosecution or defense of claims in this Action (as defined in the Order), and I will not disclose the Confidential Information or Attorneys' Eyes Only information except in testimony taken in the Action, and will otherwise comply with the terms of the Order.  I will return to counsel of record in the Action at the end of my involvement or the conclusion of the Action all Confidential Information or Attorneys' Eyes Only information that has been provided to me and all copies thereof, and I shall not make any copies of Confidential Information or Attorneys' Eyes Only

///

///

///

information, except as is necessary to my participation in the Action.  I further submit to the jurisdiction of the court for any action involving my violation of the Order.

Date: _____          Signature: _____

Print Name:  _____

Address:        _____