1  LUBIN AND ENOCH, P.C.
   Stanley Lubin (003076)
2  349 North 4th Avenue
   Phoenix, Arizona 85003-1505
3  Telephone:    (602) 234-0008
   Facsimile:    (602) 626-3586
4  Email:    stan@lubinandenoch.com

5  STUMPHAUZER, O'TOOLE, McLAUGHLIN,
   McGLAMERY & LOUGHMAN CO., LPA
6  Dennis M. O'Toole (0003274)
   Anthony R. Pecora (0069660)
7  Matthew A. Dooley (0081482)
   5455 Detroit Road
8  Sheffield Village, Ohio  44054
   Telephone:    (440) 930-4001
9  Facsimile:    (440) 934-7208
   Email:        dotoole@sheffieldlaw.com
10               apecora@sheffieldlaw.com
                 mdooley@sheffieldlaw.com
11
   CONSUMER LITIGATION ASSOCIATES, P.C.
12 Leonard A. Bennett (Virginia Bar #27523)
   Susan M. Rotkis (Virginia Bar #40693)
13 763 J. Clyde Morris Blvd. 1-A
   Newport News, VA 23601
14 Telephone:    (757) 930-3660
   Facsimile:    (757) 930-3662
15 Email:        lenbennett@clalegal.com
                 srotkis@clalegal.com
16
                IN THE UNITED STATES DISTRICT COURT
17
                   FOR THE DISTRICT OF ARIZONA
18

19 KELVIN D. DANIEL, et al                  Case No.  2:11-cv-01548-PHX-ROS

20         Plaintiffs,

21 v.                                       **PLAINTIFFS' AMENDED NOTICE OF
                                            F.R.C.P. 30(B)(6) CORPORATE
22 SWIFT TRANSPORTATION                     DEPOSITION(S) OF DEFENDANT
   CORPORATION,                             SWIFT TRANSPORTATION
23                                          CORPORATION**
           Defendant.
24
                                            Assigned to: Hon. Roslyn O. Silver
25

26 TO:    John F. Lomax, Jr.
          Brian J. Foster
27        Joseph A. Kroeger
          SNELL & WILMER
28

One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202

You are hereby notified that, pursuant to Federal Rule of Civil Procedure 30(b)(6), counsel for Plaintiffs hereby notices the deposition of Defendant Swift Transportation Corporation as an organization on the topics detailed in Exhibit "A". Defendant Swift Transportation Corporation shall identify the person(s) who will speak on its behalf on each topic detailed in Exhibit "A" by 5:00 PM MST (8:00 PM EST), September 13, 2012. Such deposition will be recorded by stenographic means by a court reporter duly authorized to administer oaths. The taking of said deposition may be adjourned or continued from day to day until completed. The taking of said deposition may occur over several days if more than one person is necessary to provide the information requested. This will occur without further notice other than oral notice to counsel at the time of such adjournment or continuance.

DATE AND
TIME OF DEPOSITION:   September 14, 2012 at 10:30 AM MST (1:30 PM EST)

LOCATION:                    Snell & Wilmer, LLP
                             One Arizona Center
                             400 East Van Buren Street
                             Suite 1900
                             Phoenix, Arizona 85004

Any and all of said deposition testimony may be offered into evidence at the trial of the above-entitled and numbered cause.

DATED this 13th day of September, 2012

STUMPHAUZER, O'TOOLE, McLAUGHLIN,
McGLAMERY & LOUGHMAN CO., LPA

By:  /s/ Matthew A. Dooley
Matthew A. Dooley
Dennis M. O'Toole
Anthony R. Pecora
5455 Detroit Road
Sheffield Village, Ohio  44054
Telephone:    (440) 930-4001
Facsimile:    (440) 934-7208
Email:         mdooley@sheffieldlaw.com
               dotoole@sheffieldlaw.com
               apecora@sheffieldlaw.com
*Counsel for Plaintiffs*

1

## CERTIFICATE OF SERVICE

2

3        I hereby certify that on September 13, 2012, I electronically transmitted the above

and foregoing to the Clerk's Office using the ECF System for filing, and furnished a copy

4

by other means, as necessary pursuant to the Notice of Electronic Filing, to:

5

Stanley Lubin
6   Lubin & Enoch PC
349 N 4th Ave
7   Phoenix, AZ 85003

8   Leonard Anthony Bennett
Susan Mary Rotkis
9   Consumer Litigation Associates PC
763 J. Clyde Morris Blvd. 1-A
10  Newport News, VA 23601

11  John F. Lomax, Jr.
Brian J. Foster
12  Joseph A. Kroeger
Snell & Wilmer
13  One Arizona Center
400 E. Van Buren
14  Phoenix, AZ  85004-2202

15

16                                                        s/ Matthew A. Dooley
                                                         Matthew A. Dooley
17                                                       *Counsel for Plaintiffs*

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT "A"

1. ~~The number of applicants who applied to Swift electronically, by phone, or by facsimile each calendar year from 2006 through 2012.~~  *Defendant has stipulated as to numerosity as to Class III.*

2. ~~The identity of applicants who applied to you electronically, by phone or by facsimile and about whom Swift obtained a consumer report for employment purposes between 2006 and the present~~. *Defendant has stipulated as to numerosity as to Class III.*

3. The number of applicants who were denied employment by you based in whole or in part on information contained in a consumer report each calendar year from 2006 through 2012.

4. The identity of applicants who were denied employment by you based in whole or in part on information contained in a consumer report between 2006 and the present.

5. ~~Swift's policy for notifying consumers who applied to Swift electronically, by phone, or by facsimile between 2006 and the present of the information required by 15 § U.S.C. 1681b(b)(2)(B).~~  *Withdrawn continued upon Swift's stipulation that Maria Cordova's testimony would bind Swift regarding this topic.*

6. Your technological and record-keeping ability to determine class membership for each class alleged in the First Amended Complaint (and for variations of these alleged class definitions).

7. ~~Swift's policy for notifying consumers who applied to Swift electronically, by phone, or by facsimile for each calendar year from 2006 through 2012, and who were denied employment based in whole or in part on a consumer report, of the information required by 15 U.S.C. § 1681b(b)(3)(B)(i).~~ *Withdrawn continued upon Swift's stipulation that Maria Cordova's testimony would bind Swift regarding this topic.*

8. ~~Swift's policy of complying with the provisions of 15 U.S.C. § 1681b(b)(3)(B)(ii) for each calendar year from 2006 through 2012~~. *Withdrawn continued upon Swift's stipulation that Maria Cordova's testimony would bind Swift regarding this topic.*

9. ~~The identity of applicants who requested from Swift, a copy of their consumer report used by Swift for employment purposes for each calendar year from 2006 through 2012~~. *Withdrawn conditioned upon Swift's stipulation that it will not attempt to offer evidence of applicants who requested from Swift, a copy of their consumer report used by Swift for employment purposes for each calendar year from 2006 through 2012 in opposition to Class certification.*

10. ~~All fact evidence in your possession or control which supports or may support your claim that there are differences between putative class members that would be material to the merits of the Plaintiffs' claims~~. *Withdrawn.*

11. All fact evidence in your possession or control that supports or may support your claim that there are differences between putative class members that would be material to class certification.

12. ~~All fact testimony previously provided in this case by any of your employees that you contend was inaccurate or incorrect~~. *Withdrawn.*

13. The substance of any and all communications you have had with HireRight, Inc. or HireRight Solutions, Inc., or any of their agents, regarding this case or the allegations and facts alleged therein.

14. ~~All fact evidence in your possession or control that supports or may support your claim that any of the Named Plaintiffs or their counsel are not adequate representatives for the putative classes~~. *Withdrawn conditioned upon Swift's stipulation that it will not attempt to offer evidence as to adequacy beyond (1) documents received in response to subpoenas*

*and previously produced to all Parties; (2) documents previously produced by any party; and (3) previously served discovery responses by any party, (4.) previous deposition testimony.*

15. ~~All fact evidence in your possession or control that supports or may support your claim that individual issues in this case would predominate over classwide issues such to preclude class certification.~~ *Withdrawn conditioned upon Swift's stipulation that it will not attempt to offer evidence as to typicality beyond (1) documents received in response to subpoenas and previously produced to all Parties; (2) documents previously produced by any party; and (3) previously served discovery responses by any party, (4.) previous deposition testimony.*

*16.* ~~All fact evidence in your possession or control which supports or may support your claim that any of the putative class members in this case would lose actual damages caused by your violation(s) of the FCRA if the case proceeded on a class basis and sought only statutory and punitive damages.~~ *Withdrawn conditioned upon Swift's stipulation that it does not have knowledge that any applicant has incurred actual damages as a result of Swift's use of the various application and disclosure forms alleged by Plaintiffs to have violated § 1681b(b)(2) or Swift's alleged failure to provide the disclosures pled as a violation of § 1681b(b)(3).*

17. The manner in which Swift selected those individuals from whom Swift sought the declarations in this litigation disclosed by Swift on September 10, 2012.

18. The identity of all individuals from whom Swift sought a declaration in this litigation, whether or not a declaration was ultimately executed, including the address and telephone numbers for any such individuals.

19. The basis for Swift's decision to contact those individuals identified in Topic 2 above.

20. The nature, manner, timing and location of each communication with any individuals from whom Swift sought a declaration in this litigation.

21. The manner in which Swift established contact and/or met with any individuals identified in Topic 2 above.

22. The identity of any individual who typed the declarations disclosed by Swift on September 10, 2012.

23. The date each declaration disclosed by Swift on September 10, 2012 was typed.

24. The amount of time given to each declarant to review and sign each declaration disclosed by Swift on September 10, 2012.

25. The existence and nature of any notes taken by any individual regarding the communications or action described in Topics 4, 5 and 6 above.

26. The identity of any individuals identified in Topic 2 above who refused to sign a declaration in this litigation.

27. The nature and type of any document(s) provided to individuals identified in Topic 2 above, including the identity of the individual who provided such document(s).

28. The employment history of each declarant who executed a declaration in this litigation, including the individuals' period(s) of employment with Swift, supervisor(s), job description and salary.

29. The identity of any individual identified in Topic 2 above who expressed an intent to appear at any hearings in this litigation, including but not limited to hearings regarding class certification.