John F. Lomax, Jr. (#020224)
Brian J. Foster (#012143)
Joseph A. Kroeger (#026036)
SNELL & WILMER
One Arizona Center
400 E. Van Buren
Phoenix, AZ  85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
Email: jlomax@swlaw.com
       bfoster@swlaw.com
       jkroeger@swlaw.com
*Attorneys for Defendant*

Anthony R. Pecora
Dennis M. OToole
Matthew A. Dooley
STUMPHAUZER OTOOLE MCLAUGHLIN MCGLAMERY & LOUGHMAN COMPANY
5455 Detroit Rd.
Sheffield Village, OH 44054
       and
Leonard Anthony Bennett
Susan Mary Rotkis
CONSUMER LITIGATION ASSOCIATES PC
12515 Warwick Blvd., Ste. 100
Newport News, VA 23606
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KELVIN D. DANIEL, et al<br><br>Plaintiffs,<br><br>v.<br><br>SWIFT TRANSPORTATION CORPORATION,<br><br>Defendant. | Case No.  2:11-cv-01548-PHX-ROS<br><br>**JOINT POSITION STATEMENT RE DISCOVERY DISPUTE**<br><br>Assigned to: Hon. Roslyn O. Silver |

**A.     PLAINTIFFS' POSITION.**

  **I.     Swift's Untimely Disclosure of 38 New Witnesses and Related Documents One Week Before the Close of Discovery Would Greatly Prejudice Plaintiffs.**

Class certification discovery is to close September 14, 2012 with Plaintiff's Rule 23 motion due October 1, 2012.  The critical depositions have been completed and a Rule 30(b)(6) deposition on a limited set of topics was set for September 11, 2012.  However, at 5:00 PM PT (8:00 PM Eastern Time) the night before, Swift's counsel emailed its "Tenth Disclosure" and hundreds of pages new documents, every one of which was generated at least a month earlier. Included in the production were 117 pages of purported Declarations from 38 previously undisclosed witnesses, most of them current Swift employees Defendant compiled in June and July.  The next day, during business hours, Plaintiff initiated a Rule 37 meet and confer attempt and asked that Swift stipulate that such belated production not be used in opposing class certification as none of the new witnesses had ever before been disclosed or identified in discovery.  Defendant has not agreed and instead served its "Eleventh Disclosure" formally listing these new 38 individuals as its intended witnesses.  Witnesses and documents disclosed by Swift after August 1, 2012 are subject to the automatic exclusion rule under Rule 37(c)(1). *See Int'l Flora Techs., Ltd. v. Clarins U.S.A., Inc.*, 2008 U.S. Dist. LEXIS 68889 (D. Ariz. Sept. 4, 2008); *Forbes v. 21st Century Ins. Co.*, 258 F.R.D. 335, 338-39 (D. Ariz. 2009). Swift's counsel has been the subject of similar admonition. *Melczer v. Unum Life Ins. Co. of Am.*, 259 F.R.D. 433, 435-36) (D. Ariz. 2009).

  **II.    Swift's Unsupervised and *Ex Parte* Communications With Absent Class Members Should Be Restricted.**

Swift's revelation of its counsel's meetings and communications with and solicitations of declarations from absent class members described above is tantamount to unilateral depositions and absent class member discovery considered by the Court and then barred during the January 10, 2012 Rule 16 conference and in its January 20, 2012 Scheduling Order (Doc. 40).   Swift's counsel's unexplained withholding of the identity of

1  and related documents for such individuals until the eve of class certification is even more
2  problematic.

3  While a defendant may communicate with absent class members, it is not without
4  restraint, and is often in the form of a court-approved communication. Swift made no
5  such request, and instead unilaterally engaged in direct communication with these
6  individuals, likely without disclosing the nature of the case or advising the declarants of
7  their right to counsel. *See Facciola v. Greenberg Traurig LLP*, 2011 U.S. Dist. LEXIS
8  127957, 4-5 (D. Ariz. Nov. 2, 2011). Here, Swift disseminated what appears to be
9  questionnaires to absent class members (mostly current employees) requesting signatures
10 under oath. *See* Exhibit A. As the court stated in *Holman v. Experian Info. Solutions,*
11 *Inc.*, 2012 U.S. Dist. LEXIS 91626, 12-13 (N.D. Cal. July 2, 2012): "Responding to the
12 questions is likely to require the assistance of counsel. ... See, e.g., McPhail, 251 F.R.D. at
13 518 (noting that each class member 'would need to confer with Class Counsel to
14 understand the purpose of the request, the penalty for not filing a response, the need to
15 discuss all relevant information, [and] the need to refresh their recollection with
16 documentation" in denying discovery request.' " The same is true here, where Swift never
17 sought leave from the Court to engage absent class members, particularly using seemingly
18 benign questionnaires that carry the penalty of perjury. Accordingly, Swift should be
19 barred from using these declarations and witnesses to support any brief, hearing or at trial.
20                                                    *****

21 *Pursuant to the Court's Standing Order regarding discovery disputes, Plaintiffs'*
22 *and Defendant's counsel certify that they have complied with L.R. 7.2(j) and the Court's*
23 *Rule 16 Order (Doc.40) by attempting in good faith to resolve this dispute on two*
24 *separate occasions through an extended teleconference*

25 **B.     DEFENDANT'S POSITION.**

26 Plaintiffs appear to believe that Phase I discovery in this matter closed on August
27 1, but discovery closes on September 14. Over the last few months, Swift has produced
28 over a million pages, prepared for depositions (several of which Plaintiffs canceled

without notice), prepared extensive privilege logs, and prepared for a 30(b)(6) deposition noticed by Plaintiffs on August 30, which Plaintiffs canceled earlier this week. Plaintiffs object to the timeliness of the production of declarations Swift obtained in early to mid-August and produced on September 10. Plaintiffs claim Swift's production of declarations warranted the continuation of the 30(b)(6) deposition to a later date, but the declarations bear only the most tenuous connection to the topics designated and narrowed by the parties for that deposition. The declarations were produced approximately one month after obtaining them. Counsel for Swift met personally with the declarants to obtain the declarations. After Swift determined that it would use some of them to oppose certification, it timely produced them. During the meet and confer, Plaintiffs stated that the declarations had limited utility and acknowledged that the subjects addressed in the declarations did not come as a surprise. Indeed, the subjects addressed in the declarations substantiate positions asserted in Swift's prior discovery responses.

Plaintiffs have not been prejudiced and are free to contact the declarants. Plaintiffs have had voluminous information identifying putative class members since at least May 2012 and were free to contact, and may have already contacted, putative class members, as there was no prohibition on doing so. Indeed, Plaintiffs' counsel has a website soliciting truck drivers to serve as plaintiffs in FCRA matters. Nothing in this Court's Rule 16 Scheduling Order or the hearing leading to the Scheduling Order prohibited either side from contacting putative class members. Indeed, case law expressly permits it. *Munoz v. Ginmana Vineyards, Corp.,* 2012 U.S. Dist. LEXIS 9300 3* 17-18 n.4 (E.D. Cal. July 5, 2012); *Parks v. Eastwood Ins. Serv.,* 235 F. Supp. 2d 1082, 1084 (C.D. Cal. 2002); *Maddock v. KB Homes, Inc.,* 248 F.R.D. 229, 236-37 (C.D. Cal. 2007). Swift complied with the guidelines established by the courts in contacting the putative class members.

- 4 -

DATED this 13th day of September, 2013.

                                 SNELL & WILMER L.L.P.

By: *s/ John F. Lomax, Jr.*
     John F. Lomax, Jr.
     Brian J. Foster
     Joseph A. Kroeger
     One Arizona Center
     400 E. Van Buren
     Phoenix, AZ 85004-2202
     Attorneys for Defendant


STUMPHAUZER OTOOLE MCLAUGHLIN MCGLAMERY & LOUGHMAN COMPANY

By: *s/ John F. Lomax, Jr. by permission*
     Anthony R. Pecora
     Dennis M. OToole
     Matthew A. Dooley
     5455 Detroit Rd.
     Sheffield Village, OH 44054

     Stanley Lubin
     Nicholas Jason Enoch
     Lubin & Enoch PC
     349 N 4th Ave
     Phoenix, AZ 85003

     and

     Leonard Anthony Bennett
     Susan Mary Rotkis
     Consumer Litigation Associates PC
     12515 Warwick Blvd., Ste. 100
     Newport News, VA 23606

     Attorneys for Plaintiffs

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

# **CERTIFICATE OF SERVICE**

I hereby certify that, on September 13, 2012, I transmitted the foregoing Joint Position Statement re Discovery Dispute to Judge Silver's chambers via facsimile (602.322.7529), and electronically transmitted the same to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Anthony R. Pecora
Dennis M. OToole
Matthew A. Dooley
Stumphauzer OToole McLaughlin
McGlamery & Loughman Company
5455 Detroit Rd.
Sheffield Village, OH 44054

Stanley Lubin
Nicholas Jason Enoch
Lubin & Enoch PC
349 N 4th Ave
Phoenix, AZ 85003

Leonard Anthony Bennett
Susan Mary Rotkis
Consumer Litigation Associates PC
12515 Warwick Blvd., Ste. 100
Newport News, VA 23606


*s/ Jeannie Fisher*

15814442.2