IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kelvin D. Daniel, et al., | ) | No. CV-11-01548-PHX-ROS |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| Swift Transportation Corp., | ) | |
| Defendant. | ) | |

The parties have filed a joint statement regarding two discovery disputes. The first issue requires further briefing by the parties, but the second issue can be resolved at this time.

**BACKGROUND**

On January 20, 2012, the Court entered a Rule 16 Scheduling Order. (Doc. 40). According to that Order, discovery regarding class certification was to be completed by September 14, 2012. (Doc. 40 at 2). That Order also allowed the parties to "take up to 10 additional non-party depositions during [class certification] discovery, which shall not include putative class members unless the parties otherwise agree or the Court otherwise orders." (Doc. 40 at 3-4). As contemplated by this Order, the parties have been engaged in class discovery for the past eight months. In particular, Defendant has contacted numerous putative class members and obtained written declarations from a number of them.

1 Plaintiffs scheduled a 30(b)(6) deposition for September 11, 2012. On September 10, 2012, Defendant supplemented its prior disclosures by producing "hundreds of pages [of] new documents, every one of which was generated at least a month earlier." The new documents included "117 pages of purported Declarations from 38 previously undisclosed witnesses, most of them current Swift employees Defendant compiled in June and July." (Doc. 83 at 2). Defendant attempts to explain this supplementation by stating the "declarations were produced approximately one month after obtaining them." (Doc. 83 at 4). Defense counsel admits they were personally involved in obtaining the declarations months ago but they contend the decision to produce the declarations was made only upon Defendant deciding it "would use some of them to oppose certification." (Doc. 83 at 4). Plaintiffs claim the recently disclosed documents should be excluded under Federal Rule of Civil Procedure 37. Plaintiffs also request Defendant's "unsupervised and *ex parte* communications with absent class member . . . be restricted." (Doc. 83 at 2).

## ANALYSIS

### I. Possible Untimely Disclosure

Federal Rule of Civil Procedure 26(e) requires "timely" supplementations of disclosures. As explained by the Advisory Committee Notes, "[s]upplementations need not be made as each new item of information is learned but should be made at appropriate intervals during the discovery period." 1993 Advisory Committee Notes. Whether a particular supplementation was timely must be evaluated in light of the underlying purpose of the rule requiring disclosure. That purpose "is to give adversaries fair notice of what evidence upon which the disclosing party may rely so that the adversary may take appropriate discovery. Identifying new witnesses for the first time on the last day of the period for deposing such witnesses is not timely . . . because it deprives the disclosing party's adversary of the opportunity to use the discovery process to learn what testimony the named witnesses might give." *Commissioner of the Dept. of Planning and Nat. Resources v. Century Aluminum*, 2012 WL 213.5287, at *3 (D. V.I. June 13, 2012).

Here, Defendant disclosed documents and *thirty-eight* new witnesses four days before

- 2 -

the close of class discovery. Defendant admits it will use some of these documents and witnesses to oppose class certification. Disclosing documents and this many witnesses so close to the discovery deadline is cause for concern and raises the prospect that Defendant timed the disclosures to gain a tactical advantage. Defendant will be ordered to file a short statement of no more than four pages explaining in more detail the circumstances surrounding the disclosures. In particular, Defendant should explain when it first obtained the documents and learned of the witnesses and why it waited until September 10, 2012 to disclose them. Plaintiffs will then be given an opportunity to respond. If Defendant does not have strong reasons for its behavior, the evidence will be excluded as untimely disclosed.

**II. Contact with Putative Class Members**

Plaintiffs ask the Court to place some limits on Defendant contacting putative class members. The Court's Rule 16 Order prohibited the deposition of putative class members but did not address other types of contact. While the case law is mixed, the Court agrees with the majority view that "pre-certification communication from the defense to prospective plaintiffs is . . . permitted." *Maddock v. KB Homes, Inc.*, 248 F.R.D. 229, 237 (C.D. Cal. 2007). Limitations on such communications are appropriate only when there is evidence "misleading, coercive, or improper communications were made." *Id.* (quoting *Mevorah v. Wells Fargo Home Mortg., Inc.*, 2005 WL 4813532 (N.D. Cal. Nov. 17, 2005)). Plaintiffs have not presented any such evidence here. Thus, Defendant will not be prohibited from contacting putative class members.

Accordingly,

**IT IS ORDERED** no later than noon on September 18, 2012 Defendant shall file a statement of no more than four pages outlining why its disclosures were not made until September 10, 2012. Plaintiffs shall file a response no later than noon on September 20, 2012. No reply is allowed.

1 **IT IS FURTHER ORDERED** Defendant may contact putative class members.

2 DATED this 14th day of September, 2012.

Roslyn O. Silver
Chief United States District Judge