John F. Lomax, Jr. (#020224)
Brian J. Foster (#012143)
Joseph A. Kroeger (#026036)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
Email: jlomax@swlaw.com
       bfoster@swlaw.com
       jkroeger@swlaw.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KELVIN D. DANIEL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SWIFT TRANSPORTATION CORPORATION, <br><br> Defendant. | Case No.  2:11-cv-01548-PHX-ROS <br><br> **DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC'S RESPONSE TO COURT'S ORDER OF SEPTEMBER 14, 2012** <br><br> Assigned to:  Hon. Roslyn O. Silver |

Contrary to Plaintiffs' assertion in the Joint Statement, Swift did not compile declarations in June and July.  Swift's declarations were obtained from August 2 through August 9, 2012.  *See* Exh. A at ¶ 8.  The declarations reflect the only dates Swift's counsel communicated with the putative class members.  As explained during meet-and-confer calls with Plaintiffs' counsel, counsel for Swift obtained the declarations in personal interviews with the declarants; it did not send out surveys or correspondence to the putative class members. *Id.*

The disclosures were timely made and not designed to gain a tactical advantage. Counsel interviewed the declarants in the locations where its firm has offices.  The declarations were then forwarded to the Phoenix office for reviewing and processing.  The last batch of declarations arrived in Phoenix on August 13, 2012.  *Id.* at 9.  On September 10, Swift produced those declarations that it plans to use to oppose certification.

Even if the Court finds the production was not timely, an exclusion order is not warranted under Rule 37 as Swift had substantial justification for disclosing the declarations when it did. Swift still does not know if Plaintiffs will seek to certify a class that includes non-drivers as well as drivers or in-person driver applicants as well as not-in-person driver applicants. In June, Plaintiffs demanded discovery on all non-driver applicants, which was produced in August. *Id.* at 10. While Plaintiffs suggest they may not seek to certify the sub-classes for Counts I and II, they have not committed to doing so. In short, in planning to oppose certification, Swift has a moving target and it has tried to anticipate the arguments it might use to respond to a yet unseen motion for certification. *Wilson v. Kiewet Pacific Co.*, 2010 U.S. Dist. LEXIS 133304 at * 28-29 (N.D. Cal. 2010) (defendant was substantially justified in disclosing declarations that were filed, but not previously disclosed, in opposition to the motion for class certification). *See also Kamar v. Radio Shack Corp.*, 2008 U.S. Dist. LEXIS 108507 at * 3-5 (C.D. Cal. 2008) (rejecting objections to 19 declarations filed in response to class certification briefing and disclosed 3 days before its opposition to class certification was due); *Carpenter v. Speedy Concrete Cutting, Inc.*, 2009 U.S. Dist. LEXIS 95325 at * 2 - 4 (D. Fla. 2009) (rejecting motion to exclude 25 affidavits filed by defendants in opposition to motion for conditional certification).

Further, it is unclear what, if any, prejudice Plaintiffs have suffered at this point. *Parkinson v. Hyundai Motor America*, 258 F.R.D. 580, 599-600 (C.D. Cal. 2008) (certification is an early stage proceeding and plaintiffs can assert their objections before or during trial, but the declaration is relevant as it counters plaintiffs' claims of common questions). Here, trial is not scheduled until late 2013. The final supplementation of witnesses and discovery is not due until May 10, 2013. (Doc. 40). More importantly, Plaintiffs have had access and still have access to putative class members and they had three weeks from disclosure until the certification motion is even filed.[1]

---

[1] Plaintiffs' counsel may have already done so; it maintains a website soliciting truck drivers for FCRA cases. Even though counsel are agents for Plaintiffs, counsel thwarted Swift's efforts to learn about that information. *See* Exh. B.

Swift's counsel did not want to interview putative class members until they had a firm grasp of the issues. To ensure they fully understood the theories and positions of the parties, counsel needed to understand the Swift documents and processes at issue. More importantly, counsel wanted to depose the Plaintiffs and, if possible, defend some depositions of company witnesses to understand Plaintiffs' approach to certification. Unfortunately, those events did not occur as quickly as anticipated.

On January 27, 2012 Swift noticed Plaintiffs' depositions to occur on March 12-14, 2012. Plaintiffs immediately objected to those dates and, despite multiple communications with Plaintiffs' counsel in February and March on the same topic, Swift was not able to secure firm deposition dates for the Plaintiffs (June 11-13) until late March. *Id.* at ¶¶ 3, 4 for a more complete description. Plaintiffs were deposed June 11 and 12. From late -June to early August 2012, Swift produced the bulk of its records – producing 400,000 pages and two large databases in native format (containing more than a million pages of data) during that time. *Id.* at ¶ 6. On July 13, 2012, Plaintiffs noticed eight Swift employees for depositions on August 1 and 2, 2012. During July 2012, Swift also researched issues on the propriety of, and judicial guidelines for, communications with putative class members. *Id.*

Not until early August was Swift's counsel ready to begin interviewing putative class members. Swift interviewed putative class members and collected declarations from August 2–9, 2012. Those declarations were collected in several offices and were forwarded to the Phoenix office with the last batch arriving on August 13, 2012. *Id.* Swift obtained 123 declarations[2]; counsel selected 38 of those declarations to produce. Brian Foster and John Lomax (who had oversight responsibility for the declarations) reviewed and selected the declarations that would be used. *Id.* at ¶ 9 They finalized that process on the afternoon of September 7, 2012 and sent them to the paralegal for Bates-labeling and production on the following Monday. As outlined in the attached

---

[2] Even though it does not expect to use the other 85 declarations to defend this case and even though there was no discovery request for all statements obtained, Swift produced the 85 additional declarations to opposing counsel last week.

declaration, from August 14 to September 7, counsel undersigned was also handling other professional commitments. *Id.* at ¶¶ 11-12.

During the month of August, Swift continued to supplement the voluminous amount of discovery sought by Plaintiffs (including the non-driver data) and updated an extensive privilege log on August 29, 2012. On August 30, 2012, Plaintiffs' counsel noticed a 30(b)(6) deposition covering 15 broad topics, and counsel undersigned began assisting with preparing for that deposition although, given his schedule, Brian Foster planned to handle the deposition. Swift worked on this case continuously and vigorously over the last five months. As discovery evolved the issues began to crystallize and Swift was able to evaluate, review, and select those declarations that it currently believes will be used to oppose certification.

Plaintiffs now claim that an earlier disclosure would have shaped how they conducted discovery. That is less than clear. They did not issue a 30(b)(6) notice until August 30; they only subpoenaed HireRight on August 27. Plaintiffs have had the declarations since September 10 – three weeks before their class certification motion is due. Plaintiffs can contact the declarants or other declarants if they so choose, and Swift would not object to a modest two-week extension to the motion for certification for that purpose. But, excluding relevant and pertinent evidence substantiating the challenges of certifying a class in this case is too drastic a remedy for a disclosure that, even if all other variables are controlled, could not have occurred more than a week or two earlier. *See Arista Records LLC v. Lime Group LLC*, 715 F. Supp. 2d 481 (S.D.N.Y. 2008) ("courts will resort to preclusion only in those rare cases where a party's conduct represents flagrant bad faith and callous disregard of the [FRCP]"). Swift's actions were factually appropriate and have legal support. Accordingly, Swift respectfully requests the Court to deny the request to exclude the declarations so the Court can have the benefit of a more complete picture of the factors important to the certification question.[3]

---

[3] Plaintiffs misstate *Melczer v. Unum Life Ins. Co.*, 759 F.R.D. 433 (D. Ariz. 2009). It is not apt authority, and the decision clearly shows Snell & Wilmer's lawyers were not "subject to a similar admonition."

RESPECTFULLY SUBMITTED this 18th day of September, 2012.

SNELL & WILMER L.L.P.

By: *s/ John F. Lomax, Jr.*
John F. Lomax, Jr.
Brian J. Foster
Joseph A. Kroeger
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Attorneys for Swift

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2012, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Anthony R. Pecora
Stumphauzer OToole McLaughlin
McGlamery & Loughman Company
5455 Detroit Road
Sheffield Village, OH 44054

Dennis M. OToole
Stumphauzer OToole McLaughlin
McGlamery & Loughman Company
5455 Detroit Road
Sheffield Village, OH 44054

Leonard Anthony Bennett
Susan Mary Rotkis
Consumer Litigation Associates PC
12515 Warwick Blvd.
Ste. 100
Newport News, VA 23606

Matthew A. Dooley
Stumphauzer OToole McLaughlin
McGlamery & Loughman Company
5455 Detroit Road
Sheffield Village, OH 44054

Stanley Lubin
Lubin & Enoch PC
349 North Fourth Avenue
Phoenix, AZ 85003

1  Nicholas Jason Enoch
   Lubin & Enoch PC
2  349 North Fourth Avenue
   Phoenix, AZ 85003
3

4

   s/ Jeannie Fisher
5  _____
   15829993.2
6