LUBIN AND ENOCH, P.C.
Stanley Lubin (AZ 003076)
349 North 4th Avenue
Phoenix, Arizona 85003-1505
Telephone:    (602) 234-0008
Facsimile:    (602) 626-3586
Email:        Stan@lubinandenoch.com

STUMPHAUZER, O'TOOLE, McLAUGHLIN,
McGLAMERY & LOUGHMAN CO., LPA
Matthew A. Dooley (OH 0081482)
Anthony R. Pecora (OH 0069660)
Dennis M. O'Toole (OH 0003274)
5455 Detroit Road
Sheffield Village, Ohio  44054
Telephone:    (440) 930-4001
Facsimile:    (440) 934-7208
Email:        mdooley@sheffieldlaw.com
              apecora@sheffieldlaw.com
              dotoole@sheffieldlaw.com

CONSUMER LITIGATION ASSOCIATES, P.C.
Leonard A. Bennett (VA 27523)
Susan M. Rotkis  (VA 40693)
763 J. Clyde Morris Blvd. 1-A
Newport News, VA 23601
Telephone:    (757) 930-3660
Facsimile:    (757) 930-3662
Email:        lenbennett@clalegal.com
              srotkis@clalegal.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KELVIN D. DANIEL, et al<br><br>Plaintiffs,<br><br>v.<br><br>SWIFT TRANSPORTATION CORPORATION,<br><br>Defendant. | Case No.  2:11-cv-01548-PHX-ROS<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S RESPONSE TO COURT'S ORDER OF SEPTEMBER 14, 2012**<br><br>Assigned to:  Hon. Roslyn O. Silver |

1

Plaintiffs ask the Court pursuant to Civ. R. 26(a), Civ. R. 26(e) and Civ. R. 37(c)(1) for the narrow remedy of excluding the testimony of 38 witnesses disclosed for the first time on September 10, 2012.[1] That testimony is proffered in the form of written declarations, but is sworn testimony nonetheless. Swift singularly opposes Plaintiffs' request by offering what it perceives to be a legitimate justification for withholding *the declarations* obtained from these witnesses in the first week of August 2012. Regardless of the asserted justification for the tardy disclosure of the declarations, Swift offers no explanation for its belated disclosure **of the identity of witnesses** whose testimony would be offered through those declarations. *See* Civ. R. 26(a)(1). Indeed, Swift does not deny that it knew the identity of these witnesses, likely since the beginning of the case, particularly since the newly disclosed witnesses and declarations are from Swift's own drivers. The date upon which Swift was finally able to obtain hard executed copies of the witnesses' declarations is immaterial to Swift's attempt to justify its belated disclosures. To put Swift's conduct in perspective, the following synopsis is helpful:

1. Between July 25, 2012 (joint status report filed) and August 1, 2012 (the date Plaintiff's conducted 30(b)(1) depositions) Swift served:

    a.  6th and 7th Supplemental Disclosures

    b.  6th and 7th Supplemental Responses to Request for Production of Documents

    c.  **3,797 total pages of additional documents**

2. Since August 1, 2012, Swift served:

    a.  8th Supplemental Disclosures (served August 10, 2012)

    b.  9th Supplemental Disclosures (served August 30, 2012)
    c.  10th Supplemental Disclosures (served September 10, 2012)

    d.  8th Supplemental Responses to Request for Production of Documents (served August 7, 2012)

---

[1] Swift implies that the exclusion of documents and disclosures provided after August 1, 2012 would essentially undermine a legitimate debate about the merits of Plaintiffs' claims. Swift fails to understand that the requested remedy is limited only to Swift's use of belated documents and disclosures for purposes of opposing class certification.

e. 9th Supplemental Responses to Request for Production of Documents (served August 22, 2012)

f. 10th Supplemental Responses to Request for Production of Documents (served August 30, 2012)

g. 2nd Amended Answers to Interrogatories (served August 15, 2012)

h. **332,302 pages of additional documents**

3. To date, Swift produced a total of **645,722 pages of documents**. This *does not* include 17 GB of data produced electronically, which **comprises over one million printed pages**.  Since August 1, 2012, Swift has produced 51.4% of the total production.[2]

The Court made clear, early in this action, its expectation that the parties "conduct discovery to permit completion within the deadline." (Doc. 40, ¶K)  "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (internal quotation marks omitted). *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001) ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness").

Swift attempts to justify the timing of these disclosures, by citing to the overwhelming volume of documents and data reviewed, processed, and ultimately produced to Plaintiffs on a "rolling basis" -- but makes no legitimate effort to rebut the harm caused to Plaintiffs.  The difficult nature of litigation is not a sufficient basis to justify dilatory tactics. And Swift's *own* admissions are inconsistent with the notion that it attempted in good faith to produce the disputed documents timely.  For example, Swift admits that "the last batch" of declarations arrived in Swift's counsel's Phoenix office on August 13, 2012.  Swift then waited until Friday, September 7th to cull the declarations and then waited until the following Monday to have the declarations

---

[2] Plaintiffs' discovery requests to Swift were served on March 2, 2012.

3

Bates-stamped. (Doc. 86, p. 3, ln. 21-26). Late in the evening of September 10th, the declarations were finally provided to Plaintiffs, and the declarants were finally included in Swift's Eleventh Supplemental Disclosures served September 12. Had Swift not served other supplemental discovery responses and disclosures on August 15th, 22nd and 30th, Swift's explanation may be palatable. But even more alarming is the fact that the belated declarations came from Swift's own employees -- and Swift identified over 168 employees in its interrogatory responses served months ago -- none of which include the recent declarants. The notion that these individuals were unknown to Swift until Swift finally disclosed them on September 10th and 12th is simply untenable.

Swift's late disclosures substantially prejudice Plaintiffs' ability to adequately reply to Swift's opposition to class certification. Indeed, Swift's claim that time was necessary to allow the issues to "crystallize" cuts both ways. Plaintiffs are equally entitled to understand the evidence that may be used to oppose class certification, evidence that now includes a litany of confusing declarations riddled with handwritten comments, strikethroughs and other marginalia that beg further examination to determine the veracity of the statements.

Respectfully Submitted,

STUMPHAUZER, O'TOOLE, MCLAUGHLIN,
McGLAMERY & LOUGHMAN CO., LPA

By:  /s/ Matthew A. Dooley
     Matthew A. Dooley
     Anthony R. Pecora
     Dennis M. O'Toole
     5455 Detroit Road
     Sheffield Village, Ohio  44054
     Telephone:  (440) 930-4001
     Facsimile:  (440) 934-7208
     Email:      mdooley@sheffieldlaw.com
                 apecora@sheffieldlaw.com
                 dotoole@sheffieldlaw.com
     *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 20th, 2012, the original and one copy of the foregoing was served via U.S. Mail, Postage Pre-Paid to the following counsel of record:

John F. Lomax, Jr., Esq.
Brian J. Foster, Esq.
Joseph A. Kroeger, Esq.
SNELL & WILMER L.L.P
One Arizona Center
400 E. Van Buren
Phoenix, AZ  85004-2202
*Counsel for Defendant*

       /s/ Matthew A. Dooley
       Matthew A. Dooley
       *Counsel for Plaintiffs*