LUBIN AND ENOCH, P.C.
Stanley Lubin (AZ 003076)
349 North 4th Avenue
Phoenix, Arizona 85003-1505
Telephone:    (602) 234-0008
Facsimile:    (602) 626-3586
Email:        Stan@lubinandenoch.com

STUMPHAUZER, O'TOOLE, McLAUGHLIN,
McGLAMERY & LOUGHMAN CO., LPA
Matthew A. Dooley (OH 0081482)
Anthony R. Pecora (OH 0069660)
Dennis M. O'Toole (OH 0003274)
5455 Detroit Road
Sheffield Village, Ohio  44054
Telephone:    (440) 930-4001
Facsimile:    (440) 934-7208
Email:        mdooley@sheffieldlaw.com
              apecora@sheffieldlaw.com
              dotoole@sheffieldlaw.com

CONSUMER LITIGATION ASSOCIATES, P.C.
Leonard A. Bennett (VA 27523)
Susan M. Rotkis  (VA 40693)
763 J. Clyde Morris Blvd. 1-A
Newport News, VA 23601
Telephone:    (757) 930-3660
Facsimile:    (757) 930-3662
Email:        lenbennett@clalegal.com
              srotkis@clalegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KELVIN D. DANIEL, et al<br><br>Plaintiffs,<br><br>v.<br><br>SWIFT TRANSPORTATION CORPORATION,<br><br>Defendant. | Case No.  2:11-cv-01548-PHX-ROS<br><br>**DECLARATION OF MATTHEW A. DOOLEY**<br><br>Assigned to:  Hon. Roslyn O. Silver |

1

1. I am Matthew A. Dooley, a partner at Stumphauzer, O'Toole, McLaughlin, McGlamery & Loughman, Co. LPA. I have personal knowledge of the facts in this declaration. To the extent I do not have first-hand knowledge of the facts, *e.g.* the size and dates of productions, I have relied on inquiries made to other lawyers and staff assigned to the case with first-hand information of the facts.

2. Plaintiffs propounded their First Set of Interrogatories and Production of Documents ("Plaintiffs' Discovery") upon Swift on March 5, 2012.

3. On April 20, 2012, Swift served its initial objections and responses to Plaintiffs' Discovery, in which Swift identified 168 employees whose job function includes procuring or reviewing consumer reports for employment purposes. [Ex. A]

4. These individuals were not likewise identified in Swift's Rule 26(a)(1) disclosures, and not one of these individuals signed a declaration now in dispute.

5. On April 13, 2012, Swift served its First Supplemental Disclosures attaching 365 pages of documents.

6. On April 23, 2012, Swift served its Second Supplemental Disclosures attaching 122,224 pages of documents.

7. On June 7, 2012, Swift served its Third Supplemental Disclosures attaching 86,311 pages of documents.

8. On July 13, 2012, Swift served its Fourth Supplemental Disclosures attaching 43,363 pages of documents. Swift also produced one thumb drive and one

external hard-drive collectively containing approximately 17 gigabytes of data. In hard-copy form, this data comprises over 1,000,000 pages.

9. On July 23, 2012, Swift served its Fifth Supplemental Disclosures attaching 86,232 pages of documents.

10. On July 25, 2012, Swift served its Sixth Supplemental Disclosures attaching 702 pages of documents.

11. On July 26, 2012, Swift served its Seventh Supplemental Disclosures attaching 3,104 pages of documents.

12. On August 10, 2012, Swift served its Eighth Supplemental Disclosures attaching 298,035 pages of documents.

13. On August 30, Swift served its Ninth Supplemental Disclosure attaching 33,633 pages of documents.

14. On September 10, 2012 Swift served its Tenth Supplemental Disclosures attaching 634 pages of documents.

15. On September 11, 2012, Swift served its Eleventh Supplemental Disclosure attaching 80 pages of documents.

16. The parties have held several "meet and confer" conferences to discuss Plaintiffs' objections to Swift's belated tenth and eleventh disclosures and document production.

17. These discussions included the 38 putative class member declarations produced by Swift for the first time on September 10, 2012 from individuals not previously disclosed to Plaintiffs.

18. Rather, Plaintiffs must move for class certification without an opportunity to cross-examine the declarants and learn why the declarants' signature often does not match handwriting through the declarations, and whether the declarants' even understood the nature of their own declaration.

19. Many declarations are confusing at best, containing phrases like, "If applicable, I passed a drug test" [Ex. B]

20. Some contain what appears to be "suggested verbiage" that the declarants would not have divulged on their own. e.g. "I do not recall whether I reviewed a video about the importance of accurately disclosing my background at the orientation." [Ex. B]

21. Another declarant purports to know that trucking companies run criminal background searches despite having never held a job in the field and still being a trainee. [Ex. B]

22. Another declarant even goes as far as informing the reader that he wants to recover "nothing" from this class action. [Ex. B]

23. Swift's late disclosure and production of these declarations upon Plaintiffs at such a late moment clearly is prejudicial to Plaintiffs ability to address Swift's arguments opposing class certification.

I declare under the penalty of perjury that the foregoing is true and correct.

EXECUTED on this 20th day of September, 2012.



Matthew A. Dooley