1  John F. Lomax, Jr. (#020224)
   Brian J. Foster (#012143)
2  Joseph A. Kroeger (#026036)
   SNELL & WILMER
3  One Arizona Center
   400 E. Van Buren
4  Phoenix, AZ 85004-2202
   Telephone: (602) 382-6000
5  Facsimile: (602) 382-6070
   Email: jlomax@swlaw.com
6          bfoster@swlaw.com
           jkroeger@swlaw.com
7  Attorneys for Defendant

8              IN THE UNITED STATES DISTRICT COURT

9                 FOR THE DISTRICT OF ARIZONA

10

11  KELVIN D. DANIEL, et al

                    Plaintiffs,              Case No.  2:11-cv-01548-PHX-ROS
12
                                             DEFENDANT SWIFT
13  v.                                       TRANSPORTATION CO. OF
                                             ARIZONA, LLC'S RESPONSES TO
14  SWIFT TRANSPORTATION                     PLAINTIFFS' FIRST REQUEST FOR
    CORPORATION,                             PRODUCTION OF DOCUMENTS
15
                    Defendant.
16

17         Defendant Swift Transportation Co. of Arizona, LLC ("Swift") hereby responds to

18  Plaintiffs' First Request for Production of Documents as follows:

19                        **PRELIMINARY STATEMENT**

20         Swift has made a good faith effort to respond to Plaintiffs' discovery requests,

21  interpreting requests to avoid objections where possible and facilitate the discovery

22  process.  Swift reserves the right to supplement or amend responses if Plaintiffs'

23  subsequently assert an interpretation different from that which Swift made in responding.

24  Swift is willing to discuss any objections made herein with Plaintiffs and to take all

25  reasonable steps necessary to resolve any areas of disagreement.

26         In responding to Plaintiffs' discovery requests, Swift has conducted a reasonable

27  inquiry and investigation relating to the information requested.  This inquiry and

28  investigation is ongoing.  The responses set forth herein are made on the basis of Swift's

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

                                                          Exhibit A

current knowledge.  Swift reserves the right to refer to, conduct discovery with reference to, or offer as evidence, such information that may have, in good faith, not been included in the following responses.  Swift expressly reserves the right to amend or supplement its responses, as appropriate, based on further inquiry and investigation.  The information contained in these responses is also subject to correction for errors or omissions.

To the extent that Swift voluntarily discloses documents or information that Plaintiffs may have been able to obtain through appropriate and proper discovery requests, Swift neither waives its objections to such discovery requests, nor limits its right to offer other relevant information and facts at trial.

Nothing herein shall be construed as an admission or waiver of: (i) objections regarding admissibility, competency, relevance, privilege, materiality, or authenticity; (ii) objections due to vagueness, ambiguity, or undue burden; or (iii) Swift's right to object to the use of these documents during any subsequent proceeding, including the trial of this or any other action.

Swift incorporates the foregoing Preliminary Statement into each of the responses below.

## GENERAL OBJECTIONS

Notwithstanding the responses provided below, Swift objects to Plaintiffs' First Request for Production of Documents to the extent they:

1.   are overly broad, vague, ambiguous, or unduly burdensome;

2.   request the disclosure of information that is beyond the scope of discovery, including information and documents not reasonably calculated to lead to the discovery of admissible evidence or not relevant to a claim or defense;

3.   impose duties and obligations on Swift that are inconsistent with or exceed Swift's duties and obligations under the Federal Rules of Civil Procedure, any Court order or rule, or other applicable law;

4.   seek the provision of information already known to Plaintiffs;

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

5.     request disclosure of information or documents protected by the attorney-client privilege and/or the work-product doctrine, or are otherwise subject to any privilege or immunity from disclosure.  To the extent that any privileged or protected information is produced by Swift, its disclosure is inadvertent and shall not constitute a waiver of this objection or any applicable privilege or protection.  Inadvertently produced information should immediately be returned to Swift's counsel;

6.     are not limited to documents in Swift's possession, custody, or control;

7.     request production of documents that have already been produced, or are in Plaintiffs' possession, custody, or control, and/or

8.     request production of documents that are publicly available or otherwise available to Plaintiffs.

Swift also objects to Plaintiffs' definitions and instructions included in its First Request for Production of Documents to the extent that these instructions are ambiguous, inaccurate, inconsistent with or exceed the requirements of the Federal Rules of Civil Procedure, or purport to expand the plain meaning and scope of any specific request for production.

Swift will prepare and produce a privilege log as it continues with the production. The log will cover responsive documents up through the date of the filing of the complaint.

To avoid repetition, Swift incorporates these general objections into each of its responses below.

## REQUEST FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

All documents utilized to formulate, or identified in, your answers to Plaintiffs' First Set of Interrogatories.

### RESPONSE:

Swift objects to Request for Production ("RFP") No. 1 as overly broad and unduly burdensome.  Plaintiffs' First Set of Interrogatories, and each of them, are objectionable

for the reasons stated therein, and those objections are equally applicable to RFP No. 1. Thus, Swift incorporates by reference each of its objections to each specific Interrogatory as if fully set forth herein.

Swift also objects to RFP No. 1 to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine. Swift further objects to RFP No. 1 to the extent that it seeks confidential, proprietary, or otherwise privileged information that is not otherwise known or publicly available to its competitors.

Notwithstanding these objections, in response to RFP No. 1, Swift incorporates by reference its responses and objections to RFP Nos. 2-22, and its disclosure statements as if fully set forth herein.

Discovery is ongoing and to the extent that additional, non-privileged documents are located that have not already been produced, Swift will supplement its response pursuant to Rule 26(e) Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 2:**

All documents regarding the Named Plaintiffs, including applications for employment, all documents signed by the Named Plaintiffs, offers of employment, consumer reports and all documents containing the Named Plaintiffs' names or personal identifiers.

**RESPONSE:**

Swift objects to RFP No. 2 as overly broad and unduly burdensome as not all documents regarding the Named Plaintiffs or containing the Named Plaintiffs' names or personal identifiers will be relevant or material to Plaintiffs' claims in this case. Swift further objects to this request to the extent it calls for electronically stored information that is not readily accessible. Swift also objects to RFP No. 2 to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine. Swift further objects to RFP No. 2 to the extent that it seeks confidential, proprietary, or otherwise privileged information that happens to include the Named Plaintiffs' names or personal identifiers on the documents.

1   RFP No. 2 is also objectionable to the extent that it requests documents that have

2   already been produced or are already in the possession, custody, or control of Plaintiffs, as

3   evidenced by Swift's Initial Disclosure Statement and documents produced

4   contemporaneously therewith. *See, e.g.,* documents Bates-labeled STC0000001-90.

5   Notwithstanding these objections, Swift responds that responsive documents

6   regarding the Named Plaintiffs or containing the Named Plaintiffs' names or personal

7   identifiers have already been produced to Plaintiffs, as identified above.

8   Discovery is ongoing and to the extent that additional, non-privileged documents

9   are located that have not already been produced, Swift will supplement its response

10   pursuant to Rule 26(e) Federal Rules of Civil Procedure.

11   **REQUEST FOR PRODUCTION NO. 3:**

12   For the time period between August 8, 2006 and the present, the complete

13   employment file for each consumer about whom you obtained a consumer report for

14   employment purposes after having in-person contact with such consumer.

15   **RESPONSE:**

16   Swift objects to RFP No. 3 as overly broad and unduly burdensome as Swift

17   receives thousands of applications for employment each year. Swift further objects to this

18   request to the extent it calls for electronically stored information that is not readily

19   accessible. Compliance with this request is onerous and overly burdensome as it requires

20   the production of thousands of applications and other documents, amounting to hundreds

21   of thousands of pages. The defined term "complete employment file," is also overly

22   broad and unduly burdensome as Swift does not maintain all items listed in Plaintiffs'

23   definition (such as emails, faxes, and telephone records) in an applicant's "employment

24   file."

25   Swift also objects to RFP No. 3 as the employment files for all driver applicants

26   since August 8, 2006 are not relevant and not calculated to lead to the discovery of

27   admissible evidence. The two-year statute of limitations period applies to the purported

28   class asserted by Plaintiffs. Accordingly, employment files dated prior to August 8, 2009

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1    are not relevant or material to Plaintiffs' claims in this case.   RFP No. 3 is also not

2    relevant to the extent that it requests the complete employment file for all applicants,

3    rather than applicants who applied for driver positions.   The representatives of the

4    purported class, the Named Plaintiffs, all applied for driver positions with Swift.

5    Accordingly, the employment files for non-driver applicants are not relevant or reasonably

6    calculated to lead to the discovery of admissible evidence to support Plaintiffs' claims or

7    efforts to certify the purported class.

8         Swift further objects to RFP No. 3 to the extent that it seeks confidential,

9    proprietary, or otherwise privileged information that is not otherwise known or publicly

10   available to its competitors, such as the names of, and information regarding, any persons

11   that were provided to Swift by any consumer reporting agency.   Certain information is

12   also subject to the confidentiality provision and other terms of the written contracts

13   between Swift and certain consumer reporting agencies.   RFP No. 3 is also objectionable

14   to the extent that it calls for a legal conclusion prior to production of whether Swift

15   obtained a consumer report regarding a consumer for employment purposes under the

16   FCRA.

17        Notwithstanding these objections, Swift is producing documents containing the

18   data from applications submitted by individuals seeking driver positions at Swift as it

19   exists in the proprietary electronic databases Swift employees use during the recruiting

20   and hiring process. *See, e.g.*, documents Bates-labeled STC000456-099883, STC104789-

21   113111.

22        Discovery is ongoing and to the extent that additional, non-privileged documents

23   are located that have not already been produced, Swift will supplement its response

24   pursuant to Rule 26(e) Federal Rules of Civil Procedure.

25   **REQUEST FOR PRODUCTION NO. 4:**

26        For the time period between August 8, 2006 and the present, the complete

27   employment file for each consumer about whom you obtained a consumer report for

28   employment purposes before having in-person contact with such consumer.

1 **RESPONSE:**

2     Swift objects to RFP No. 4 as overly broad and unduly burdensome as Swift

3 receives thousands of applications for employment each year. Swift further objects to this

4 request to the extent it calls for electronically stored information that is not readily

5 accessible. Compliance with this request is onerous and overly burdensome as it requires

6 the production of thousands of applications and other documents, amounting to hundreds

7 of thousands of pages. The defined term "complete employment file," is also overly

8 broad and unduly burdensome as Swift does not maintain all items listed in Plaintiffs'

9 definition (such as emails, faxes, and telephone records) in an applicant's "employment

10 file."

11     Swift also objects to RFP No. 4 as the employment files for all driver applicants

12 since August 8, 2006 are not relevant and not calculated to lead to the discovery of

13 admissible evidence. The two-year statute of limitations period applies to the purported

14 class asserted by Plaintiffs. Accordingly, employment files dated prior to August 8, 2009

15 are not relevant or material to Plaintiffs' claims in this case. RFP No. 4 is also not

16 relevant to the extent that it requests the complete employment file for all consumers,

17 rather than applicants for driver positions. The representatives of the purported class, the

18 Named Plaintiffs, all applied for driver positions with Swift. Accordingly, the

19 employment files for non-driver applicants are not relevant or reasonably calculated to

20 lead to the discovery of admissible evidence to support Plaintiffs' claims or efforts to

21 certify the purported class.

22     Swift further objects to RFP No. 4 to the extent that it seeks confidential,

23 proprietary, or otherwise privileged information that is not otherwise known or publicly

24 available to its competitors, such as the names of, and information regarding, any persons

25 that were provided to Swift by any consumer reporting agency. Certain information is

26 also subject to the confidentiality provision and other terms of the written contracts

27 between Swift and certain consumer reporting agencies. RFP No. 4 is also objectionable

28 to the extent that it calls for a legal conclusion prior to production of whether Swift

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1   obtained a consumer report regarding a consumer for employment purposes under the

2   FCRA.

3       Notwithstanding these objections, Swift is producing documents containing the

4   data from applications submitted by individuals seeking driver positions at Swift as it

5   exists in the proprietary electronic databases Swift employees use during the recruiting

6   and hiring process. *See, e.g.*, documents Bates-labeled STC000456-099883, STC104789-

7   113111.

8       Discovery is ongoing and to the extent that additional, non-privileged documents

9   are located that have not already been produced, Swift will supplement its response

10  pursuant to Rule 26(e) Federal Rules of Civil Procedure.

11  **REQUEST FOR PRODUCTION NO. 5:**

12      For the time period between August 8, 2006 and the present, the complete

13  employment file for each consumer against whom you took adverse action based in whole

14  or in part upon information contained in a consumer report before having in-person

15  contact with such consumer.

16  **RESPONSE:**

17      Swift objects to RFP No. 5 as overly broad and unduly burdensome as Swift

18  receives thousands of applications for employment each year. Swift further objects to this

19  request to the extent it calls for electronically stored information that is not readily

20  accessible. Compliance with this request is onerous and overly burdensome as it requires

21  the production of thousands of applications and other documents, amounting to hundreds

22  of thousands of pages. The defined term "complete employment file," is also overly

23  broad and unduly burdensome as Swift does not maintain all items listed in Plaintiffs'

24  definition (such as emails, faxes, and telephone records) in an applicant's "employment

25  file."

26      Swift also objects to RFP No. 5 as the employment files for all driver applicants

27  since August 8, 2006 are not relevant and not calculated to lead to the discovery of

28  admissible evidence. The two-year statute of limitations period applies to the purported

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1   class asserted by Plaintiffs. Accordingly, employment files dated prior to August 8, 2009

2   are not relevant or material to Plaintiffs' claims in this case. RFP No. 5 is also not

3   relevant to the extent that it requests the complete employment file for all applicants,

4   rather than applicants for driver positions. The representatives of the purported class, the

5   Named Plaintiffs, all applied for driver positions with Swift. Accordingly, the

6   employment files for non-driver applicants are not relevant or reasonably calculated to

7   lead to the discovery of admissible evidence to support Plaintiffs' claims or efforts to

8   certify the purported class.

9        Swift further objects to RFP No. 5 to the extent that it seeks confidential,

10   proprietary, or otherwise privileged information that is not otherwise known or publicly

11   available to its competitors, such as the names of, and information regarding, any persons

12   that were provided to Swift by any consumer reporting agency. Certain information is

13   also subject to the confidentiality provision and other terms of the written contracts

14   between Swift and certain consumer reporting agencies. RFP No. 5 is also objectionable

15   to the extent that it calls for a legal conclusion prior to production of whether Swift

16   obtained a consumer report regarding a consumer for employment purposes under the

17   FCRA and whether Swift took adverse action against that consumer based in whole or in

18   part on information contained in a consumer report.

19        Notwithstanding these objections, Swift is producing documents containing the

20   data from applications submitted by individuals seeking driver positions at Swift as it

21   exists in the proprietary electronic databases Swift employees use during the recruiting

22   and hiring process. *See, e.g.*, documents Bates-labeled STC000456-099883, STC104789-

23   113111.

24        Discovery is ongoing and to the extent that additional, non-privileged documents

25   are located that have not already been produced, Swift will supplement its response

26   pursuant to Rule 26(e) Federal Rules of Civil Procedure.

27

28

**REQUEST FOR PRODUCTION NO. 6:**

For the time period between August 8, 2006 and the present, the complete employment file for each consumer against whom you took adverse action based in whole or in part upon information contained in a consumer report after having in-person contact with such consumer.

**RESPONSE:**

Swift objects to RFP No. 6 as overly broad and unduly burdensome as Swift receives thousands of applications for employment each year. Swift further objects to this request to the extent it calls for electronically stored information that is not readily accessible. Compliance with this request is onerous and overly burdensome as it requires the production of thousands of applications and other documents, amounting to hundreds of thousands of pages. The defined term "complete employment file," is also overly broad and unduly burdensome as Swift does not maintain all items listed in Plaintiffs' definition (such as emails, faxes, and telephone records) in an applicant's "employment file."

Swift also objects to RFP No. 6 as the employment files for all driver applicants since August 8, 2006 are not relevant and not calculated to lead to the discovery of admissible evidence. The two-year statute of limitations period applies to the purported class asserted by Plaintiffs. Accordingly, employment files dated prior to August 8, 2009 are not relevant or material to Plaintiffs' claims in this case. RFP No. 6 is also not relevant to the extent that it requests the complete employment file for all applicants, rather than applicants for driver positions, who applied to Swift since August 8, 2006. The representatives of the purported class, the Named Plaintiffs, all applied for driver positions with Swift. Accordingly, the employment files for non-driver applicants are not relevant or reasonably calculated to lead to the discovery of admissible evidence to support Plaintiffs' claims or efforts to certify the purported class.

Swift further objects to RFP No. 6 to the extent that it seeks confidential, proprietary, or otherwise privileged information that is not otherwise known or publicly

- 10 -

available to its competitors, such as the names of, and information regarding, any persons that were provided to Swift by any consumer reporting agency.  Certain information is also subject to the confidentiality provision and other terms of the written contracts between Swift and certain consumer reporting agencies.  RFP No. 6 is also objectionable to the extent that it calls for a legal conclusion prior to production of whether Swift obtained a consumer report regarding a consumer for employment purposes under the FCRA and whether Swift took adverse action against that consumer based in whole or in part on information contained in a consumer report.

Notwithstanding these objections, Swift is producing documents containing the data from applications submitted by individuals seeking driver positions at Swift as it exists in the proprietary electronic databases Swift employees use during the recruiting and hiring process. *See, e.g.*, documents Bates-labeled STC000456-099883, STC104789-113111.

Discovery is ongoing and to the extent that additional, non-privileged documents are located that have not already been produced, Swift will supplement its response pursuant to Rule 26(e) Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 7:**

For the time period between August 8, 2006 and the present, all documents that detail your procedure for hiring and screening employees, including the use of paper and online employment applications, authorizations to obtain consumer reports for employment purposes, disclosures that consumer reports will be obtained for employment purposes, and any other documents exchanged between you and the applicant from the beginning of the application process until the applicant is either hired or rejected for employment or the process otherwise ends.

**RESPONSE:**

Swift objects to RFP No. 7 as overly broad and unduly burdensome to the extent that it requests <u>all</u> documents detailing Swift's procedures for hiring and screening employees.    While Swift maintains official procedures for hiring and screening

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

employees, informal instructions may be conveyed through notes or other types of communication that are not obtainable through any reasonable means of searching Swift's files. Swift further objects to this request to the extent it calls for electronically stored information that is not readily accessible. Moreover, RFP No. 7 is overbroad because not all of Swift's procedures for hiring and screening employees are relevant to Plaintiffs' claims under the FCRA.

Swift also objects to RFP No. 7 as all documents detailing Swift's hiring and screening procedures since August 8, 2006 are not relevant and not calculated to lead to the discovery of admissible evidence. The two-year statute of limitations period applies to the purported class asserted by Plaintiffs. Accordingly, documents detailing Swift's hiring and screening procedures prior to August 8, 2009 are not relevant or material to Plaintiffs' claims in this case. RFP No. 7 is also not relevant to the extent that it requests documents detailing Swift's hiring and screening procedures for non-driver applicants, rather than applicants for driver positions. The representatives of the purported class, the Named Plaintiffs, all applied for driver positions with Swift. Accordingly, documents detailing Swift's hiring and screening procedures for non-driver applicants are not relevant or reasonably calculated to lead to the discovery of admissible evidence to support Plaintiffs' claims or efforts to certify the purported class.

Swift further objects to RFP No. 7 to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine. RFP No. 7 is also objectionable to the extent that it seeks confidential, proprietary, or otherwise privileged information regarding Swift's hiring and screening procedures that are not otherwise known or publicly available to its competitors.

Notwithstanding these objections, Swift responds that responsive documents detailing Swift's hiring and screening procedures have already been produced to Plaintiffs, as evidenced by Swift's First Supplemental Disclosure Statement and documents produced contemporaneously therewith. *See, e.g.,* documents Bates-labeled STC000091-455.

Discovery is ongoing and to the extent that additional, non-privileged documents are located that have not already been produced, Swift will supplement its response pursuant to Rule 26(e) Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 8:**

For the time period between August 8, 2006 and the present, all documents that contain your policies or procedures for complying with 15 U.S.C. § 1681b(b).

**RESPONSE:**

Swift objects to RFP No. 8 as overly broad and unduly burdensome to the extent that it requests <u>all</u> documents containing Swift's policies or procedures for complying with 15 U.S.C. § 1681b(b).  While Swift maintains official policies and procedures for compliance, informal instructions may be conveyed through notes or other types of communication that are not obtainable through any reasonable means of searching Swift's files.

Swift also objects to RFP No. 8 as all documents containing Swift's policies or procedures since August 8, 2006 are not relevant and not calculated to lead to the discovery of admissible evidence.  The two-year statute of limitations period applies to the purported class asserted by Plaintiffs.  Accordingly, documents containing Swift's policies or procedures prior to August 8, 2009 are not relevant or material to Plaintiffs' claims in this case.  RFP No. 8 is also not relevant to the extent that it requests policies or procedures related to non-driver applicants, rather than applicants for driver positions. The representatives of the purported class, the Named Plaintiffs, all applied for driver positions with Swift.  Accordingly, policies or procedures related to non-driver applicants are not relevant or reasonably calculated to lead to the discovery of admissible evidence to support Plaintiffs' claims or efforts to certify the purported class.

Swift further objects to RFP No. 8 to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine.  RFP No. 8 is also objectionable to the extent that it seeks confidential, proprietary, or otherwise privileged

1   information regarding Swift's policies or procedures that are not otherwise known or

2   publicly available to its competitors.

3        Notwithstanding these objections, Swift responds that responsive documents

4   containing Swift's policies or procedures have already been produced to Plaintiffs, as

5   evidenced by Swift's First Supplemental Disclosure Statement and documents produced

6   contemporaneously therewith. *See, e.g.,* documents Bates-labeled STC000091-455.

7        Discovery is ongoing and to the extent that additional, non-privileged documents

8   are located that have not already been produced, Swift will supplement its response

9   pursuant to Rule 26(e) Federal Rules of Civil Procedure.

10  **REQUEST FOR PRODUCTION NO. 9:**

11       For the time period between August 8, 2006 and the present, any written contracts

12  between you and any consumer reporting agency that provided consumer reports to you

13  for employment purposes.

14  **RESPONSE:**

15       Swift objects to RFP No. 9 as written contracts between Swift and a consumer

16  reporting agency since August 8, 2006 are not relevant and not calculated to lead to the

17  discovery of admissible evidence.  Any written contract between Swift and a consumer

18  reporting agency will not be material to Plaintiffs' claims or efforts to certify the

19  purported class.  Moreover, the two-year statute of limitations period applies to the

20  purported class asserted by Plaintiffs.  Accordingly, any written contracts between Swift

21  and a consumer reporting agency prior to August 8, 2009 are not relevant or material to

22  Plaintiffs' claims in this case.  RFP No. 9 is also not relevant to the extent that it requests

23  written contracts between Swift and a consumer reporting agency regarding non-driver

24  applicants, rather than applicants for driver positions.   The representatives of the

25  purported class, the Named Plaintiffs, all applied for driver positions with Swift.

26  Accordingly, written contracts between Swift and a consumer reporting agency regarding

27  non-driver applicants are not relevant or reasonably calculated to lead to the discovery of

28  admissible evidence to support Plaintiffs' claims or efforts to certify the purported class.

1    Swift further objects to RFP No. 9 to the extent that it seeks confidential,

2  proprietary, or otherwise privileged information that are not otherwise known or publicly

3  available to its competitors, such as the terms and conditions of the written contracts and

4  any pricing or invoice information.   Certain information is also subject to the

5  confidentiality provision and other terms of the written contracts between Swift and

6  certain consumer reporting agencies.

7    Notwithstanding these objections, Swift responds that the written contract between

8  Swift and HireRight is Bates-labeled STC126609-126617.

9    Discovery is ongoing and to the extent that additional, non-privileged documents

10  are located that have not already been produced, Swift will supplement its response

11  pursuant to Rule 26(e) Federal Rules of Civil Procedure.

12  **REQUEST FOR PRODUCTION NO. 10:**

13    For the time period between August 8, 2006 and the present, all documents and

14  communications exchanged between you and any consumer reporting agency, other than

15  those regarding any specific third party individual consumer.

16  **RESPONSE:**

17    Swift objects to RFP No. 10 as all documents and communications exchanged

18  between Swift and any consumer reporting agency since August 8, 2006 are not relevant

19  and not calculated to lead to the discovery of admissible evidence.  Swift further objects to

20  this request to the extent it calls for electronically stored information that is not readily

21  accessible.   Not all documents or communications exchanged between Swift and a

22  consumer reporting agency will be material to Plaintiffs' claims or efforts to certify the

23  purported class.   Moreover, the two-year statute of limitations period applies to the

24  purported class asserted by Plaintiffs.  Accordingly, any documents or communications

25  exchanged between Swift and a consumer reporting agency prior to August 8, 2009 are

26  not relevant or material to Plaintiffs' claims in this case.  RFP No. 10 is also not relevant

27  to the extent that it requests documents or communications exchanged between Swift and

28  a consumer reporting agency regarding non-driver applicants, rather than applicants for

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

driver positions. The representatives of the purported class, the Named Plaintiffs, all applied for driver positions with Swift. Accordingly, documents and communications exchanged between Swift and a consumer reporting agency regarding non-driver applicants are not relevant or reasonably calculated to lead to the discovery of admissible evidence to support Plaintiffs' claims or efforts to certify the purported class.

Swift further objects to RFP No. 10 to the extent that it seeks confidential, proprietary, or otherwise privileged information that are not otherwise known or publicly available to its competitors, such as the terms and conditions of the written contracts and any pricing or invoice information. Certain information is also subject to the confidentiality provision and other terms of the written contracts between Swift and certain consumer reporting agencies. In addition, Swift objects to RFP No. 10 to the extent that communications or documents exchanged between Swift and any consumer reporting agency is no longer in the possession, custody, or control of Swift.

Notwithstanding these objections, Swift responds by producing documents Bates-labeled STC099884-104788 and STC113112-126239, which include emails and attachments between Swift employees and HireRight.

Discovery is ongoing and to the extent that additional, non-privileged documents are located that have not already been produced, Swift will supplement its response pursuant to Rule 26(e) Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 11:**

For the time period between August 8, 2006 and the present, all internal communications, memoranda, policies or training materials concerning or involving your hiring procedures, retention procedures, or FCRA compliance procedures.

**RESPONSE:**

Swift objects to RFP No. 11 as overly broad and unduly burdensome to the extent that it requests <u>all</u> internal communications, memoranda, policies or training materials concerning or involving Swift's hiring procedures, retention procedures, or FCRA compliance procedures. While Swift maintains official procedures for hiring, retention,

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

and FCRA compliance, informal instructions and training may be conveyed through notes or other types of communication that are not obtainable through any reasonable means of searching Swift's files.  Swift further objects to this request to the extent it calls for electronically stored information that is not readily accessible.  Moreover, RFP No. 11 is overbroad because not all communications, memoranda, policies or training materials concerning or involving Swift's hiring or retention procedures are relevant to Plaintiffs' claims under the FCRA.

Swift also objects to RFP No. 11 as all the requested documents concerning or involving Swift's hiring, retention, and FCRA compliance procedures since August 8, 2006 are not relevant and not calculated to lead to the discovery of admissible evidence. The two-year statute of limitations period applies to the purported class asserted by Plaintiffs.  Accordingly, the requested documents concerning or involving Swift's hiring, retention, and FCRA compliance procedures prior to August 8, 2009 are not relevant or material to Plaintiffs' claims in this case.  RFP No. 11 is also not relevant to the extent that it requests such documents concerning non-driver applicants, rather than applicants for driver positions.  The representatives of the purported class, the Named Plaintiffs, all applied for driver positions with Swift.  Accordingly, the requested documents concerning or involving Swift's hiring, retention, and FCRA compliance procedures for non-driver applicants are not relevant or reasonably calculated to lead to the discovery of admissible evidence to support Plaintiffs' claims or efforts to certify the purported class.

Swift further objects to RFP No. 11 to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine.  RFP No. 11 is also objectionable to the extent that it seeks confidential, proprietary, or otherwise privileged information regarding Swift's hiring, retention, and FCRA compliance procedures that are not otherwise known or publicly available to its competitors.  Certain information is also subject to the confidentiality provision and other terms of the written contracts between Swift and certain consumer reporting agencies.

1    Notwithstanding these objections, Swift responds by producing documents Bates-
2    labeled STC099884-104788 and STC113112-126239, which include emails and
3    attachments between Swift employees relating to hiring, retention, or FCRA compliance.
4    Swift also responds that certain policies and training materials have already been
5    produced to Plaintiffs, as evidenced by Swift's First Supplemental Disclosure Statement
6    and documents produced contemporaneously therewith. *See, e.g.,* documents Bates-
7    labeled STC000091-455.

8    Discovery is ongoing and to the extent that additional, non-privileged documents
9    are located that have not already been produced, Swift will supplement its response
10   pursuant to Rule 26(e) Federal Rules of Civil Procedure.

11   **REQUEST FOR PRODUCTION NO. 12:**

12   For the time period between August 8, 2006 and the present, all communications,
13   memoranda, policies or training governing your use of consumer reports for employment
14   purposes.

15   **RESPONSE:**

16   Swift objects to RFP No. 12 as overly broad and unduly burdensome to the extent
17   that it requests <u>all</u> communications, memoranda, policies or training governing Swift's use
18   of consumer reports.   Swift further objects to this request to the extent it calls for
19   electronically stored information that is not readily accessible.  Informal instructions and
20   training may be conveyed through notes or other types of communication that are not
21   obtainable through any reasonable means of searching Swift's files.  Moreover, RFP No.
22   12 is overbroad because not all communications, memoranda, policies or training
23   governing Swift's use of consumer reports will be relevant to Plaintiffs' claims under the
24   FCRA.

25   Swift also objects to RFP No. 12 as the requested documents governing Swift's use
26   of consumer reports since August 8, 2006 are not relevant and not calculated to lead to the
27   discovery of admissible evidence.  The two-year statute of limitations period applies to the
28   purported class asserted by Plaintiffs.  Accordingly, the requested documents governing

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Swift's use of consumer reports prior to August 8, 2009 are not relevant or material to Plaintiffs' claims in this case. RFP No. 12 is also not relevant to the extent that it requests such documents governing Swift's use of consumer reports as to non-driver applicants, rather than applicants for driver positions. The representatives of the purported class, the Named Plaintiffs, all applied for driver positions with Swift. Accordingly, the requested documents governing the use of consumer reports as to non-driver applicants are not relevant or reasonably calculated to lead to the discovery of admissible evidence to support Plaintiffs' claims or efforts to certify the purported class.

In addition, Swift objects to RFP No. 12 to the extent that it seeks information protected by the attorney-client privilege and/or the work-product doctrine. RFP No. 12 is also objectionable to the extent that it seeks confidential, proprietary, or otherwise privileged information regarding Swift's policies and use of consumer reports that are not otherwise known or publicly available to its competitors. Certain information is also subject to the confidentiality provision and other terms of the written contracts between Swift and certain consumer reporting agencies.

Notwithstanding these objections, Swift responds by producing documents Bates-labeled STC099884-104788 and STC113112-126239, which include emails and attachments. Swift also responds that certain policies and training materials have already been produced to Plaintiffs, as evidenced by Swift's First Supplemental Disclosure Statement and documents produced contemporaneously therewith. *See, e.g.,* documents Bates-labeled STC000091-455.

Discovery is ongoing and to the extent that additional, non-privileged documents are located that have not already been produced, Swift will supplement its response pursuant to Rule 26(e) Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 13:**

For the time period between August 8, 2006 and the present, all materials you used to train employees about your obligations under the FCRA.

**RESPONSE:**

Swift objects to RFP No. 13 as overly broad and unduly burdensome to the extent that it requests <u>all</u> materials used to train employees about Swift's obligations under the FCRA.  Informal instructions and training may be conveyed through notes or other types of communication, such as e-mail, that are not obtainable through any reasonable means of searching Swift's files.

Swift also objects to RFP No. 13 as all materials used to train employees about Swift's obligations under the FCRA since August 8, 2006 are not relevant and not calculated to lead to the discovery of admissible evidence.  The two-year statute of limitations period applies to the purported class asserted by Plaintiffs.  Accordingly, materials Swift used to train employees prior to August 8, 2009 are not relevant or material to Plaintiffs' claims in this case.  RFP No. 13 is also not relevant to the extent that it requests such materials as to non-driver applicants, rather than applicants for driver positions.  The representatives of the purported class, the Named Plaintiffs, all applied for driver positions with Swift.  Accordingly, the requested documents as to non-driver applicants are not relevant or reasonably calculated to lead to the discovery of admissible evidence to support Plaintiffs' claims or efforts to certify the purported class.

Swift further objects to RFP No. 13 to the extent that it seeks confidential, proprietary, or otherwise privileged information regarding materials Swift used to train employees that are not otherwise known or publicly available to its competitors.

Notwithstanding these objections, Swift responds that materials used to train employees about Swift's obligations under the FCRA have already been produced to Plaintiffs, as evidenced by Swift's First Supplemental Disclosure Statement and documents produced contemporaneously therewith.  *See, e.g.,* documents Bates-labeled STC000091-455.

Discovery is ongoing and to the extent that additional, non-privileged documents are located that have not already been produced, Swift will supplement its response pursuant to Rule 26(e) Federal Rules of Civil Procedure.

- 20 -

**REQUEST FOR PRODUCTION NO. 14:**

For the time period between August 8, 2006 and the present, provide a copy of each version of the rights of the consumer prescribed by the Federal Trade Commission under 15 U.S.C. § 1681g (c)(3) provided by you to consumers against whom you took adverse action based in whole or in part upon information contained in a consumer report obtained after having in-person contact with such consumer.

**RESPONSE:**

Swift objects to RFP No. 14 as the requested documents provided by Swift to applicants since August 8, 2006 are not relevant and not calculated to lead to the discovery of admissible evidence. The two-year statute of limitations period applies to the purported class asserted by Plaintiffs. Accordingly, the requested documents provided by Swift prior to August 8, 2009 are not relevant or material to Plaintiffs' claims in this case. RFP No. 14 is also not relevant to the extent that it requests documents provided by Swift to non-driver applicants, rather than applicants for driver positions. The representatives of the purported class, the Named Plaintiffs, all applied for driver positions with Swift. Accordingly, the requested documents provided by Swift to non-driver applicants are not relevant or reasonably calculated to lead to the discovery of admissible evidence to support Plaintiffs' claims or efforts to certify the purported class.

Swift also objects to RFP No. 14 to the extent that it calls for a legal conclusion prior to production regarding whether Swift obtained a consumer report regarding a consumer for employment purposes under the FCRA and whether Swift took adverse action against that consumer based in whole or in part on information contained in a consumer report.

Notwithstanding these objections, Swift responds that the section cited by Plaintiffs, 15 U.S.C. 1681g (c)(3), does not exist. Accordingly, Swift responds that it is not currently aware of any documents responsive to RFP No. 14.

Discovery is ongoing and to the extent that additional, non-privileged documents are located that have not already been produced, Swift will supplement its response

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1  pursuant to Rule 26(e) Federal Rules of Civil Procedure.

2  **REQUEST FOR PRODUCTION NO. 15:**

3      Copies of all e-mails and other written correspondence between you and the

4  Named Plaintiffs.

5  **RESPONSE:**

6      Swift objects to RFP No. 15 to the extent that it requests documents that are

7  already in the possession, custody, or control of Plaintiffs.

8      Notwithstanding this objection, Swift responds that it has been unable to locate any

9  e-mails or other written correspondence between Swift and the Named Plaintiffs.  Swift

10  also incorporates by reference its response and objections to RFP No. 2 as if fully set forth

11  herein.

12      Discovery is ongoing and to the extent that additional, non-privileged documents

13  are located that have not already been produced, Swift will supplement its response

14  pursuant to Rule 26(e) Federal Rules of Civil Procedure.

15  **REQUEST FOR PRODUCTION NO. 16:**

16      For the time period between August 8, 2006 and the present, contracts,

17  memorandums of understanding or other documentation that establish obligations of the

18  parties between you and Hireright Solutions, Inc. or any other consumer reporting agency

19  that you used to procure consumer reports for employment purposes.

20  **RESPONSE:**

21      Swift objects to RFP No. 16 as the requested documents that establish obligations

22  between Swift and HireRight Solutions, Inc. ("HireRight") since August 8, 2006 are not

23  relevant and not calculated to lead to the discovery of admissible evidence.  Any contract

24  between Swift and HireRight Solutions, Inc. ("HireRight") will not be material to

25  Plaintiffs' claims or efforts to certify the purported class.  Moreover, the two-year statute

26  of limitations period applies to the purported class asserted by Plaintiffs.  Accordingly,

27  any documents that establish obligations between Swift and HireRight prior to August 8,

28  2009 are not relevant or material to Plaintiffs' claims in this case.  RFP No. 16 is also not

relevant to the extent that it requests documents between Swift and Hireright regarding non-driver applicants, rather than applicants for driver positions. The representatives of the purported class, the Named Plaintiffs, all applied for driver positions with Swift. Accordingly, documents between Swift and HireRight regarding non-driver applicants are not relevant or reasonably calculated to lead to the discovery of admissible evidence to support Plaintiffs' claims or efforts to certify the purported class.

Swift also objects to RFP No. 16 to the extent that it seeks confidential, proprietary, or otherwise privileged information that are not otherwise known or publicly available to its competitors, such as the terms and conditions of the contracts between Swift and HireRight and any pricing or invoice information. Certain information is also subject to the confidentiality provision and other terms of the contracts between Swift and HireRight.

Notwithstanding these objections, in response to RFP No. 16, Swift incorporates its responses and objections to RFP Nos. 9-10 as if fully set forth herein.

Discovery is ongoing and to the extent that additional, non-privileged documents are located that have not already been produced, Swift will supplement its response pursuant to Rule 26(e) Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 17:**

For the time period between August 8, 2006 and the present, all communications from you to any consumer reporting agency evidencing your certification to comply with the FCRA pursuant to 15 U.S.C. § 1681b(b)(1).

**RESPONSE:**

Swift objects to RFP No. 17 as the requested communications from Swift to any consumer reporting agency since August 8, 2006 are not relevant and not calculated to lead to the discovery of admissible evidence. The two-year statute of limitations period applies to the purported class asserted by Plaintiffs. Accordingly, any communications between Swift and any consumer reporting agency prior to August 8, 2009 are not relevant or material to Plaintiffs' claims in this case. RFP No. 17 is also not relevant to

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

the extent that it requests communications between Swift and any consumer reporting agency regarding FCRA compliance for non-driver applicants, rather than applicants for driver positions.  The representatives of the purported class, the Named Plaintiffs, all applied for driver positions with Swift.  Accordingly, communications between Swift and any consumer reporting agency regarding FCRA compliance for non-driver applicants are not relevant or reasonably calculated to lead to the discovery of admissible evidence to support Plaintiffs' claims or efforts to certify the purported class.  Swift further objects to this request to the extent it calls for electronically stored information that is not readily accessible.

Swift also objects to RFP No. 17 to the extent that it seeks confidential, proprietary, or otherwise privileged information that are not otherwise known or publicly available to its competitors, such as the terms and conditions of the contracts between Swift and consumer reporting agencies and any pricing or invoice information.  Certain information is also subject to the confidentiality provision and other terms of the contracts between Swift and certain consumer reporting agencies.  Swift further objects to RFP No. 17 to the extent that communications from Swift to any consumer reporting agency is no longer in the possession, custody, or control of Swift.

Notwithstanding these objections, in response to RFP No. 17, Swift incorporates its responses and objections to RFP Nos. 9-10, 16 as if fully set forth herein.

Discovery is ongoing and to the extent that additional, non-privileged documents are located that have not already been produced, Swift will supplement its response pursuant to Rule 26(e) Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 18:**

For the time period between August 8, 2006 and the present, native (.eml or similar format) copies of internal emails between your employees or agents regarding or relating in any way to adverse hiring decisions based in whole or in part upon information contained in a consumer report, or containing any of the following search terms: FCRA, adverse action, pre-adverse action, hire, not qualified, criminal, felony, or DAC.

**RESPONSE:**

Swift objects to RFP No. 18 as overly broad and unduly burdensome as Swift receives thousands of applications for employment each year. Swift further objects to this request to the extent it calls for electronically stored information that is not readily accessible. Swift currently employs over one-hundred employees who are involved in some way with the hiring and screening process for drivers to work at Swift. Each of these individuals would have copies of internal emails regarding or relating in any way to adverse hiring decisions based in whole or in part upon information contained in a consumer report. Compliance with this request is onerous and overly burdensome as it requires reviewing emails of over one-hundred individuals and a subsequent production of thousands of pages of emails, many of which likely have marginal, if any, value to Plaintiffs' claims.

Swift also objects to RFP No. 18 as the term "adverse hiring decisions" is vague and ambiguous. Plaintiffs do not define adverse hiring decisions, and it is unclear to Swift what, other than declining to hire an applicant, constitutes adverse hiring decisions.

Swift further objects to RFP No. 18 as internal emails regarding adverse hiring decisions based in whole or in part upon information contained in a consumer report since August 8, 2006 are not relevant and not calculated to lead to the discovery of admissible evidence. The two-year statute of limitations period applies to the purported class asserted by Plaintiffs. Accordingly, emails dated prior to August 8, 2009 are not relevant or material to Plaintiffs' claims in this case. RFP No. 18 is also not relevant to the extent that it requests emails regarding adverse hiring decisions for non-drivers, rather than drivers. The representatives of the purported class, the Named Plaintiffs, all applied for driver positions with Swift. Accordingly, emails regarding adverse hiring decisions for non-driver applicants are not relevant or reasonably calculated to lead to the discovery of admissible evidence to support Plaintiffs' claims or efforts to certify the purported class.

In addition, Swift objects to RFP No. 18 to the extent that it calls for a legal conclusion prior to production regarding whether Swift made an adverse hiring decision based in whole or in part on information contained in a consumer report.

Notwithstanding these objections, Swift responds by producing documents Bates-labeled STC099884-104788 and STC113112-126239, which include emails and attachments between Swift employees relating to hiring decisions.

Discovery is ongoing and to the extent that additional, non-privileged documents are located that have not already been produced, Swift will supplement its response pursuant to Rule 26(e) Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 19:**

For the time period between August 8, 2006 and the present, native (.eml or similar format) copies of e-mails between your management employees, or your recruitment or human resource personnel and consumers regarding decisions not to hire said consumers based in whole or in part upon information contained in a consumer report.

**RESPONSE:**

Swift objects to RFP No. 19 as overly broad and unduly burdensome as Swift receives thousands of applications for employment each year. Swift further objects to this request to the extent it calls for electronically stored information that is not readily accessible. Swift currently employs over one-hundred employees who are involved in some way with the hiring and screen processing for drivers to work at Swift. Each of these individuals would have copies of internal emails regarding or relating in any way to decisions not to hire an applicant based in whole or in part upon information contained in a consumer report. Compliance with this request is onerous and overly burdensome as it requires reviewing emails of over one-hundred individuals and a subsequent production of thousands of pages of emails, many of which would likely have marginal, if any, value to Plaintiffs' claims.

Swift also objects to RFP No. 19 as emails regarding decisions not to hire applicants based in whole or in part upon information contained in a consumer report

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

since August 8, 2006 are not relevant and not calculated to lead to the discovery of admissible evidence. The two-year statute of limitations period applies to the purported class asserted by Plaintiffs. Accordingly, emails dated prior to August 8, 2009 are not relevant or material to Plaintiffs' claims in this case. RFP No. 19 is also not relevant to the extent that it requests emails regarding decisions not to hire non-drivers, rather than applicants for driver positions. The representatives of the purported class, the Named Plaintiffs, all applied for driver positions with Swift. Accordingly, emails regarding decisions not to hire non-driver applicants are not relevant or reasonably calculated to lead to the discovery of admissible evidence to support Plaintiffs' claims or efforts to certify the purported class.

In addition, Swift objects to RFP No. 19 to the extent that it calls for a legal conclusion prior to production regarding whether Swift made a decision not to hire an applicant based in whole or in part on information contained in a consumer report.

Notwithstanding these objections, Swift responds by producing documents Bates-labeled STC099884-104788 and STC113112-126239, which include emails and attachments between Swift employees relating to hiring decisions.

Discovery is ongoing and to the extent that additional, non-privileged documents are located that have not already been produced, Swift will supplement its response pursuant to Rule 26(e) Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 20:**

A copy of financial statements or corporate disclosures evidencing your net worth in 2010 and 2011.

**RESPONSE:**

Swift objects to RFP No. 20 because Swift's net worth in 2010 and 2011 is not reasonably calculated to lead to the discovery of admissible evidence. Swift's net worth is not material to support Plaintiffs' claims or efforts to certify the purported class. Until Plaintiffs' purported class is certified and Plaintiffs can show an entitlement to punitive damages, the documents requested in RFP No. 20 are not relevant.

1    Discovery is ongoing and to the extent that additional, non-privileged documents

2    are located that have not already been produced, Swift will supplement its response

3    pursuant to Rule 26(e) Federal Rules of Civil Procedure.

4    **REQUEST FOR PRODUCTION NO. 21:**

5    All documents that contain information that you may use to determine whether the

6    class action allegations contained in Plaintiffs' First Amended Complaint satisfy the

7    elements of Fed. R. Civ. P. 23.

8    **RESPONSE:**

9    Swift objects to RFP No. 21 to the extent that it seeks information protected by the

10   attorney-client privilege and/or the work-product doctrine.  Swift also objects to RFP No.

11   21 to the extent that it seeks confidential, proprietary, or otherwise privileged information

12   that is not otherwise known or publicly available to Swift's competitors.

13   Swift further objects to RFP No. 21 as overly broad and unduly burdensome

14   because the purported class is not appropriate for class action treatment.  Among other

15   issues, the decision to offer employment, and if accepted, to hire driver applicants

16   involves multiple individualized inquiries as to that driver's qualifications and

17   employment application including, but not limited to, whether Swift ordered a background

18   report for the applicant, whether the applicant provided false information on the

19   employment application, whether any disclosed information was automatically

20   disqualifying, whether the applicant meets DOT standards, and whether the applicant met

21   Swift's standards.   Various individualized inquiries also apply to each applicant's

22   involvement in the class action, such as when the applicant was on inquiry notice of a

23   possible violation of the FCRA and whether the applicant only seeks statutory and

24   punitive damages, as opposed to actual damages.

25   Notwithstanding these objections, Swift responds that responsive documents have

26   already been produced to Plaintiffs, as evidenced by Swift's Initial Disclosure Statement,

27   First Supplemental Disclosure Statement, and documents produced contemporaneously

28

1  therewith.  Swift also incorporates by reference its responses and objections to RFP Nos.

2  1-20, 22, as if fully set forth herein.

3      Discovery is ongoing and to the extent that additional, non-privileged documents

4  are located that have not already been produced, Swift will supplement its response

5  pursuant to Rule 26(e) Federal Rules of Civil Procedure.

6  **REQUEST FOR PRODUCTION NO. 22:**

7      All reports, spreadsheets, or other documents containing a compilation of the

8  names and addresses of any member of the putative class and sub-classes alleged in

9  Plaintiffs' First Amended Complaint.

10 **RESPONSE:**

11     Swift objects to RFP No. 22 to the extent that it seeks information protected by the

12 attorney-client privilege and/or the work-product doctrine.  Swift also objects to RFP No.

13 22 to the extent that it seeks confidential, proprietary, or otherwise privileged information

14 that is not otherwise known or publicly available to Swift's competitors, such as the

15 names of, and information regarding, any persons that were provided to Swift by any

16 consumer reporting agency.  Certain information is also subject to the confidentiality

17 provision and other terms of the written contracts between Swift and certain consumer

18 reporting agencies.

19     Swift further objects to RFP No. 22 to the extent that it calls for a legal conclusion

20 prior to production regarding which members constitute a member of the purported

21 putative class and sub-classes alleged in Plaintiffs' First Amended Complaint.

22     In addition, Swift objects to RFP No. 22 as overly broad and unduly burdensome

23 because the purported class is not appropriate for class action treatment.  Among other

24 issues, the decision to offer employment, and if accepted, to hire driver applicants

25 involves multiple individualized inquiries as to that driver's qualifications and

26 employment application including, but not limited to, whether Swift ordered a background

27 report for the applicant, whether the applicant provided false information on the

28 employment application, whether any disclosed information was automatically

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

disqualifying, whether the applicant meets DOT standards, and whether the applicant met Swift's standards.   Various individualized inquiries also apply to each applicant's involvement in the class action, such as when the applicant was on inquiry notice of a possible violation of the FCRA and whether the applicant only seeks statutory and punitive damages, as opposed to actual damages.

Notwithstanding these objections, Swift responds that it is not currently aware of any documents responsive to RFP No. 22.

Discovery is ongoing and to the extent that additional, non-privileged documents are located that have not already been produced, Swift will supplement its response pursuant to Rule 26(e) Federal Rules of Civil Procedure.

DATED this 20th day of April, 2012.

SNELL & WILMER L.L.P.

By: _____ for
John F. Lomax, Jr.
Brian J. Foster
Joseph A. Kroeger
One Arizona Center
400 E. Van Buren
Phoenix, AZ  85004-2202
Attorneys for Defendant

1

## CERTIFICATE OF SERVICE

2   I hereby certify that on April 20, 2012,
    the original of the foregoing was served
3   via Federal Express to the following
    counsel of record:

4

5   Anthony R. Pecora
    Dennis M. OToole
    Matthew A. Dooley
6   Stumphauzer OToole McLaughlin
    McGlamery & Loughman Company
7   5455 Detroit Rd.
    Sheffield Village, OH 44054

8   I further certify that on April 20, 2012,
9   copy of the foregoing was served
    via U.S. Mail on the following counsel of record:

10

11  Stanley Lubin
    Lubin & Enoch PC
    349 N 4th Ave
12  Phoenix, AZ 85003

13  Leonard Anthony Bennett
    Susan Mary Rotkis
14  Consumer Litigation Associates PC
    12515 Warwick Blvd., Ste. 100
15  Newport News, VA 23606

16  

17  14634822

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000





