IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kelvin D. Daniel, et al., | ) | No. CV-11-01548-PHX-ROS |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| Swift Transportation Corp., | ) | |
| Defendant. | ) | |

On September 14, 2012, the Court ordered additional briefing regarding the timeliness of Defendant's disclosure of thirty-eight witnesses. (Doc. 85). Having received that additional briefing, the witnesses were not timely disclosed and will be excluded for purposes of the class certification motion.

As noted by the Court in its prior Order, "Defendant disclosed documents and *thirty-eight* new witnesses four days before the close of class discovery." (Doc. 85). The date of this disclosure raised "the prospect that Defendant timed the disclosures to gain a tactical advantage." (Doc. 85). Defendant's supplemental brief does not adequately dispel this prospect.

It is undisputed that defense counsel obtained the witnesses' written declarations no later than August 9, 2012. In light of the September 14 discovery deadline, Defendant should have immediately disclosed the identity of the witnesses upon receiving the declarations. Even if Defendant was not prepared to disclose the witnesses' declarations at that time, there

1  is no explanation for Defendant's failure to even identify the witnesses. The failure to timely
2  disclose these witnesses was not "substantially justified or . . . harmless." Fed. R. Civ. P.
3  37(c). Thus, Defendant may not use these witnesses during the class certification process.
4  Only discovery regarding class certification has closed. Defendant is free to use these
5  witnesses in other aspects of the case.
6      Accordingly,
7      **IT IS ORDERED** during the class certification process Defendant may not use the
8  testimony of the thirty-eight witnesses disclosed on September 10, 2012.
9      DATED this 21st day of September, 2012.

_____
Roslyn O. Silver
Chief United States District Judge