John F. Lomax, Jr. (#020224)
Brian J. Foster (#012143)
Joseph A. Kroeger (#026036)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
Email: jlomax@swlaw.com
       bfoster@swlaw.com
       jkroeger@swlaw.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KELVIN D. DANIEL, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>SWIFT TRANSPORTATION CORPORATION,<br><br>　　　　Defendant. | Case No. 2:11-cv-01548-PHX-ROS<br><br>**DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, L.L.C.'S MOTION FOR RECONSIDERATION**<br><br>Assigned to: Hon. Roslyn O. Silver |

Defendant Swift Transportation Co. of Arizona, L.L.C. ("Swift") respectfully moves this Court to reconsider its September 21, 2012 Order (Doc. 89) ("Order") excluding the witnesses and declarations for purposes of the class certification motion. While the Court's Order provides that Swift should have produced the declarations immediately and earlier than it was prepared to do, case law confirms that, until Swift decided to use the declarations in the defense of the case, the declarations and the declarants' identities were attorneys' factual work product that is exempt from disclosure under Fed. R. Civ. P. ("Rule") 26. Further, the Court's decision is inconsistent with applicable law within the Ninth Circuit on the timeliness of disclosures in connection with class certification briefing.

The declarations obtained by Swift were protected factual work product up and until September 10, and thus not subject to disclosure under Rule 26(a). Rather, the

disclosures were governed by Rule 26(b)(1). "[T]he following conditions must be satisfied by the proponent in order to establish work product protection: (1) the material must be a document or tangible thing; (2) it must be prepared in anticipation of litigation; and (3) it must be prepared by or for a party, or by or for its representative." *Southern Union Co. v. Southwest Gas Corp.*, 205 F.R.D. 542, 548-49 (D. Ariz. 2002) (citations omitted). The declarations meet each of these requirements. The declarations are tangible documents, were prepared in anticipation of possible use in this litigation, and were drafted by Swift's counsel.

Declarations constitute factual work product and are protected from disclosure under Rule 26 until counsel has made the decision, and is prepared, to use them. As one recent example, a court held that, where the plaintiffs obtained 13 declarations approximately two weeks prior to the close of discovery, but "did not produce them prior to the fact discovery deadline . . . but rather submitted them in support of their Rule 23 Motion to Certify," the disclosure was proper under Rule 26. *Lujan v. Cabana Mgmt.*, ___ F. Supp. 2d ___, 2012 WL 3062017 at *5-7 (E.D.N.Y. July 26, 2012).

> This Court agrees that the [d]eclarations constituted work product up until the date they were filed with plaintiffs' Rule 23 Motion to Certify . . . Here, any work product protection was waived upon the public filing of the [d]eclarations, at which point defendants came into possession of them in their entirety and thus were made fully aware of their contents. In these circumstances, it is entirely pointless to discuss and analyze, as plaintiffs do, whether defendants have shown a substantial need for the declarations or undue hardship in obtaining equivalent information. **Rather, defendants' objection challenges plaintiffs' strategic choice to withhold the documents until their filing. In any event, for the reasons described above, plaintiffs' failure to provide the privileged [d]eclarations in advance of their filing does not violate Rule 26.** *See* Fed. R. Civ. P. Rule 26(b)(1) (scope of Rule 26 is limited to "any *non-privileged* matter").

*Id.* (citations omitted) (italics in original; bold emphasis added). Thus, even where disclosure occurred *after* the court-ordered disclosure deadline, the declarations still retained their work product privilege until plaintiffs chose to rely upon them by filing them as part of their class certification disclosure.

Swift certainly recognizes this Court's ability and authority to issue orders governing when discovery is to be concluded. Swift, in good faith, complied with the

- 2 -

1  Court's order, while at the same time balancing the issues applicable in class certification
2  cases.  For example, Swift would have been subject to no less criticism from the Plaintiffs
3  has it disclosed on August 13 the entire set of 123 declarations that it might ***possibly*** use,
4  before it spent the significant time and effort necessary to narrow the 123 declarations
5  down to the 38 declarations that it ultimately disclosed to support its claims or defenses.

6  Indeed, under *Lujan's* reasoning, declarations, like those produced by Swift, retain
7  their work product protection until a party makes the decision that it is necessary to
8  disclose them as evidence.  Swift had no obligation to disclose the declarations, or the
9  declarants' identities until it chose to waive the work product protection by disclosing the
10 declarations on September 10.  Notwithstanding the fact that there exists legal authority
11 providing that Swift could have chosen to first disclose the declarations and the
12 declarants' identities when it opposed Plaintiffs' motion for certification, Swift
13 nonetheless disclosed the declarations in compliance with the dates set by the Court's
14 Scheduling Order.  Swift further chose to disclose the entirety of the declarations it
15 obtained, not solely those that it may use to support its claims or defenses.  Thus, there
16 exists no basis to find that Swift used the work product doctrine as both a sword and a
17 shield, or in violation of the Court's Order.  Swift's decision to disclose at the time it did -
18 - the first business day after its counsel determined which declarations it would use --
19 therefore should not form the basis for exclusion of the declarations.

20 Further, the cases cited in Swift's September 18, 2012 filing show that, among the
21 district courts within the Ninth Circuit, filing declarations as part of the class certification
22 briefing is an acceptable practice. Respectfully, the Court's finding that Swift should
23 have "immediately" disclosed the identity of the witnesses on August 9, 2012, before
24 knowing his declarations it might rely upon as evidence,  is contrary to that case law and
25 inconsistent with Rule 26(a)(1)(A)(i).  That rule, by its terms, does not contemplate
26 disclosure unless and until a party makes a decision that the individual has information
27 that "may use to support its claims or defenses . . ." *Id*.; *see MBIA Ins. Corp. v. Patriarch*
28 *Partners VIII,* 2012 U.S. Dist. LEXIS 92435 at *41 (S.D.N.Y. July 3, 2012) ("[a]s case

preparation continues, a party must supplement its disclosures ***when it determines that it may use a witness or document*** that it did not previously intend to use") (quoting Rule 26 Advisory Comm. Notes) (emphasis added); *Johnson v. Sakoski*, 2008 U.S. Dist. LEXIS 208 at *14 (E.D. Mich. 2008) (observing that Rule 26 "and its accompanying Notes clearly state that a party is only required to disclose the relevant information that it intends to use to support or defend its case"); *Mazur v. Lampert*, 2007 U.S. Dist. LEXIS 20750 at *8 (S.D. Fla. 2007) ("A party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use ... "). The Order's ruling that Swift was required to disclose the identities of the individuals it interviewed "immediately," that is, ***before determining*** which declarations it intended to use, is contrary to the foregoing authority and the requirements under Rule 26.

Swift did not decide which of the 123 declarations it obtained (and consequently which witnesses needed to be disclosed) that it "may use to support its claims or defenses" until Friday afternoon of September 7, 2012. *See* Doc. 86-1 at ¶ 9. Swift then produced 38 of those declarations on September 10, one business day later. That production was consistent with the case law on class certification and within the time frame directed by the Court. Indeed, Plaintiffs did not cite a single legal authority to establish otherwise. In stark contrast, Swift cited a variety of cases holding, *inter alia*, that the disclosure of witnesses and declarations for the first time ***at the opposition to class certification stage*** was timely or substantially justified, and holding the declarations would not be excluded. *See* Doc. 86 at 2 (citing a number of cases supporting this proposition).

Finally, exclusion of the declarations that Swift has proffered for class certification is a disproportionately severe sanction under these circumstances. The disclosures were made within the time period permitting by the Court's Scheduling Order and consistent with federal law. They were not designed to gain a tactical or other advantage and, as discussed in Swift's initial Response, the Declarations did not cause Plaintiffs any actual prejudice or harm. Swift disclosed the declarations within 30 days of obtaining them, they were produced within the period directed by the Court, and they were produced consistent

1   with federal law. Swift therefore submits that precluding the use of the declarations for
2   class certification will lead to a ruling based on less than full and accurate information,
3   and therefore based on an incomplete record.[1]

4       To ensure preservation of a proper record, Swift also wishes to correct an assertion
5   in Plaintiffs' Opposition. Swift did not know the "identity" of the 38 witnesses "since the
6   beginning of the case." Doc. 87 at 2:10-11. Swift did not know the identities of the
7   drivers in advance of the interviews. Rather, counsel for Swift, dispatched from their
8   various offices, arrived at Swift's terminals and other locations armed with no knowledge
9   of who they would speak to, who would be at the terminal and who would be available.
10  Upon arrival, following written guidelines complying with court decisions addressing pre-
11  certification contact with putative class members, counsel asked drivers if they would
12  voluntarily agree to an interview and, upon completion of the interview, be willing to sign
13  a declaration.

14      In sum, as the foregoing authorities show, the declarations and the identities of the
15  witnesses were factual work product and exempt from disclosure until Swift decided to
16  use those declarations to defend the case. Alternatively, even if the Court rejects the
17  factual work product doctrine, the decisions of other district courts in the Ninth Circuit
18  show the disclosure of declarations in class certification briefing does not run afoul of
19  Rule 26.[2] Accordingly, a ruling excluding the declarations is contrary to applicable
20  authorities and, on that basis, the Court's ruling is error worthy of reconsideration.

---

[1] As set forth in the cases cited in Swift's Response, even where courts have found a party's late disclosure to warrant relief under Rule 37, those courts have not resorted to the "drastic" remedy of exclusion, but have rather afforded additional discovery to the party receiving the late disclosure. *See* Doc. 86 at 2:10-18 and 4:20-21.

[2] In the *Lujan* decision, *supra*, the court ultimately decided to exclude some declarations untimely produced by the defendants without substantial justification. *Lujan*, 2012 WL 3052017 at *21-23. However, the defendants made "no factual proffer whatsoever with respect to when they knew they might be relying on these witnesses." *Id.* at *23. Here, Swift, both in its original Response to Court's Order and this motion, has set forth facts establishing that it did not know the identity of the declarants that it would be using until September 7, 2012.

WHEREFORE, Swift respectfully requests that the Court reconsider its September 21, 2012 Order excluding the witnesses and declarations for purposes of the class certification motion.

RESPECTFULLY SUBMITTED this 25th day of September, 2012.

SNELL & WILMER L.L.P.

By: *s/ John F. Lomax, Jr.*
    John F. Lomax, Jr.
    Brian J. Foster
    Joseph A. Kroeger
    One Arizona Center
    400 E. Van Buren
    Phoenix, AZ 85004-2202
    Attorneys for Swift

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2012, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Anthony R. Pecora
Stumphauzer OToole McLaughlin
McGlamery & Loughman Company
5455 Detroit Road
Sheffield Village, OH 44054

Dennis M. OToole
Stumphauzer OToole McLaughlin
McGlamery & Loughman Company
5455 Detroit Road
Sheffield Village, OH 44054

Leonard Anthony Bennett
Susan Mary Rotkis
Consumer Litigation Associates PC
Suite 1-A
763 J. Clyde Morris Boulevard
Newport News, VA 23601

Matthew A. Dooley
Stumphauzer OToole McLaughlin
McGlamery & Loughman Company
5455 Detroit Road
Sheffield Village, OH 44054

1  Stanley Lubin
   Lubin & Enoch PC
2  349 North Fourth Avenue
   Phoenix, AZ 85003
3
   Nicholas Jason Enoch
4  Lubin & Enoch PC
   349 North Fourth Avenue
5  Phoenix, AZ 85003

6

7     *s/ Jeannie Fisher*

8  15856816.7

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

- 7 -