LUBIN AND ENOCH, P.C.
Stanley Lubin (AZ 003076)
349 North 4th Avenue
Phoenix, Arizona 85003-1505
Telephone:    (602) 234-0008
Facsimile:     (602) 626-3586
Email:            Stan@lubinandenoch.com

STUMPHAUZER, O'TOOLE, McLAUGHLIN,
McGLAMERY & LOUGHMAN CO., LPA
Matthew A. Dooley (OH 0081482)
Anthony R. Pecora (OH 0069660)
Dennis M. O'Toole (OH 0003274)
5455 Detroit Road
Sheffield Village, Ohio  44054
Telephone:    (440) 930-4001
Facsimile:     (440) 934-7208
Email:            mdooley@sheffieldlaw.com
                     apecora@sheffieldlaw.com
                     dotoole@sheffieldlaw.com

CONSUMER LITIGATION ASSOCIATES, P.C.
Leonard A. Bennett (VA 27523)
Susan M. Rotkis  (VA 40693)
763 J. Clyde Morris Blvd. 1-A
Newport News, Virginia 23601
Telephone:    (757) 930-3660
Facsimile:     (757) 930-3662
Email:            lenbennett@clalegal.com
                     srotkis@clalegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KELVIN D. DANIEL, et al.<br><br>Plaintiffs,<br><br>v.<br><br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC<br>Defendant. | Case No.  2:11-cv-01548-PHX-ROS<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Assigned to: Hon. Roslyn O. Silver |

1

Now come the Plaintiffs, Kelvin Daniel and Tanna Hodges, on behalf of themselves and all other similarly situated individuals, and respectfully moves the Court for leave to file their Second Amended Class Action Complaint (attached as Exhibit A) pursuant to Civ.R.15(a)(2) and Civ.R.15(c). A supporting memorandum is attached hereto and incorporated herein.

Respectfully submitted,

STUMPHAUZER, O'TOOLE, McLAUGHLIN, McGLAMERY & LOUGHMAN CO., LPA

By:   /s/ Matthew A. Dooley
Matthew A. Dooley (admitted pro hac vice)
Dennis M. O'Toole (admitted pro hac vice)
Anthony R. Pecora (admitted pro hac vice)
5455 Detroit Road
Sheffield Village, Ohio  44054
Telephone:   (440) 930-4001
Facsimile:    (440) 934-7208
Email:        mdooley@sheffieldlaw.com
              dotoole@sheffieldlaw.com
              apecora@sheffieldlaw.com

and

CONSUMER LITIGATION ASSOCIATES, P.C.

/s/ Leonard A. Bennett
Leonard A. Bennett (admitted pro hac vice)
763 J. Clyde Morris Boulevard
Suite 1A
Newport News, Virginia 23601
Telephone:   (757) 930-3660
Facsimile:    (757) 930-3662
Email:       lenbennett@clalegal.com

*Counsel for Kelvin Daniel Tanna Lee Hodges and the putative Class*

# MEMORANDUM IN SUPPORT

## I.  OVERVIEW

Contemporaneously with the filing of their Motion for Class Certification, Plaintiffs Hodges and Daniel also move the Court for leave to file their Second Amended Complaint in order to dismiss two of the four counts that the named Plaintiffs now believe they themselves cannot prosecute on behalf of classes in which they are not members. The class definitions and time periods set forth in Plaintiff's proposed Second Amended Complaint are greatly narrowed and more cleanly defined.  Plaintiffs seek leave to amend their complaint in order to conform same to the evidence.  No new claims are alleged.  No factual allegations not already fully known to and subjected to discovery by Defendant are added.  Nevertheless, the proposed Second Amended Complaint will greatly simplify the case and the Court's consideration of Plaintiff's Motion for Class Certification.

## II.  PROCEDURAL BACKGROUND

Kelvin Daniel, Tanna Hodges and Robert Bell[1] filed their Class Action Complaint (ECF 1) on August 8, 2011 alleging that Swift Transportation Corporation ("Swift")[2] failed to provide a clear, conspicuous, and stand-alone disclosure to in-person job applicants (initially inclusive of Hodges and Daniel) that consumer reports would be used for employment purposes in violation of the Fair Credit Reporting Act ("FCRA"), 15

---

[1] Bell was later dismissed voluntarily from the herein action.
[2] Swift later advised that its corporate name had changed to Swift Transportation Co. of Arizona, LLC.  The proposed Second Amended Complaint names Swift Transportation Co. of Arizona, LLC as the proper defendant.

3

U.S.C. § 1681b(b)(2). Consequently, Plaintiffs alleged that Swift procured these consumer reports without proper authorization from Hodges, Daniel and putative class members. Plaintiffs also alleged that Swift failed to provide pre-adverse action notice to said job applicants, including a copy of the applicants' criminal background report and a statement of the applicants' rights as required by 15 U.S.C. § 1681b(b)(3).

The Class Action Complaint also alleged that Robert Bell applied for employment with Swift by facsimile pursuant and was thus entitled to rights afforded under 15 U.S.C. § 1681b(b)(2)(B). The Complaint asserted that Swift failed to provide Bell and putative class members with notice of their right to obtain a free copy of a consumer background report from the consumer reporting agency ("CRA") within 60 days, and to dispute the accuracy or the completeness of any information in the consumer report directly with the consumer reporting agency as required by 15 U.S.C. § 1681b(b)(3)(B) prior to obtaining consumer reports. As non-in-person applicants, the Complaint stated that Swift failed to, within 3 days of taking adverse action, provide Bell and putative class members with notification: (1) that adverse action has been taken based in whole or in part on a consumer report; with the name, address and phone number of the CRA; (2) with notice that the CRA did not make the decision to take adverse action; (3) notice that the applicant may request and receive a free copy of the report and may dispute the accuracy and completeness of any information in the report; and (4) receive from Swift a free copy of the report it procured along with a copy of the applicant's consumer rights as prescribed by the FTC under 15 U.S.C. § 1681g(c)(3), all in violation of 15 U.S.C. § 1681b(b)(3)(B). These allegations were re-asserted in Plaintiff's First Amended Complaint (ECF 19) filed

4

on October 24, 2011.

Over the nine months of discovery, Swift has produced over one million pages of documents pertaining to job applicants, their practices and procedures and other matters pertaining (and not pertaining) to this action. Over the same period, the case has developed to reflect the events that surrounded each class representative's experience. For example, discovery revealed that Swift procured Daniel's consumer report prior to inviting him to attend Swift's orientation. Further, during the last phase of discovery, Hodges' application status became clearer and more salient. Though Hodges applied in-person on both September 29, 2009 (as alleged in the original Complaint) and on September 25, 2009 (as alleged in the First Amended Complaint), she also applied online on December 12, 2009. Hodges was questioned about all three application experiences during her June 11, 2012 deposition. Through the discovery process, it was also determined that Swift did not procure Hodge's criminal background report until December 14, 2009, while processing her December 12, 2009 online application. This was most recently verified in Swift declarations provided to Plaintiffs counsel on September 11, 2012. *See* Declaration of Patricia Ramos. Swift denied Hodges December 12, 2009 application based in whole or in part on her background report.

As already alleged in the Original and First Amended Complaints, online applicants like Daniel and Hodges and all non-in-person truck driver applicants, were not provided with notices mandated by 15 U.S.C. § 1681b(b)(2)(B) prior to Swift's procurement of consumer reports for employment purposes. Also alleged in the Original and First Amended Complaints, online applicants like Daniel and Hodges and all non-in-

person truck driver applicants, were not provided with notices as mandated by 15 U.S.C. § 1681b(b)(3)(B), after being declined employment based in whole or in part on the criminal background reports.

The facts, as flushed out during the contentious and arduous discovery process, demonstrate that Swift treated Hodges' and Daniel's online applications as the impetus to its procurement of their consumer reports..  As such, justice requires that the Court permit Hodges and Daniel to amend their complaint to conform to this evidence as alleged in the attached proposed Second Amended Complaint.  The amendment would not be prejudicial to Swift as it pertains to existing class allegations and because Swift already deposed both Hodges and Daniel regarding their respective application experiences.

### III.   LAW AND ARGUMENT

####   A.   Legal Standard

Leave to amend pleadings "shall be freely given when justice so requires" *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (noting that district court's "denial of a motion for leave to amend pursuant to Rule 15(a) is reviewed for abuse of discretion and in light of the strong public policy permitting amendment");  *see also  Hardiman v. Galaza,*  58 Fed. Appx. 708, 710 (9th Cir. Cal. 2003); *see also Lacey v. Maricopa County*, 2012 U.S. App. LEXIS 18320 (9th Cir. Ariz. Aug. 29, 2012).  "When considering a motion for leave to amend, a district court must consider whether the proposed amendment results from undue delay, is made in bad faith, will cause prejudice to the opposing party, or is a dilatory tactic." *See Gilmore v. Djo Inc.,* 663 F. Supp. 2d 856, 862 (D. Ariz. 2009).  Whether to grant leave to amend a complaint is in the district court's

discretion, "keeping in mind the strong policy in favor of allowing amendment, and considering four factors: bad faith, undue delay, prejudice to the opposing party, and the futility of amendment. *See Hotchkins v. Fleet Delivery Serv.*, 25 F. Supp. 2d 1141, 1150 (D. Or. 1998). Such prejudice is generally found when an amended pleading asserts new theories of recovery or would require significant additional discovery. *See Cook v. Field Packing Co.*, 2006 U.S. Dist. LEXIS 37364 at *7 (W.D. Ky. May 31, 2006). Furthermore, Rule 15 (a) also allows for the addition of new plaintiffs. *See Junior Gallery, Ltd. v. Neptune Orient Line, Ltd.*, 1997 U.S. Dist. LEXIS 499, 1997 WL 26793, *2, (S.D.N.Y. Jan. 22, 1997).

### B. Swift will not be prejudiced by Plaintiffs' request.

Granting Plaintiffs leave to amend their complaint would not prejudice Swift. In fact, Swift has defended both Hodges' and Daniel's claims from the initial pleadings under the theory that they did not have in-person contact with Swift prior to Swift's procurement of their respective consumer reports. Rather Swift has argued that Hodges and Daniel applied online and should thus fall within the purview of 15 U.S.C. § 1681b(b)(2)(B) and 15 U.S.C. § 1681b(b)(3)(B). Swift is not surprised by such narrowing and changes to the formal complaint. Plaintiffs have provided their responses to discovery long ago stating such claims. And Swift deposed both Hodges and Daniel under Swift's correct assumption that it was defending the claims of each Plaintiff as a "not in person" consumer. *See e.g.* Hodges Dep. pp. 182, 184.

Where a proposed amended complaint would not greatly alter the nature of litigation and would not require defendants to undertake an entirely new course of

discovery, leave should be granted. *See McConnell v. Red Robin Int'l, Inc.,* 2012 U.S. Dist. LEXIS 53942 (N.D. Cal. Apr. 17, 2012); *see also Thomas v. Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial); s*ee also Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*, 663 F.2d 419, 425 (3d Cir. 1981) (in the absence of substantial prejudice, denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment).   Here, because Swift has always considered Hodges and Daniel to be online applicants, it cannot claim bad faith or unexplained delay.

## IV. CONCLUSION

WHEREFORE, for the reasons as stated above, Plaintiffs respectfully request leave to file the attached proposed Second Amended Complaint.

Respectfully submitted,

STUMPHAUZER, O'TOOLE, McLAUGHLIN,
McGLAMERY & LOUGHMAN CO., LPA

By: /s/ Matthew A. Dooley
Matthew A. Dooley (admitted pro hac vice)
Dennis M. O'Toole  (admitted pro hac vice)
Anthony R. Pecora   (admitted pro hac vice)
5455 Detroit Road
Sheffield Village, Ohio  44054
Telephone:    (440) 930-4001
Facsimile:     (440) 934-7208
Email:         mdooley@sheffieldlaw.com
               dotoole@sheffieldlaw.com
               apecora@sheffieldlaw.com

and

CONSUMER LITIGATION ASSOCIATES, P.C.

/s/ Leonard A. Bennett
Leonard A. Bennett (admitted pro hac vice)
763 J. Clyde Morris Boulevard
Suite 1A
Newport News, Virginia 23601
Telephone:   (757) 930-3660
Facsimile:    (757) 930-3662
Email:          lenbennett@clalegal.com

*Counsel for Kelvin Daniel Tanna Lee Hodges and the putative Class*

## **CERTIFICATE OF SERVICE**

This will certify that a copy of the foregoing Plaintiff's Motion for Leave to File Second Amended Class Action Complaint was filed electronically this 1st day of October, 2012. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or via regular mail.

/s/ Matthew A. Dooley
*Counsel for Daniel, Bell and the putative Class*