LUBIN AND ENOCH, P.C.
Stanley Lubin (003076)
349 North 4th Avenue
Phoenix, Arizona 85003-1505
Telephone:   (602) 234-0008
Facsimile:   (602) 626-3586
Email:   Stan@lubinandenoch.com

STUMPHAUZER, O'TOOLE, McLAUGHLIN,
McGLAMERY & LOUGHMAN CO., LPA
Dennis M. O'Toole (0003274)
Anthony R. Pecora (0069660)
Matthew A. Dooley (0081482)
5455 Detroit Road
Sheffield Village, Ohio  44054
Telephone:   (440) 930-4001
Facsimile:   (440) 934-7208
Email:   dotoole@sheffieldlaw.com
             apecora@sheffieldlaw.com
             mdooley@sheffieldlaw.com

CONSUMER LITIGATION ASSOCIATES, P.C.
Leonard A. Bennett (Virginia Bar #27523)
Susan M. Rotkis (Virginia Bar #40693)
763 J. Clyde Morris Blvd. 1-A
Newport News, Virginia 23601
Telephone:   (757) 930-3660
Facsimile:   (757) 930-3662
Email:   lenbennett@clalegal.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| KELVIN D. DANIEL, et al )<br>           Plaintiffs,   )<br>                                )   **Case No.: 2:11-CV-01548-ROS**<br>    vs.                         )<br>                                )<br>                                )<br>SWIFT TRANSPORTATION CO. )<br>OF ARIZONA, LLC         )   **SECOND AMENDED CLASS ACTION**<br>                                )   **COMPLAINT FOR JURY**<br>           Defendant.     ) | |

1

Now come the Plaintiffs, Kelvin D. Daniel and Tanna L. Hodges on behalf of themselves and all other similarly situated individuals and allege the following claims:

## PRELIMINARY STATEMENT

1. This is a class action on behalf of consumers who were the subject of criminal background reports obtained by Swift Transportation Co. of Arizona, LLC ("Swift") as a precondition of employment with Swift during the five-year period preceding the filing of this action (the "Class Period") seeking remedies under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.*

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3. Venue is proper in the District of Arizona because a substantial part of the events or omissions giving rise to the allegations contained herein occurred in the District of Arizona. 28 U.S.C. § 1391(b). Further, Swift maintains a principal place of business in this judicial district.

## PARTIES

4. Kelvin D. Daniel ("Daniel") is a citizen of the State of Georgia, a Gulf War veteran and a "consumer" within the meaning of 15 U.S.C. § 1681a.

5. Tanna L. Hodges ("Hodges") is a citizen of the State of Texas and a "consumer" within the meaning of 15 U.S.C. § 1681a.

6. Swift is a for-profit corporation with a principal place of business in

2

Maricopa County, State of Arizona.

7. Further, Swift is a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers", as those terms are defined by 15 U.S.C. § 1681a.

## ALLEGATIONS AS TO DANIEL

8. On or about December 27, 2010, Daniel applied for a commercial truck driver position with Swift online.

9. On or about December 28, 2010, Swift procured Daniel's consumer report from HireRight Solutions, Inc. ("HireRight") a consumer reporting agency as defined by 15 U.S.C. § 1681a, without proper authorization from Daniel.

10. More specifically, Daniel was not advised verbally, electronically or in writing prior to Swift's procurement of his consumer report, that he could receive a free copy of the consumer report within 60 days, and that he could dispute the accuracy or completeness of any information contained within the consumer report with the consumer reporting agency.

## ALLEGATIONS AS TO HODGES

11. On or about September 25, 2009, Hodges applied in-person for a commercial truck driver position with Swift in San Antonio, Texas.

12. On or about September 29, 2009, Hodges applied again in-person for a commercial truck driver position with Swift in Columbus, Ohio.

13. On or about December 12, 2009, Hodges applied online for a commercial truck driver position with Swift.

3

14. On or about December 14, 2009, Swift procured Hodges' consumer report from HireRight without proper authorization from Hodges.

15. More specifically, Hodges was not advised verbally, electronically or in writing prior to Swift's procurement of her consumer report, that she could receive a free copy of the consumer report within 60 days, and that she could dispute the accuracy or completeness of any information contained within the consumer report with the consumer reporting agency.

16. Immediately after receiving the subject criminal background report, Swift took adverse action against Hodges by determining to disqualify her from further consideration for employment based upon the information in the retrieved criminal background report.

17. At no time did Swift provide Hodges verbal, electronic or written notice within 3 business days of taking the adverse action (i) that adverse has been taken based in whole or in part on the consumer report, (ii) the name, address and telephone number of the consumer reporting agency, (iii) that the consumer reporting agency did not make the decision to take adverse action and is unable to provide the consumer with specific reasons why the adverse action was taken, (iv) that the consumer may request a free copy of the report and may dispute with the consumer reporting agency the accuracy or completeness of the report.

**ALLEGATIONS AS TO THE COMMON QUESTIONS**

18. Since at least 2006, Swift has purchased consumer reports, including criminal background reports, from consumer reporting agencies trafficking in the

reputations of America's workforce, which are used as a basis for taking adverse action against job applicants.

19. Swift does not provide or obtain an appropriate disclosure and authorization from job applicants as required by 15 U.S.C. § 1681b(b)(2) prior to acquiring these criminal background reports.

20. Further, Swift does not provide adverse action notice to job applicants as required by 15 U.S.C. § 1681b(b)(3).

21. Swift's violations of the FCRA have been willful, wanton and reckless in that Swift knew, or reasonably should have known, that it was failing to comply with the requirements of the FCRA.

22. 15 U.S.C. § 1681n(a) permits a consumer to recover statutory and punitive damages, along with attorney fees and costs for willful violations of the FCRA.

**CLASS ACTION ALLEGATIONS**

23. Pursuant to F. R. Civ. P. 23, Daniel and Hodges bring this action on behalf of the Class initially defined below:

> Consumers residing in the United States who applied for a Department of Transportation regulated position with Swift via facsimile, an internet website, electronic mail, regular mail, or through a third party on or between the dates of August 8, 2006 and July 21, 2011, and during the application process, Swift procured a consumer report, which report was obtained by Swift before there had been at least one in-person interaction with the consumer.

24. Hodges also brings this action on behalf of the following subclass, of which she is a member.

> Consumers residing in the United States who applied for a Department of Transportation regulated position with Swift via facsimile, an internet website, electronic mail, regular mail, or through a third party on or between the dates of August 8, 2006 and July 21, 2011, and against whom Swift took adverse action based in whole or in part on its use of a consumer report without providing to the consumer within 3 business days of taking the adverse action, verbal, electronic or written notice that: (1) the adverse action was taken based in whole or in part on the consumer report, (2) the name, address, and telephone number of the consumer reporting agency, (3) that the consumer reporting agency did not make the decision to take adverse action and would be unable to provide the consumer with specific reasons why the adverse action was taken, (4) that the consumer could request a free copy of the report and (5) that the consumer can dispute the accuracy or completeness of the report, as required by 15 U.S.C. § 1681b(b)(3)(B).

25. Upon information and belief, the putative Class exceeds 100,000 members. On information and belief, the subclass exceeds 1,000 members.

26. The Class members are so numerous that joinder of all members is impracticable.

27. Hodges' and Daniel's claims are typical of the claims of the other Class members as all Class members were similarly affected by Swift's unlawful conduct in violation of the FCRA.

28. Hodges and Daniel will fairly and adequately protect the interest of the Class members and has retained counsel competent and experienced in complex class-action litigation. Hodges and Daniel are members of the Class and

6

do not have any interests antagonistic to or in conflict with the members of the Class. Further, Hodges's and Daniel's claims are the same as those of the Class, which all arise from the same operative facts and are based upon the same legal theories.

29. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members, including:

    a. Whether Swift's standard procedure violated 15 U.S.C. § 1681b(b)(2)(B)(i) by failing to provide the consumer with verbal, electronic, or written notice of a right to obtain a free copy of a consumer background report from the consumer reporting agency within 60 days, and to dispute the accuracy or completeness of any information in the consumer report directly with the consumer reporting agency.

    b. Whether Swift's standard procedure violated 15 U.S.C. § 1681b(b)(2)(B)(ii) by failing to obtain verbal, electronic or written consent to procure a consumer report;

    c. Whether Swift, within 3 business days of taking adverse action, provided oral, written or electronic notification to consumer that adverse action has been taken based in whole or in part on a consumer report received from a consumer reporting agency as required by 15 U.S.C. § 1681b(b)(3)(B)(i)(I);

    d. Whether Swift, within 3 business days of taking adverse action, provided oral, written or electronic notification to consumer that of the name, address and telephone number of the consumer reporting agency that furnished the consumer report (including a toll-free telephone number established by the agency if the agency

7

|     |     |     |
| --- | --- | --- |
| 1   |     | compiles and maintains files on consumers on a nationwide basis) as required by 15 U.S.C. § 1681b(b)(3)(B)(i)(II); |
| 2   |     |     |
| 3   |     |     |
| 4   | e.  | Whether Swift, within 3 business days of taking adverse action, provided oral, written or electronic notification to consumer that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide to the consumer the specific reasons why the adverse action was taken; as required by 15 U.S.C. § 1681b(b)(3)(B)(i)(III); |
| 5   |     |     |
| 6   |     |     |
| 7   |     |     |
| 8   |     |     |
| 9   | f.  | Whether Swift, within 3 business days of taking adverse action, provided oral, written or electronic notification to consumer that the consumer may, upon providing proper identification, request a free copy of a report and may dispute with the consumer reporting agency the accuracy or completeness of any information in a report as required by 15 U.S.C. § 1681b(b)(3)(B)(i)(IV); |
| 10  |     |     |
| 11  |     |     |
| 12  |     |     |
| 13  |     |     |
| 14  |     |     |
| 15  |     |     |
| 16  | g.  | Whether Swift, within 3 business days of receiving a consumer's request for a copy of a consumer report from the person who procured the report, together with proper identification, provides the consumer a copy of a report and a copy of the consumer's rights as prescribed by the Federal Trade Commission under section 15 U.S.C. § 1681g(c)(3) of this Fair Credit Reporting Act as required by 15 U.S.C. § 1681b(b)(3)(B)(ii); and |
| 17  |     |     |
| 18  |     |     |
| 19  |     |     |
| 20  |     |     |
| 21  |     |     |
| 22  |     |     |
| 23  | h.  | Whether Swift's failures to comply with the FCRA were willful. |
| 24  |     |     |

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the membership of the Class is so numerous and involves claims that, taken individually, may not justify the costs and effort of bringing suit.

31.     Further, the prosecution of several actions by individual members of the Class would create a risk of varying adjudications with respect to members of the Class, as well as create inconsistent standards of conduct for those opposing the Class.  Additionally, individual actions by members of the Class may be dispositive of the interests of other members not parties to the adjudication of the claim, which would impair or impede the ability of those individuals to protect their interests.

**COUNT ONE AND COUNT TWO OF THE FIRST AMENDED COMPLAINT ARE DISMISSED AS TO PLAINTIFFS HODGES AND DANIEL**

**COUNT THREE – CLASS CLAIM BY HODGES AND DANIEL DISCLOSURE AND AUTHORIZATION – CONTACT BY FACSIMILE, MAIL, COMPUTER AND SIMILAR MEANS**

32.     Hodges and Daniel reallege and incorporate by reference all preceding allegations of law and fact.

33.     Swift willfully violated 15 U.S.C. § 1681b(b)(2)(B)(i) by failing to notify non-in-person applicants by oral, written, or electronic means, that a consumer report may be obtained for employment purposes, and that such applicants may obtain a free copy of the consumer report within 60 days, and dispute the accuracy or completeness of the information contained in the consumer report directly with the consumer reporting agency.

34.     Consequently, Swift willfully violated 15 U.S.C. § 1681b(b)(2)(B)(ii) by failing to obtain the applicants' oral, written or electronic consent prior to procuring a consumer report for employment purposes.

9

35. Hodges, Daniel and the Class members seek statutory damages for these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

36. Hodges, Daniel and the Class members also seek punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

### COUNT FOUR – CLASS CLAIM BY HODGES
### ADVERSE ACTION – CONTACT BY FACSIMILE, MAIL, COMPUTER AND SIMILAR MEANS

37. Hodges realleges and incorporates by reference all preceding allegations of law and fact.

38. Swift willfully violated 15 U.S.C. § 1681b(b)(3)(B)(i) by taking adverse action against non-in-person applicants based in whole or in part upon consumer reports without providing verbal, electronic or written notice to such applicants within 3 business days of taking the adverse action (i) that adverse has been taken based in whole or in part on the consumer report, (ii) the name, address and telephone number of the consumer reporting agency, (iii) that the consumer reporting agency did not make the decision to take adverse action and is unable to provide the consumer with specific reasons why the adverse action was taken, (iv) that the consumer may request a free copy of the report and may dispute with the consumer reporting agency the accuracy or completeness of the report.

39. Hodges and the Class members seek statutory damages for these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

40. Hodges and the Class members also seek punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

**WHEREFORE,** Hodges, Daniel and the putative class respectfully pray for the following relief:

A. An order certifying the proposed class herein pursuant to Fed. R. Civ. P. 23 and appointing the undersigned counsel to represent same;

B. The creation of a common fund available to provide notice of and remedy Swift's unlawful conduct;

C. Statutory and punitive damages for all class claims;

D. Attorney fees, expenses and costs;

E. Pre-judgment and post-judgment interest as provided by law; and

F. Such other relief as the Court deems just and proper.

Respectfully Submitted,

STUMPHAUZER O'TOOLE MCLAUGHLIN
McGLAMERY & LOUGHMAN CO LPA

/s/ Dennis M. O'Toole
/s/ Matthew A. Dooley
/s/ Anthony R. Pecora

LUBIN AND ENOCH, P.C.

/s/ Stanley Lubin

LITIGATION ASSOCIATES, P.C.

/s/ Leonard A. Bennett

*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs demand a trial by a jury as to all issues presented herein.

STUMPHAUZER O'TOOLE MCLAUGHLIN
McGLAMERY & LOUGHMAN CO., LPA

/s/ Matthew A. Dooley
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing Second Amended Class Action Complaint was filed electronically this 1st day of October, 2012. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ Matthew A. Dooley
*Counsel for Plaintiffs*

G:\27\27048\Complaint And Answers\Second Amended Complaint.Docx