STATE OF __New Mexico__

COUNTY OF __Doña Ana__

**Declaration of Patricia Ramos**

I, Patricia Ramos, declare as follows:

1. I am an individual over the age of 18 and I understand the contents of this document. I state the following based upon my own personal knowledge and if called upon to testify, could and would testify to the following.

2. I understand that a lawsuit has been brought against Swift Transportation Corp. ("Swift") by individuals alleging that Swift violated the Fair Credit Reporting Act ("FCRA"). I further understand that the former employees are seeking to bring their claims as a class action against Swift.

3. I further understand and represent that my meeting with Swift's attorneys, as well as my willingness to prepare and execute this Declaration, was voluntary and of my own free will.

4. I previously worked for Swift in its Security department. My job duties included reviewing criminal background reports and conducting interviews of Swift job applicants.

5. I left my employment with Swift in January 2010.

6. I never ordered criminal background checks directly on applicants for employment at Swift; I could only request that they be ordered and then I could review them.

7. My job responsibilities included determining whether an applicant met Swift's hiring criteria with respect to that applicant's criminal history. As part of this role, I would review criminal background reports on applicants to determine whether the report showed any criminal conviction information, or a "hit."

8. If a report contained a hit, I would then pull that applicant's employment application. I would review the application to ensure that the applicant's date of birth, social security number and name matched the criminal background report, *i.e.*, that we had the right person. I would also review whether or not the applicant had accurately disclosed the criminal

Declaration of Patricia Ramos

conviction information in his/her employment application.

9. I would then notify the applicant's recruiter to have the applicant contact the Investigation department for an interview.

10. In that interview, I would ask the applicant about his/her criminal conviction history. If the applicant confirmed that s/he had disqualifying criminal convictions in the interview, I would end the interview and inform the recruiter that the applicant did not meet Swift's hiring criteria. If the applicant disputed the information contained in the criminal background report, I would consider the information the applicant provided and/or provide the applicant an opportunity to obtain information or documentation disputing the contents of the report.

11. On most occasions, I would review my decision whether to approve or deny an applicant with either Angelica Flores and/or Shawn Driscoll prior to informing Recruiting whether the applicant was or was not approved by Investigations.

12. An applicant might also be submitted to Investigations for an interview based upon the applicant's voluntary disclosure of criminal conviction information in his/her employment application or during live contact with a recruiter. When that occurs, if the recruiter was confident that the applicant failed to meet Swift's hiring criteria due to the disclosed information, the recruiter could disqualify the applicant without having the applicant contact Investigations for an interview.

13. If the information about an applicant was not disqualifying (e.g., a four-year-old misdemeanor conviction for trespassing) or where the recruiter was unsure for some reason, the applicant would be submitted to Investigations for an interview.

14. When that occurred, I would review the applicant's application and criminal background report prior to the interview. I would then interview the applicant as set forth above.

15. I have reviewed the Driver Recruiting Process form for Tanna Hodges, STC000048-51, as well as the Investigations interview form for Ms. Hodges at STC346217-18. Though I have no specific recollection of my interview of Ms. Hodges, I accurately recorded the

1  contents of that interview in STC000048-51.

2  16.  As a regular part of my job responsibilities, I was obligated to enter truthful and accurate information into the Driver Recruiting Process and interview forms at or near the time of the interview. I conducted these interviews and filled out these Driver Recruiting Process and interview forms on a daily basis in the regular course of my job duties.

6  17.  Based on my review of the Driver Recruiting Process forms, I believe I entered accurate information about Ms. Hodges into the Driver Recruiting Process form on December 14, 2009.

9  18.  The information in the interview form, STC346217-18, is an accurate reflection of statements made to me by Ms. Hodges during her Investigations interview on December 14, 2009.

12  19.  Based upon the information contained in the interview form notes section, I would not have approved Ms. Hodges for hire by Swift because the information she provided was different from her application and because, according to the information she provided, Ms. Hodges did not meet Swift's hiring standards.

16  20.  I carefully reviewed this declaration before signing it below. Any changes that I requested were made to the declaration. I affirm that every statement in this declaration is accurate and truthful.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on: August  21 , 2012

Patricia Ramos

3                    Declaration of Patricia Ramos

STC645090