IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelvin D. Daniel, et al., | No. CV-11-01548-PHX-ROS |
| Plaintiffs, | **ORDER** |
| vs. | |
| Swift Transportation Corp., | |
| Defendant. | |

      Defendant has moved for reconsideration of the Court's September 21, 2012 Order. That motion claims the declarations at issue were "work product" not subject to disclosure. There is substantial doubt whether a declaration made by a prospective class member could ever qualify as work product. *See Scourtes v. Fred W. Albrecht Grocery Co.*, 15 F.R.D. 55, 58 (N.D. Ohio 1953) ("The written statement of a witness, whether prepared by him and later delivered to the attorney, or drafted by the attorney and adopted by the witness, is not properly considered the 'work product' of an attorney. It records the mental impressions and observations of the witness himself and not those of the attorney."). But the Court need not reach this issue because Defendant did not merely fail to disclose the declarations. Defendant also failed to disclose the identity of the individuals until immediately before the deadline.

      As Rule 26 makes clear, a party must disclose the names of individuals it "*may* use to supports its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added).

1 Defendant would read this rule as allowing attorneys to gather evidence and then wait until
2 the very last minute to decide whether to use that evidence in its case.  This approach would
3 effectively negate the supplementation requirement because no supplementation would be
4 required until an attorney made a final decision, and every attorney would delay making that
5 decision until the very last minute.  That is not a reasonable reading of the rule.

6     Accordingly,

7     **IT IS ORDERED** the Motion for Reconsideration (Doc. 90) is **DENIED**.

8     DATED this 2nd day of October, 2012.

*[signature]*
Roslyn O. Silver
Chief United States District Judge