John F. Lomax, Jr. (#020224)
Brian J. Foster (#012143)
Joseph A. Kroeger (#026036)
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
Email: jlomax@swlaw.com
       bfoster@swlaw.com
       jkroeger@swlaw.com
Attorneys for Defendant Swift Transportation Co. of Arizona, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| KELVIN D. DANIEL, et al., | Case No. 2:11-cv-01548-PHX-ROS |
|---|---|
| Plaintiffs, | |
| v. | **DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC'S MOTION FOR SUMMARY JUDGMENT** |
| SWIFT TRANSPORTATION CORPORATION, | |
| Defendant. | Assigned to: Hon. Roslyn O. Silver (Oral Argument Requested) |

Swift prepared this Motion for Summary Judgment to be filed this week. On October 1, 2012, Plaintiffs filed a Motion for Leave to File a Second Amended Complaint and unilaterally stated they wanted to dismiss Counts I and II of the First Amended Complaint. Doc. 91.[1] Swift agrees Counts I and II should be dismissed, but the dismissal[2] should be with prejudice as summary judgment in favor of Swift is proper. The facts underlying this motion are not in dispute. Plaintiffs' midnight motion to amend the pleadings underscores that point. Doc. 91 at 5:2-22 (noting that Daniel and Hodges are not in-person applicants).

---

[1] At this stage of the proceedings, Federal Rule of Civil Procedure 41 does not permit a unilateral notice of dismissal.

[2] Plaintiffs' motion does not indicate whether they seek to dismiss Counts I and II with or without prejudice. In a separate response, Swift will respond more fully to Plaintiffs' Motion for Leave to File Second Amended Complaint.

The undisputed facts supporting this motion are outlined in the separately-filed Statement of Facts and the below Argument. As there are no facts to support any of the counts in Plaintiffs' operative complaint, Swift respectfully requests the Court to grant summary judgment in favor of Swift on all counts.

RESPECTFULLY SUBMITTED this 5th day of October, 2012.

SNELL & WILMER L.L.P.


By: *s/ John F. Lomax, Jr.*
    John F. Lomax, Jr.
    Brian J. Foster
    Joseph A. Kroeger
    One Arizona Center
    400 East Van Buren
    Phoenix, AZ  85004-2202
    Attorneys for Swift

**A.   APPLICABLE LAW**

    **1.   Fair Credit Reporting Act**

Plaintiffs' First Amended Complaint pleads four separate counts, but each claim is tied to an alleged violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* That federal law governs the acquisition and use of certain background information, called "consumer reports," on certain applicants and employees under specific circumstances. 15 U.S.C. § 1681a, §1681b(b). Consumer reports may include criminal background reports, credit reports, driving records, reference checks and other similar reports. The FCRA imposes obligations on employers who obtain and use consumer reports.

In the commercial trucking industry, those obligations have been modified by Congress for applicants who apply via "mail, telephone, computer or other similar means" – not-in-person applicants. 15 U.S.C. § 1681b(b)(2)(B), § 1681b(b)(3)(B); *see also* Consumer Reporting Employment Clarification Act of 1998, P.L. No. 105-347, 112 Stat. 3208 (1998) (amending the FCRA to allow employers in the commercial trucking industry to modify disclosures and authorizations for applicants applying via telephone, computer,

mail or other similar means).³  The First Amended Complaint alleged four violations covering both in-person applicants and not-in-person applicants.

    a.    Count I alleges that Swift failed to provide Plaintiffs Daniel and Hodges, <u>in-person</u> applicants, with the required disclosures and failed to obtain valid authorizations to procure their consumer reports.  Those allegations are based on 15 U.S.C. § 1681b(b)(2)(A)(i) and § 1681b(b)(2)(A)(ii).  Doc. 19 at ¶ 45, 46.

    b.    Count II alleges that Swift failed to provide Plaintiffs Daniel and Hodges, <u>in-person</u> applicants, copies of their respective consumer reports and summaries of rights before denying them employment. Those allegations are based on 15 U.S.C. § 1681b(b)(3)(A)(i) and § 1681b(b)(3)(A)(ii).  Doc. 19 at ¶ 51, 52.

    c.    Count III alleges that Swift failed to obtain consent from Plaintiff Bell (now dismissed), a not-in-person applicant, before procuring a consumer report.  That allegation is based on 15 U.S.C. § 1681b(b)(2)(B)(ii).⁴

    d.    Count IV alleges that Swift failed to provide an adverse action notification to Plaintiff Bell (now dismissed), a not-in-person applicant.  That allegation is based on 15 U.S.C. § 1681b(b)(3)(B)(i).  Doc. 19 at ¶ 62.

**2.   Standard for Summary Judgment**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Once the moving party has carried its burden of establishing the absence of genuine issues of material fact, the non-moving party may not rest upon mere allegations or denials of its pleading, but instead must set forth specific facts showing that there is a genuine issue for trial.  *See Anderson v. Liberty Lobby, Inc.*, 477

---

³ *See also* Cong. Rec. H10218 (Oct. 8, 1998), previously filed at Doc. 24-2 in this case, and incorporated herein by reference.

⁴ As the Court ruled in its January 9, 2012 Order, Count III does not allege Swift failed to provide notice under 15 U.S.C. § 1681b(b)(2)(B)(i). Doc. 33 at 6 n.1 ("any alleged defects in the notice are not presently before the Court").

U.S. 242, 248-49 (1986). These facts must produce sufficient evidence to reasonably support a jury verdict in the non-moving party's favor, and not just "some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The rule provides that "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S.Ct. 1348 (1986); *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 500 (9th Cir. 1992) (same). "Only disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248, 106 S. Ct. at 1348.

### 3. Standing

Under Article III of the United States Constitution, litigants must have standing to invoke the power of a federal court. *Allen v. Wright*, 468 U.S. 737, 750, 104 S. Ct. 3315 (1984); *Williams v. The Boeing Co.*, 517 F.3d 1120, 1126-67 (9th Cir. 2008). "To have standing, a "plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Williams,* 517 F.3d at 1127 (quoting *Allen*, 468 U.S. at 751). With respect to Counts I and II, neither Daniel nor Hodges has standing to assert those claims, as they were not in-person applicants.

## B. ARGUMENT

### 1. Summary Judgment in Favor of Swift on Counts I and II is Proper.

As alleged in the First Amended Complaint, Plaintiffs Daniel and Hodges sought employment as commercial truck drivers. Doc. 19 at ¶¶ 9, 16. Plaintiffs' latest filings confirm neither Daniel nor Hodges is an in-person applicant. Doc. 91 at 5:6-17. As such, neither has standing to be a plaintiff on Counts I and II, and summary judgment in favor of Swift on those counts is proper. As highlighted in the briefing by the parties on the Renewed Motion to Dismiss, the key to determining whether Plaintiffs are in-person applicants are the dates that Swift procured their respective consumer reports. If, at the

time Swift procured the consumer report, the only interaction between the consumer and Swift in connection with the consumer's employment application has been by mail, telephone, computer, or other similar means, then the non-in-person standards would apply. 15 U.S.C. § 1681b(b)(2)(C) and § 1681b(b)(3)(C) (establishing when the not-in-person provisions apply to drivers seeking positions in the commercial motor vehicle industry).[5] Here, the in-person standards of the FCRA do not apply to Daniel and Hodges as the facts show they applied online for driver positions in the commercial trucking industries, and those online applications led Swift to procure their consumer reports.

Kelvin Daniel submitted an online application for a commercial truck driver position with Swift on December 27, 2010. SOF ¶ 1.[6] He did not apply in-person, and Swift ordered a consumer report on Daniel on December 28, 2010, the day after he applied. *Id.* at ¶ 2. Swift had no in-person contact with Daniel until January 24, 2011, when Daniel attended an orientation. *Id.* at ¶ 3. Indeed, Daniel's deposition testimony confirms that same sequence of events.

> Q   I just want to make sure I have the sequence of things. December 27th, 2010 is your employment application, right?
>
> A   Right.
>
> Q   Now, December 28, 2010, there's a background check that we reviewed, right?
>
> A   Right.
>
> Q   And after that, you spoke on the phone with Doug Driscoll and he scheduled you for an orientation?
>
> A   Yes.

*Id.*. In short, Daniel admits that he had no in-person contact with Swift until nearly a month <u>after</u> Swift ordered his consumer report. *Id.* Plaintiffs fought this same skirmish at

---

[5] Plaintiffs applied to be commercial truck drivers, positions regulated by the U.S. Department of Transportation. SOF ¶ 1. The Secretary of Transportation has the power to establish qualifications and maximum hours of services for drivers working for commercial motor carriers, including trucking companies, such as Swift. 49 U.S.C. § 31502.

[6] Citations are to Swift's Statement of Material Facts in Support of Its Motion for Summary Judgment ("SOF"), filed with this motion.

- 5 -

the motion to dismiss[7] stage, suggesting dismissal of Counts I and II would be premature and erroneous. Nine months of discovery later, the facts remain the same: Daniel is not an in-person applicant. Plaintiffs concede as much in their proposed amended complaint. Doc. 91-1 at ¶¶ 8-10.

Similarly, Plaintiff Hodges has not and cannot show she was an in-person applicant within the meaning of the Fair Credit Reporting Act. Hodges applied to Swift on three occasions,[8] but, as Plaintiffs correctly note, the only application that triggered Swift's procurement of a consumer report was her December 12, 2009 application. Doc. 91 at 5 ("Swift did not procure Hodge's [sic] criminal background report until December 14, 2009, while processing her December 12, 2009 online application"). Hodges' December 12 application was a computer website application. SOF at ¶ 7.

> Q   Did you interact with a Swift recruiter during this [December 2009] application –
> A   No.
> Q   --process?
> A   No. I didn't.
> Q   Okay. This was just done online; is that right, Ms. Hodges?
> A   Yes, yes.

*Id.* Swift ordered Hodges' consumer report on December 14, 2009. SOF at ¶ 8. The report, disclosed and produced by Swift to Plaintiffs on January 9, 2012, shows the date it was ordered. *Id.* Swift did not order a consumer report with respect to her September 2009 applications. SOF at ¶ 6; Doc. 91 at 5:10-17. Plaintiffs have marshaled no evidence to show otherwise.

---

[7] *See* Doc. 27 at 9-12. In its Renewed Motion to Dismiss, filed November 10, 2011, Swift wrote "[F]actual support for this speculative assertion [that Daniel was an in-person applicant] is utterly absent, and discovery will not show otherwise." Doc. 24 at 4:28-5:1.

[8] According to her deposition, Hodges applied with Swift on September 25, 2009 by leaving a copy of her application with a company location in San Antonio. SOF at ¶ 4. She also applied on September 29, 2009 by leaving a copy of her application at Swift's Columbus, Ohio terminal. SOF at ¶ 5. On those two occasions, Swift did not order a consumer report. SOF at ¶ 6.

1    Plaintiffs cannot quarrel with those facts.  Indeed, Plaintiffs' motion for leave to
2 amend the complaint asserts the exact same position.  Doc. 91 at 5:10-17.   According to
3 Hodges' deposition, she has no evidence that Swift ordered a consumer report with
4 respect to her September 2009 applications.  SOF ¶ 6.  Further, Swift's verified
5 interrogatory responses confirmed that Swift never ordered a consumer report as to those
6 September applications.  SOF ¶ 9.  Thus, there is no evidence in the record that Swift ever
7 procured a consumer report with respect to Ms. Hodges' September 2009 in-person
8 applications for employment with Swift.

9    At this stage of the litigation, Plaintiffs may not merely allege that they are
10 properly considered in-person applicants; they must provide evidence of this fact.
11 *Williams v. Boeing Co.,* 517 F.3d 1120, 1128 (9th Cir. 2008).  As set forth above and in
12 SOF ¶¶ 1-9, they cannot meet this burden.  All record evidence establishes the contrary.
13 As a matter of law, therefore, Plaintiffs have failed to demonstrate that Daniel or Hodges
14 may properly be considered an in-person applicant.  As neither Hodges nor Daniel can
15 show she or he is an in-person applicant, they lack standing to prosecute those claims and
16 summary judgment in favor of Swift is proper on Counts I and II.  *Id.* at 1127.

17    Even if Daniel could somehow show he was an in-person applicant, summary
18 judgment in favor of Swift on Count II would still be proper for an additional and
19 independent reason:  he cannot show that Swift relied, in whole or in part, on a consumer
20 report in deciding not to offer him employment.  Count II alleges Swift failed to give pre-
21 adverse action notice to Daniel, an in-person applicant.  To state that type of claim, Daniel
22 must show Swift took an adverse action against him based in whole or in part on the
23 consumer report.  15 U.S.C. § 1681b(b)(3)(A).  It did not.

24    The uncontroverted evidence establishes that Daniel voluntarily disclosed the
25 criminal information that caused Swift not to hire him.  The criminal background report
26 ordered by Swift on Daniel revealed no criminal background information.  SOF at ¶ 2.
27 Daniel confirmed that fact at his deposition.  As Daniel described in his deposition
28 testimony,

| | | |
|---|---|---|
|1|Q|To be clear, he [the Swift recruiter] told you that he had reviewed it before scheduling you for orientation and it was clean?|
|2|||
|3|A|I was clean before I went to orientation.|
|4|Q|. . . Would you agree that there is no identification of any criminal convictions on this one sheet of paper [the criminal background report] in front of you?|
|5|||
|6|A|No record found.|
|7|Q|Okay. It says, "No record found in jurisdiction searched", correct?|
|8|A|Correct.|

*Id*. Likewise, his application described no adverse criminal information. SOF at ¶ 10. Yet, after coming to orientation, Daniel voluntarily told a Swift official that he had three criminal convictions for public intoxication, battery, and reckless conduct. SOF at ¶ 11. After comparing the information that Daniel volunteered at orientation to the information in his application, Swift opted not to hire him because he falsified his application. SOF at ¶ 12. For that reason and no other, Swift decided not to hire Daniel. The consumer report had nothing to do with Swift's decision. At deposition, Daniel recognized that fact, acknowledging that, because the criminal background report was clean and because he had not disclosed his criminal convictions on his application, there was no way for Swift to know about his criminal history. SOF at ¶ 13. Thus, Daniel's voluntary disclosure, not the consumer report, caused Daniel not to obtain a job. That evidence dooms his claim under Count II, as he cannot show Swift relied in whole or in part on a consumer report in declining to offer him employment.

**2.   Counts III and IV Were Dismissed On May 21, 2012.**

In the First Amended Complaint, Plaintiffs named Robert R. Bell, Jr. as the sole plaintiff for Counts III and IV. SOF ¶ 14. Notwithstanding the allegations contained in Paragraph 25 of the operative complaint,[9] discovery confirmed that Swift never ordered a

---

[9] Plaintiffs alleged "[a]fter receiving Bell's application, Swift – without any authorization from Bell – ordered a criminal background report regarding Bell from HireRight that grossly misidentified Bell as having been convicted of felony burglary, felony robbery, grand larceny and several parole violations, all leading to a ten-year prison sentence." Doc. 19_at ¶_25.

- 8 -

consumer report in relation to Bell's application for employment with Swift.  In a call on May 11, 2012, counsel for Plaintiffs proposed dismissing Bell, the lone class representative for Counts III and IV, from the lawsuit.  Swift agreed to the requested dismissal and, on May 21, Plaintiffs filed a Stipulated Notice of Dismissal Without Prejudice with the Court that Plaintiffs' counsel drafted.  SOF ¶ 15.  That notice provided the parties stipulated to "the dismissal without prejudice of all the claims asserted against Defendant … by Bell."  On May 24, this Court entered the Order dismissing Bell's claims, Counts III and IV, without prejudice.  SOF ¶ 16.  Counts III and IV were dismissed at that time.  Until the filing of Plaintiffs' Motion for Leave to Amend the Complaint at 11:48 p.m. on October 1, 2012, Plaintiffs never raised the issue of amending the complaint to resurrect Counts III and IV.

Even if the intention of Plaintiffs in May was to dismiss Bell, not Counts III and IV, then summary judgment is still proper in favor of Swift on those counts.  *Williams,* 517 F.3d at 1127 (at least one named plaintiff must have standing to represent and maintain a class action).  *See also* William B. Rubenstein, *Newberg on Class Actions* § 2:8 (5th ed. 2011).  "If there is no class representative with standing, then the court lacks jurisdiction over the case and it must be dismissed."  *Id.*  "There is no opportunity for a substitute class representative to take the named plaintiff's place because this means that the court never had jurisdiction over this matter."  *Id.*; *see also Lierbse v. State Farm Mut. Auto. Ins. Co.,* 350 F.3d 1018, 1023 (9th Cir. 2003).

**3.   Judgment on the Pleadings in Favor of Swift is Proper.**

One final reason warrants a judgment against Plaintiffs at this stage.  Plaintiffs filed their original Complaint in this action on August 8, 2011.  Doc. 1.  The Complaint named "Swift Transportation Corporation" as the lone defendant.  *Id.*  There is no such company, and Swift has never hidden this fact.  Indeed, on October 3, 2011, in its first filing in this case, Swift informed Plaintiffs ***two separate times*** that they had sued an entity that no longer existed.  On the first page of Swift's Answer, it informed Plaintiffs that "Swift Transportation Corporation is no longer the name of a company."   Doc. 15 at 1:27.

- 9 -

1  Further, Swift advised Plaintiffs "Swift Transportation Co. of Arizona, LLC is the name
2  of the entity that would be employing Plaintiffs if they had been qualified for hire and
3  accepted job offers." *Id.* at 1:27-28.[10]  Swift's original interrogatory responses served on
4  April 20, 2012 repeated the same points.

5  Throughout this litigation, Swift has consistently and repeatedly continued to
6  remind Plaintiffs that they have sued a non-existent entity. *See*, *e.g.*, Doc. 23 at 1:27-28
7  (filed November 10, 2011), Doc. 24 at 2:27-28 (filed November 10, 2011), and Doc. 41 at
8  1:27-28 (filed January 23, 2012) and SOF at ¶ 18.  At the Court's January 10, 2012 Rule
9  16 conference, Plaintiffs suggested there was "confusion" over the proper defendant and
10 represented to the Court, "[w]e will probably be cleaning that up, hopefully, ***within the***
11 ***next 30 days*** and either substituting the proper party or having some notification to the
12 Court." SOF at ¶ 17 (emphasis added).  Until October 1, 2012, Plaintiffs made no effort
13 to amend the pleadings, and no evidence supports Plaintiffs' assertion that Swift
14 Transportation Corporation is an existing company.  For that reason, judgment on the
15 pleadings in favor of Swift is proper.

### C.  CONCLUSION

17 As outlined above, Swift respectfully requests the Court to grant summary
18 judgment in its favor on all Counts.

19 RESPECTFULLY SUBMITTED this 5th day of October, 2012.

20 SNELL & WILMER L.L.P.

22 By: *s/ John F. Lomax, Jr.*
23 John F. Lomax, Jr.
    Brian J. Foster
24 Joseph A. Kroeger
    One Arizona Center
25 400 East Van Buren
    Phoenix, AZ  85004-2202
26 Attorneys for Swift

---

[10] Notably, even the caption of the Answer signaled to Plaintiffs that they had named the wrong party, as it was captioned "Defendant ***Swift Transportation Co. of Arizona, LLC's*** Answer to Plaintiffs' Complaint."  (*Id.* at 1 (emphasis added))

- 10 -

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2012, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Anthony R. Pecora
Stumphauzer O'Toole McLaughlin
McGlamery & Loughman Company
5455 Detroit Road
Sheffield Village, OH 44054

Dennis M. O'Toole
Stumphauzer O'Toole McLaughlin
McGlamery & Loughman Company
5455 Detroit Road
Sheffield Village, OH 44054

Leonard Anthony Bennett
Susan Mary Rotkis
Consumer Litigation Associates PC
Suite 1-A
763 J. Clyde Morris Boulevard
Newport News, VA 23601

Matthew A. Dooley
Stumphauzer O'Toole McLaughlin
McGlamery & Loughman Company
5455 Detroit Road
Sheffield Village, OH  44054

Stanley Lubin
Lubin & Enoch PC
349 North Fourth Avenue
Phoenix, AZ 85003


*s/* Kathy Greene
15910820