1  LUBIN AND ENOCH, P.C.
   Stanley Lubin (003076)
2  349 North 4th Avenue
3  Phoenix, Arizona 85003-1505
   Telephone:   (602) 234-0008
4  Facsimile:   (602) 626-3586
   Email:    Stan@lubinandenoch.com
5

6  STUMPHAUZER | O'TOOLE
   Dennis M. O'Toole (0003274)
7  Anthony R. Pecora (0069660)
8  Matthew A. Dooley (0081482)
   5455 Detroit Road
9  Sheffield Village, Ohio  44054
10 Telephone:   (440) 930-4001
   Facsimile:   (440) 934-7208
11 Email:    dotoole@sheffieldlaw.com
             apecora@sheffieldlaw.com
12           mdooley@sheffieldlaw.com
13
   CONSUMER LITIGATION ASSOCIATES, P.C.
14 Leonard A. Bennett (Virginia Bar #27523)
15 Susan M. Rotkis (Virginia Bar #40693)
   763 J. Clyde Morris Blvd., Suite 1-A
16 Newport News, Virginia 23601
17 Telephone:   (757) 930-3660
   Facsimile:   (757) 930-3662
18 Email:    lenbennett@clalegal.com
             srotkis@clalegal.com
19

20              **IN THE UNITED STATES DISTRICT COURT**
                  **FOR THE DISTRICT OF ARIZONA**
21

22 | KELVIN D. DANIEL, et al | ) |
   |  | ) |
23 | Plaintiffs, | ) **Case No.: 2:11-CV-01548-ROS** |
   |  | ) |
24 | vs. | ) **PLAINTIFFS' OPPOSITION TO SWIFT'S MOTION FOR SUMMARY JUDGMENT** |
   |  | ) |
25 |  | ) |
   | SWIFT TRANSPORTATION CO. OF | ) Assigned to: Hon. Roslyn O. Silver |
26 | ARIZONA, LLC, | ) |
   |  | ) |
27 | Defendant. | ) |

28

1

## I. LAW AND ARGUMENT

### A. Swift's Motion for Summary Judgment is a thinly veiled attempt to add support to its Opposition to Plaintiffs' Motion for Leave to Amend.

Swift's summary judgment motion is merely a tactical motion intended to advance Swift's opposition to Plaintiffs' Motion for Leave to Amend rather than challenge the factual and legal issues at the core of this case. Both parties have fully briefed Plaintiffs' Motion for Leave to File Second Amended Complaint, and repetitive support *or opposition* is not necessary here. Regardless, Swift is not entitled to judgment as a matter of law on Counts III and IV of Plaintiffs' First Amended Complaint (FAC).

### B. The evidence demonstrates that Swift violated the FCRA.

As a threshold matter, Plaintiffs do not challenge the dismissal of Counts I and II of the FAC. The evidence gathered during an arduous nine-month discovery period ultimately confirmed that Hodges and Daniel applied for employment with Swift *online*, and did not receive the disclosures required by 15 U.S.C. § 1681b(b)(2)(B).[1] Indeed, Swift makes no effort to show otherwise in its Statement of Material Facts. (Doc. 100). And when Hodges' background report included information not included in her application, Swift declined her employment without providing the notices required by 15 U.S.C. § 1681b(b)(3)(B) - another dispositive fact wholly ignored in Swift's Statement of Material Facts. (Id.) Additionally, Plaintiffs' Response to Swift's Statement of Material Facts cites to Swift's own testimony that it deliberately avoided making the disclosures to

---

[1] Counts I and II of the FAC address FCRA violations on behalf of in-person applicants.

2

applicants under 15 U.S.C. § 1681b(b)(3)(B).  (Plaintiffs' Response to Swift's Statement of Material Facts at ¶ 19).

The Court previously recognized that without receiving mandated FCRA disclosures, an applicant cannot in turn provide valid consent to an employer's procurement of his consumer report:

> While it is doubtful Defendant was required to include certain "magic words" to satisfy the FCRA's consent requirement, the statute should be given a liberal construction. *Guimond v. Trans Union Credit Information Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). And a plausible reading of the "first notice, then consent" structure of the statute is that, while the consent requirement is relaxed for certain applicants, an applicant still must give consent *specifically* on the issue of obtaining a report. **This reading is supported by the requirement that electronic applicants be given "notice that a consumer report may be obtained"** *and* **that the applicant be given notice of certain rights "under section 1681m(a)(3)" of the FCRA. 15 U.S.C. § 1681b(b)(2)(B)(i).**

(Doc. 33 at 6) (emphasis added).

Throughout this entire case, Swift has never claimed that it provided Hodges or Daniel with any notice of their rights under 15 U.S.C. § 1681m(a)(3) as required by 15 U.S.C. § 1681b(b)(2)(B)(i).   Instead, Swift baldly claims that the "Acknowledgement" section of its application sufficiently covered such notices.  The Court found otherwise. (Doc. 33 at 5-6) ("According to Defendant, Bell provided this consent when he signed the 'Acknowledgment' portion of his application. That section stated Bell gave Defendant 'the right to investigate all references and to secure additional information about [him], if job-related.' (citing Doc. 19-2 at 3). Therefore, the issue is whether this statement was

3

sufficient to qualify as valid consent under the FCRA. Viewing the facts in the light most favorable to Plaintiffs, the statement was not sufficient.").

And with respect to Hodges, Swift has never claimed that it provided her with the adverse action notices required by 15 U.S.C § 1681b(b)(3)(B).  To suddenly make such a claim would contradict Swift's extensive deposition testimony that at the time Hodges applied, Swift deliberately withheld *any* information from applicants when denying employment.  (Cordova August Dep. at 35:21 - 36:24; 38:4-5; 41:8-21; 98:22-99:5)

**C.      Swift's challenge to standing is patently incorrect.**

Swift's attack to Counts III and IV of the FAC is primarily a *legal* challenge to Hodges and Daniel's standing to represent aggrieved class members rooted in a basic *factual* misunderstanding.  Swift mistakenly argues that standing is not an individual determination, but rather must be must be analyzed on a count-by-count basis.   And because Hodges and Daniel were initially identified as representatives of Counts I and II of the FAC, Swift claims they cannot now represent Counts III and IV after Bell dismissed his individual claims.  Such is not the case.[2]

Swift falsely claims that the parties' May 21, 2012 stipulation dismissing Bell's claims operated as a complete dismissal of Counts III and IV of the FAC, as he was initially the sole representative of these claims. (Doc. 99 at 9).  But the stipulation was limited on its face to Bell as a representative plaintiff and not to the functional claims of

---

[2] Swift predictably ignores that both Hodges and Daniel have standing to assert the claims alleged in Counts III and IV of the FAC.  In fact, Swift's entire Motion for Summary Judgment is predicated on establishing the essential facts necessary to prove Counts III and IV: just like Bell, Hodges and Daniel applied online, not in person.

the FAC. (Doc. 57 at 2). Reaching farther, Swift cites to *Newberg* and *Williams v. Boeing Co.*, 517 F.3d 1120, 1127 (9th Cir. 2008) for the proposition that "at least one named plaintiff must have standing to represent and maintain a class action." (Doc. 99 at 9); *but see, Williams*, 517 F.3d at 1129 ("We agree with Plaintiffs, however, that the voluntary dismissal of their individual claims did not include their pre-2000 compensation discrimination claims.") Further, neither *Newberg* nor the cases analyzed by *Newberg* lend support to Swift's untenable argument. *See Newberg on Class Actions* 2:8 (5th ed. 2011) ("So long as at least one class representative has standing, the case may proceed with that party acting as the class's representative."); *see also, Wade v. Kirkland*, 118 F.3d 667, 670, 37 Fed. R. Serv. 3d 1389 (9th Cir. 1997) (holding, where named plaintiff's claims had become moot while class certification motion remained outstanding, that case should be remanded to district court for purpose of determining "the outstanding certification motion, including whether Wade can continue as class representative or whether other putative class members should be allowed to intervene" (citing *Kennerly v. U.S.*, 721 F.2d 1252, 1260 (9th Cir. 1983))); *see also*, *Graves v. Walton County Bd. of Educ.*, 686 F.2d 1135, 1138, 6 Ed. Law Rep. 336, 34 Fed. R. Serv. 2d 1492 (5th Cir. 1982) ("It is firmly established that where a class action exists, members of the class may intervene or be substituted as named plaintiffs in order to keep the action alive after the claims of the original named plaintiffs are rendered moot."); *see also, Kuahulu v. Employers Ins. of Wausau,* 557 F.2d 1334, 1337 (9th Cir. 1977) ("Thus, our decision does not require an automatic dismissal in every case where the district court has failed to certify the class before the representative's claim has become moot. For

example, *Kuahulu* gives us no occasion to decide whether Jacobs would mandate dismissal in a case where counsel's efforts to certify a class were thwarted by the district court's disposition of the suit on preliminary jurisdictional grounds.").

### D.  Plaintiffs sued the proper defendant.

Swift has defended this case for over a year, produced over one million pages of documents, conducted and defended depositions, and fully participated in class certification briefing.  Yet now, Swift asks the Court to dispose of the entire case simply because Plaintiffs initially referred to Swift as "Swift Transportation Corporation" instead of "Swift Transportation Co. of Arizona, LLC." Swift offers no legal support for its position; nor does it argue that it was even remotely prejudiced by this misnomer.

Not surprisingly, courts in the Ninth Circuit have plainly rejected this type of argument.  *See Gong v. City of Alameda*, 2007 U.S. Dist. LEXIS 8485 at *2 (N.D. Cal. 2007) (A misnomer in the plaintiff's complaint did not warrant dismissal of the complaint because there was no prejudice or bad faith on the part of the plaintiffs.  Further, FRCP 17(a) contemplates that "a court may permit correction of a caption if the real party in interest has not been correctly identified.").  Other courts have taken a much more stern approach addressing Swift's exact argument.  For example, in *Bland v. Charles County Pub. Schs.*, 2010 U.S. Dist. LEXIS 71310 at *2-3 (D. Md. 2010) the defendant argued that the plaintiff's complaint should be dismissed because the defendant was misidentified in the complaint as "Charles County Public Schools" instead of "Board of Education of Charles County".  *Id.*  Quoting *United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947), the court stated:

6

>As a general rule the misnomer of a corporation in a notice, summons . . . or other step in a judicial proceeding is immaterial if it appears that [the corporation] could not have been, or was not, misled. (internal citation omitted) . . . The court noted that: A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant . . . it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else. (internal citation omitted).

*Id.*

In the same vein, this Court recently stated: "[l]itigation is not a game. It is the time-honored method of seeking the truth, finding the truth, and doing justice." *Haeger v. Goodyear Tire and Rubber Co., et al*, No. CV-05-02046 at 1 (D. Ariz. November 11, 2012).

//

//

//

//

//

//

//

//

//

//

//

7

## II. CONCLUSION

**WHEREFORE**, based upon the foregoing argument and Plaintiffs' Response to Swift's Statement of Material Facts, Plaintiffs respectfully request that the Court deny Swift's Motion for Summary Judgment.

Respectfully Submitted,

STUMPHAUZER | O'TOOLE

/s/ Dennis M. O'Toole
/s/ Matthew A. Dooley
/s/ Anthony R. Pecora

LUBIN AND ENOCH, P.C.

/s/ Stanley Lubin

CONSUMER LITIGATION ASSOCIATES, P.C.

/s/ Leonard A. Bennett

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

This will certify that a copy of the foregoing Plaintiffs' Opposition to Swift's Motion for Summary Judgment was filed electronically this 14th day of November, 2012. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ Matthew A. Dooley
*Counsel for Plaintiffs*