1  LUBIN AND ENOCH, P.C.
   Stanley Lubin (003076)
2  349 North 4th Avenue
3  Phoenix, Arizona 85003-1505
   Telephone:   (602) 234-0008
4  Facsimile:   (602) 626-3586
5  Email:   Stan@lubinandenoch.com

6  STUMPHAUZER | O'TOOLE
   Dennis M. O'Toole (0003274)
7  Anthony R. Pecora (0069660)
8  Matthew A. Dooley (0081482)
   5455 Detroit Road
9  Sheffield Village, Ohio  44054
10 Telephone:   (440) 930-4001
   Facsimile:   (440) 934-7208
11 Email:   dotoole@sheffieldlaw.com
            apecora@sheffieldlaw.com
12          mdooley@sheffieldlaw.com
13
   CONSUMER LITIGATION ASSOCIATES, P.C.
14 Leonard A. Bennett (Virginia Bar #27523)
15 Susan M. Rotkis (Virginia Bar #40693)
   763 J. Clyde Morris Blvd., Suite 1-A
16 Newport News, Virginia 23601
17 Telephone:   (757) 930-3660
   Facsimile:   (757) 930-3662
18 Email:   lenbennett@clalegal.com
            srotkis@clalegal.com
19

20             **IN THE UNITED STATES DISTRICT COURT**
21                **FOR THE DISTRICT OF ARIZONA**

22 KELVIN D. DANIEL, et al          )
                                    )
23             Plaintiffs,          )   **Case No.: 2:11-CV-01548-ROS**
                                    )
24      vs.                         )   **PLAINTIFFS'RESPONSE TO**
                                    )   **SWIFT'S STATEMENT OF**
25                                  )   **MATERIAL FACTS IN SUPPORT OF**
   SWIFT TRANSPORTATION CO. OF      )   **MOTION FOR SUMMARY**
26 ARIZONA, LLC,                    )   **JUDGMENT**
                                    )
27                                  )   Assigned to: Hon. Roslyn O. Silver
               Defendant.           )
28

1

Pursuant to Fed. R. Civ. P. 56 and LR Civ. 56.1(a), Plaintiffs, Kelvin Daniel and Tanna Hodges ("Plaintiffs"), file their Response to Swift's Statement of Material Facts in Support of its Motion for Summary Judgment, as follows:

**PLAINTIFFS' RESPONSE TO SWIFT'S MATERIAL FACTS**

1. Plaintiffs agree that on December 27, 2010, Kelvin Daniel applied for a commercial truck driver position with Swift and that the position was regulated by the U.S. Department of Transportation.

2. Plaintiffs agree that Swift ordered a consumer report on Daniel, including a criminal background report. Plaintiff further agrees that the report did not contain criminal background information. However, Swift's application documents failed to provide Daniel, with notice of his right to obtain a free copy of his criminal background report within the 60 day time frame, and to dispute the accuracy or completeness of any information contained in the report with the consumer reporting agency in violation of 15 U.S.C. § 1681b(b)(2)(B)(i).  (Doc. 100-1: 6-11).

3. Plaintiffs agree that Swift did not have 'in-person' contact with Daniel until January 24, 2011 when Daniel attended orientation.

4. Plaintiffs agree that Hodges applied in person with Swift on September 25, 2009 at its San Antonio, Texas location.   As part of the application process, Hodges filled out the application at the Swift location and spoke with a Swift representative named Virginia.  Virginia informed Hodges that Swift would put her back in school and then with a trainer once hired.  (Doc 108-2, Hodges Dep. at 130: 13–133:11).

5. Hodges applied again 'in-person' with Swift on September 29, 2009 at its Columbus, Ohio terminal. As part of this application process, Hodges spoke with a Swift representative, Kris Kepler, who promised to place Hodges with another driver until she felt comfortable driving alone. (Doc 108-2, Hodges Dep. at 160: 8-26; 162: 19-163:23).

6. Plaintiffs agree that Swift procured Hodges' criminal background report in connection with her December 12, 2009 on-line application. However, Swift did so without providing her with the notice of her right to obtain a free copy of her criminal background report within 60 days and to dispute the accuracy or completeness of any information contained in the report with the consumer reporting agency in violation of 15 U.S.C. § 1681b(b)(2)(B)(i). (Hodges Online Application, Doc. 100-2 at 19-25).

7. Plaintiffs agree that Swift had no in person contact with Hodges regarding her December 12, 2009 online application.

8. Plaintiffs agree that Swift procured Hodges' criminal background on December 14, 2009 as part of the employment screening process and that this report was provided to Plaintiffs on January 9, 2012.

9. Plaintiffs agree that Swift provided in its response to Interrogatory No.9 that "Ms. Hodges' September 2009 applications, while received, were not processed beyond the application stage and that no consumer report was ever ordered by Swift with respect to these applications."

10. Plaintiff agrees that Daniel answered, "No" to the question, "Have you ever been convicted of a criminal offense?" Daniel explained the basis for his answer:

> Q. It's the third question up from under – from above, "Please complete this information." Okay?

3

|   |   |   |
|---|---|---|
| 1 | A. | Okay. |
| 2 | Q. | Now, that question reads, "Have you ever been convicted of a criminal offense?" Did I read that question correctly? |
| 3 | A. | Yes, sir. |
| 4 | Q. | And to the right of that question, what was your response? |
| 5 | A. | No. |
| 6 | Q. | Was that response truthful? |
| 7 | A. | Yes. And probably was looked at and read wrong, too, the way it was wrote because I've never been convicted of a crime in California or marijuana related crime, anything about California. "Have you ever been convicted of a criminal offense in California?" No. |
| 10 | Q. | And that's what you believe the question asks? |
|  | A. | Right. |
| 11 | Q. | On the day that you filled this out, that was what you believe that question asked you? |
| 12 | A. | Yes. |
| 13 | Q. | And sitting here today, is that what you believe that question asked you? |
| 14 | A. | That's the way it looks, but as I see this punctuation, "Have you ever been convicted of a criminal offense", no, no felony convictions. |
| 16 | Q. | So this application was submitted on December 27th, 2010? |
| 17 | A. | Yes. |

(Doc. 108-3, Daniel Dep. at 131:20-132:20.)

11.  Plaintiffs agree that Daniel voluntarily disclosed three criminal offenses while attending Swift's orientation at the direction of Chad Baumgarner. When Daniel heard this instruction he asked, "does it matter when it happened?" to which Baumgarner responded "Don't matter." (Doc. 108-3, Daniel Dep. at 141:2-13). Baumgarner also instructed "whatever you put on the application, put it down now." *Id.* Because Daniel misunderstood the question on the application regarding criminal history, his application did not identify any criminal offenses. (*Id.* at 131:20-132:20.)

4

12. After Daniel disclosed his nominal and stale misdemeanor convictions, he was pulled out of orientation and was informed that Swift would perform a further background investigation on him. (Doc. 108-3, Daniel Dep. at 144:12-14; 145:17-19). Daniel later participated in a telephone interview with a Swift investigator Bernice Ruiz who asked Daniel about his misdemeanors. Ruiz informed Daniel that Swift would be in contact with Daniel in a week or so. This never happened. Daniel was never informed of the results of the further background investigation or given the reason for his denial of employment. (*Id.* at 147:1-18).

13. Plaintiffs agree that the criminal background report procured by Swift did not disclose Daniel's misdemeanors.

14. Plaintiffs agree that initially, Robert Bell was the named Plaintiff to represent putative class members for Counts III and IV.

15. Plaintiffs agree that his counsel proposed dismissing Bell. However, disagree that Bell is the lone class representative as Hodges and Daniel can serve as class representatives for Counts III and IV.

16. On May 24, 2012, this court entered an Order dismissing Bell's claims against Swift without prejudice. (Doc. 58). The Court's order did not mention any specific count. (Id.)

17. Plaintiffs agree that counsel suggested that there was confusion over the official name of Swift, but disagree that the misnomer does not warrant or justify summary judgment.

5

18. At the bottom of Swift's internet homepage, the following text is present, "Swift Transportation Corporation, 2200 S. 75th Ave., Phoenix, AZ 85043." (www.swifttrans.com last visited November 14, 2012). Further, Swift Transportation, Inc. and not Swift Transportation Co. of Arizona, LLC, is identified as "the company" investigating references and securing additional information about Hodges and Daniel as set forth in the "Acknowledgement" section of Hodges' and Daniel's employment applications. (Doc. 100-1 at 11)

**PLAINTIFFS' ADDITIONAL STATEMENT OF FACTS**

19. At the time Hodges sought employment with Swift, the company utilized a policy to deliberately refrain from telling applicants the basis for declining employment. (Doc. 92-3, Cordova August Dep. at 35:21-36:24; 38:4-5; 41:8-21; 98:22-99:5)

Respectfully Submitted,

STUMPHAUZER | O'TOOLE

/s/ Dennis M. O'Toole
/s/ Matthew A. Dooley
/s/ Anthony R. Pecora


LUBIN AND ENOCH, P.C.

/s/ Stanley Lubin


LITIGATION ASSOCIATES, P.C.

/s/ Leonard A. Bennett

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

This will certify that a copy of the foregoing Plaintiffs' Response to Swift's Statement of Facts in Support of Motion for Summary Judgment was filed electronically this 14th day of November, 2012. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

        /s/ Matthew A. Dooley
        *Counsel for Plaintiffs*