John F. Lomax, Jr. (#020224)
Brian J. Foster (#012143)
Joseph A. Kroeger (#026036)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ  85004-2202
Telephone:  (602) 382-6305
Facsimile:  (602) 382-6070
E-Mail: jlomax@swlaw.com
        bfoster@swlaw.com
        jkroeger@swlaw.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KELVIN D. DANIEL, et al., | No. 2:11-CV-01548-PHX-ROS |
| Plaintiffs, | **DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC'S REPLY RE MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| SWIFT TRANSPORTATION CORPORATION, | Assigned to:  Hon. Roslyn O. Silver |
| Defendant. | **(Oral Argument Requested)** |

**A.    Introduction**

A careful review of Plaintiffs' Response and the cases they cite reveals why summary judgment in favor of Swift is proper.  This motion considers the viability of claims in the First Amended Complaint – the operative pleading.  Curiously, however, much of what Plaintiffs offer in response to this motion on the First Amended Complaint relates to the claims in the proposed Second Amended Complaint.  For example, Plaintiffs' argument beginning on line 17 of page 2 and extending to line 9 of page 4 of their Response (Doc. 112) relates to Plaintiffs' proposed failure-to-provide notice claim and the proposed adverse action claim for Hodges as a not-in-person applicant: those claims, however, do not appear in the First Amended Complaint.  Indeed, while citing to this Court's January 9, 2012 order, Plaintiffs again decline to mention that the same order

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona  85701-1630
520.882.1200

1  observed that Count III of the First Amended Complaint focuses on the alleged failure to

2  obtain consent, Doc. 33 at 5: 25-26, and expressly ruled that "Plaintiffs have not asserted a

3  claim that Defendant failed to provide notice to Bell that a consumer report may be

4  obtained. . . . The presently pled claim is for failure to obtain consent, not failure to provide

5  notice."  Doc. 33 at 6 n. 1.  In short, Plaintiffs' response devotes much effort to issues not

6  at stake in this motion.  The questions raised by this motion and Plaintiffs' response are:  i)

7  is summary judgment for Swift, as opposed to Plaintiffs' offered "dismissal," proper on

8  Counts I and II? ii) were Counts III and IV dismissed in May and, if not, can the named

9  plaintiffs for Counts I and II serve as the plaintiffs without a timely amendment to the

10 complaint? and iii) is a judgment on the pleadings in favor of Swift Transportation Corp., a

11 non-existent entity, proper?

**B.      Summary Judgment In Favor Of Swift On Counts I And II Is Proper.**

13        Plaintiffs concede they are not challenging the dismissal of Counts I and II; but, as

14 with their unilateral declaration of dismissal, they are silent on whether the dismissal

15 should be with or without prejudice.  A review, however, of Plaintiffs' response to Swift's

16 Statement of Facts ("SOF") confirms summary judgment in favor of Swift is proper on

17 those counts.  Swift's SOF contains 13 paragraphs of facts that support its summary

18 judgment motion on Counts I and II.  Plaintiffs' response does not dispute any of those

19 factual assertions.  In fact, they affirmatively agreed with almost all of the facts in those 13

20 paragraphs.  Doc. 113 at ¶¶ 1-13.

21        On a few select facts, Plaintiffs opted to remain silent.  For example, in paragraph 2,

22 they did not respond to the assertion that Swift ordered Daniel's report on December 28,

23 2010.  Doc. 113 at ¶ 2.  Similarly, Plaintiffs were silent on Swift's assertions that i) it did

24 not order consumer reports after Hodges' September 2009 applications (¶ 6);[1] and ii) it did

25 not hire Daniel because he falsified his application (¶ 12).  *Id.* at ¶¶ 6, 12.  But, under Rule

[1] Plaintiffs claim it took a year of "arduous" discovery to learn Daniel and Hodges were not in-person applicants.  Ironically, in their class certification effort, Plaintiffs want this Court to assume one can easily determine membership in the two proposed classes without doing an individualized and fact-specific review.  Doc. 111 at 22-23.

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
520.882.1200

1  56(c)(1), to oppose a motion for summary judgment, a party cannot be silent.  Rather, to

2  oppose summary judgment, the party must offer specific facts supported by admissible

3  evidence that create a genuine of issue of disputed fact.  F.R.Civ. P. 56(a), (c); *Telesaurus*

4  *VPC, LLC v. Power,* 2012 U.S. Dist. LEXIS 69047, at *8-9 (D. Ariz. Oct. 21, 2012).  Here,

5  Plaintiffs made no effort to do so.[2]  Having failed to do so, this Court should find that

6  summary judgment in favor of Swift on those counts is proper.

7        Instead of disputing the facts on Counts I and II, Plaintiffs stir in additional

8  allegations and testimony to muddy the waters.  For example, in response to the SOF's

9  paragraphs 2 and 6, Plaintiffs offer spurious allegations as to whether Swift failed to

10  provide certain notices under 15 U.S.C. § 1681b(b)(2)(B)(i) to individuals who did not

11  apply in-person.  Such allegations have no bearing on the in-person claims asserted in

12  Counts I and II.  More telling, as the Court noted in its January 2012 order, the failure-to-

13  provide-notice claim is not even present in the First Amended Complaint – the operative

14  complaint at issue in this motion for summary judgment.  Doc. 33 at 6 n.1.  In a similar

15  fashion, Plaintiffs offered one additional fact to oppose the summary judgment motion

16  regarding testimony about the information shared with some applicants not hired.  Doc.

17  113 at ¶ 19.  That information, however, is immaterial to Count I.  While Count II deals

18  with adverse actions, it relates to in-person applicants only, and Plaintiffs have not

19  presented facts that they were in-person applicants.

20        Swift filed a motion for summary judgment as to Counts I and II.  This litigation has

21  been ongoing for a year, and Swift has expended considerable effort in defending against

22  Plaintiffs' claims.[3]  Swift has an interest in obtaining a final adjudication disposing of

23

24

---

25  [2]  If Plaintiffs reasonably believed further discovery was needed to oppose the summary judgment, they would have filed a motion under Rule 56(d) seeking that discovery.  They did not.

26  [3]  Swift sought to have Daniel's Counts I and II dismissed at the outset of this case as it did not
27  believe he was an in-person applicant.  As for Hodges, as Plaintiffs admit, Swift produced with its first disclosure on January 9, 2012 information that showed Swift ordered Hodges' consumer
28  report in response to her December 2009 online application.  Doc. 113 at ¶ 8.  If they were still uncertain, her June 2012 deposition confirmed the facts.  Doc. 98 at 4-5.

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
520.882.1200

1   Counts I and II.  Summary judgment is proper, but, if this Court elects to dismiss Counts I

2   and II, Swift respectfully requests that the Court dismiss those counts with prejudice.

3   **C.     Summary Judgment Is Also Proper On Counts III And IV.**

4          This Court's May 24, 2012 order dismissed Bell's claims against Swift.  On that the

5   parties agree.  Plaintiffs drafted the stipulation and order, as Swift described in its

6   Statement of Facts at ¶15.  Rather than admit that fact, Plaintiffs opted − as they have done

7   elsewhere when presented with undisputed but uncomfortable facts − for silence in

8   responding to that assertion.  Doc. 113 at ¶ 15.  The best Plaintiffs can muster is to assert

9   that the order "did not mention any specific count."  Doc. 113 at 16.  While true, the effect

10  of the Court's order is not genuinely in dispute.  In fact, the First Amended Complaint is

11  unambiguous; Bell is the lone representative for Counts III and IV only, and, in the First

12  Amended Complaint, no other plaintiff is alleged to be a plaintiff for Counts III and IV.

13  The Court's May 24 order dismissed Bell's claims, which were Counts III and IV. Doc. 58.

14         What Plaintiffs apparently now mean is that they did not intend to dismiss Counts

15  III and IV.  There is no dispute that, from May 24, 2012 forward, Counts III and IV had no

16  plaintiff or class representative.  That is a problem for Plaintiffs, but their suggested cure −

17  permitting the Court to substitute in Daniel and Hodges – is of no avail.  Plaintiffs' effort to

18  substitute new class representatives for another representative voluntarily dismissed from

19  the lawsuit would constitute an amendment to the pleading, and, because the substitution

20  effort is being made after the scheduling order deadline has passed, requires compliance

21  with Rule 16(b)'s good cause standard.  *Hitt v. Arizona Beverage Co., LLC*, 2009 U.S.

22  Dist. LEXIS 109702, *16 (S.D. Cal. Nov. 24, 2009).  As noted in the Response to

23  Plaintiffs' Motion for Leave to File Second Amended Complaint, such an amendment is

24  more than six months late under the Court's order, does not comply with Rule 16(b)(4)'s

25  good cause standard or this Court's and Ninth Circuit precedent on seeking to amend

26  pleadings after scheduling order deadlines.  Doc. 98.

27         Rather than rehash that battle, Plaintiffs argue that, in class certification cases,

28  courts can just substitute a plaintiff in to address the problem of a named plaintiff being

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona  85701-1630
520.882.1200

1  dismissed.  For support, they cite a string of cases.  None of the cases cited by Plaintiffs

2  remotely deals with Rule 16(b)(4) or whether the hoped-for substitutions can occur after

3  the court-ordered deadline for amending complaints has passed.

4         Plaintiffs' reasoning might have more appeal if there had never been a scheduling

5  order entered, or if Rule 16(b)(4)'s good cause standard did not exist, or if the bounty of

6  cases within this Court and the Ninth Circuit on amending pleadings after a scheduling

7  order has been entered did not apply to their case.  But no rule of civil procedure exempts

8  this or any other class action from those requirements.  Indeed, the cases considering the

9  application of those principles in class actions have not reached different results merely

10 because the case was pled as a class action.  For example, in *Harris v. Vector Marketing*

11 *Corp.,* 2010 U.S. Dist. LEXIS 104996 (N.D. Cal. Sept. 17, 2010), the court was faced with

12 a class action that, after motion practice, did not have a plaintiff or "standard bearer" for

13 the class.  To resuscitate those claims, plaintiffs sought to have new class representatives

14 intervene in the action.  Noting that, under the scheduling order the last day to amend the

15 pleadings passed five months ago, the court held that the scheduling order could only be

16 modified for good cause and the proposed intervenors had not shown it.  *Id.* at * 4-6.  As

17 support, the court also noted that plaintiffs' counsel, who also represented the proposed

18 interveners, was well aware that their claims lacked a standard bearer.  *Id.* at * 10-13.

19        Similarly, the substitution-of-plaintiffs-strategy that Plaintiffs urge in their brief has

20 been rejected.  In *Hitt v. Arizona Beverage Co., LLC*, 2009 U.S. Dist. LEXIS 109702 (S.D.

21 Cal. 2009), Plaintiffs sought to substitute a new plaintiff into a case after the named

22 plaintiff withdrew from the case, claiming the putative class would be harmed if they lost

23 out on months of litigation.  The *Hitt* court reviewed the governing law:

24        When deciding whether substitution of plaintiffs may be permitted after
          the named plaintiff's claims are voluntarily dismissed or otherwise
25        become moot, the paramount consideration is whether the putative class
          has been certified. . . .  [Until certified,] the putative class has not
26        "acquired a legal status separate from that of the named plaintiff."

27 *Id.* at * 12-14 (citations omitted).  Applying Rule 16(b)(4), the *Hitt* court denied the effort

28 to amend the complaint to substitute new class representatives.  *Id.* at * 16-17.  *See also In*

Snell & Wilmer
———— L.L.P. ————
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona  85701-1630
520.882.1200

1  *Re Milk Products Antitrust Litigation,* 195 F.3d 430 437-38 (10th Cir. 1999) (rejecting
2  effort to amend class action pleadings as plaintiff failed to show good cause under Rule
3  16(b)(4)).

4  　　　Here, Plaintiffs propose a substitution of Daniel and Hodges for the first time via
5  their motion to amend; that motion came six months after this court's deadline for
6  amending the pleadings and more than four months after Bell's claims were dismissed.
7  The foregoing authority shows the path for resolving the issues related to Counts III and IV
8  and establishes that Plaintiffs must proceed under Rule 16(b) and must demonstrate good
9  cause.  Plaintiffs' Response, however, struggling to find a way to show that standing exists
10  for these claims, strays into a series of cases not applicable here.

11  　　　Swift's standing argument is straight-forward.  If the effect of the Court's May order
12  was not to dismiss Count III and IV, but only to dismiss Bell, then the operative complaint
13  – the First Amended Complaint – has no class representative, indeed, no plaintiff at all for
14  Counts III and IV; and, under *Newberg* and *Williams v. Boeing Co.*, a claim needs at least
15  one plaintiff with standing to maintain a class action.  As of May 21 and as of today,
16  Counts III and IV, if they were not already dismissed by the May 2012 order, do not have a
17  plaintiff – a fact Plaintiffs' own Motion for Leave to File Second Amended Complaint
18  concedes on its face.  Doc. 91.  Plaintiffs contend that Hodges and Daniel have standing to
19  assert Counts III and IV.  Yet, they cite no authority that allows class representatives
20  chosen to represent one class to supply the standing for other claims that the
21  representatives do not purport to represent.

22  　　　Plaintiffs contend, without support, that standing should not be analyzed on a count-
23  by-count basis.  Doc. 112 at 4, ll. 14-15.  But the Supreme Court has ruled that "a plaintiff
24  must demonstrate standing separately for each form of relief sought" and "standing is not
25  dispensed in gross." *Friends of the Earth v. Laidlaw*, 528 U.S. 167, 185 (2000) (quoting
26  *Lewis v. Casey,* 518 U.S. 343, 358 n.6 (1996)); *Knisley v. Network Associates,* 312 F.3d
27  1123, 1127 (9th Cir. 2002).  Under the First Amended Complaint, only Bell claimed to have
28  standing to litigate Counts III and IV.  As *Newberg* correctly points out, Plaintiffs need one

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona  85701-1630
520.882.1200

1  named class representative with standing to assert those claims.  For Counts III and IV,

2  Plaintiffs have none.

3          Plaintiffs' analysis begins with the same case, *Williams v. Boeing*, that Swift cited.

4  Deciphering *Williams v. Boeing* requires a close read.  Plaintiffs intimate that *Williams*

5  supports their cause because the court found the named plaintiffs had standing to assert

6  their pre-2000 compensation claims even though they had dismissed other claims, *i.e.* their

7  individual promotion discrimination claims.  517 F.3d at 1129 n.7.  *Williams* is not apt

8  authority for Plaintiffs' claims for several reasons.  First, the same plaintiffs who dismissed

9  voluntarily the promotion claims still had compensation claims that they were asserting.

10  *Id.*  In the instant case, Bell dismissed all his claims entirely, and under the operative

11  pleading, Hodges and Daniel are plaintiffs only on Counts I and II.  *Williams* does not aid

12  Hodges' and Daniel's cause to become the standard bearers on Counts III and IV.  Second,

13  the *Williams* case does not address at all whether the parties had timely amended pleadings

14  or had complied with the good cause standard of Rule 16(b)(4).[4]

15          Next, Plaintiffs point to *Wade v. Kirkland, Kennerly v. U.S.*, and *Graves v. Walton*

16  *County*, suggesting that, when a plaintiff's claims become moot while a certification

17  motion is outstanding, plaintiffs can seek to substitute a new plaintiff.  Again, as noted

18  above, none of those cases involves the need for a party to show good cause under Rule 16

19  to amend the pleading.  Plaintiffs' lengthy string citation and selected quotations mask the

20  real rules related to substitution and intervention in class action cases.  The general rule is

21  that, <u>after</u> a ruling on certification, the substitution or intervention of a plaintiff for a named

22  plaintiff whose claim has become moot or dismissed is permitted.  *Sosa v. Iowa*, 419 U.S.

23  393 (1975); *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326 (1980) and *United*

24  *States Parole Commission v. Geraghty,* 445 U.S. 388 (1980).  The corollary of that rule is

25  that, <u>before</u> a ruling on certification, a case that becomes moot should be dismissed.  *Board*

26

27  [4]  The claim-by-claim approach the Ninth Circuit applied to the standing issue in *Williams* is also at odds with, and further undermines, Plaintiffs' unsupported suggestion that standing cannot be
28  analyzed on a count-by-count basis.

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona  85701-1630
520.882.1200

1  *of School Commissioners v. Jacobs,* 420 U.S. 128, 129 (1975); *Kuahulu v. Employers Ins.,*

2  557 F.2d 1334, 1337 (9th Cir. 1977);[5]  *Sze v. INS*, 153 F.3d 1005 (9th Cir. 1998) *overruled*

3  *on other grounds by United States v. Hovespian,* 359 F.3d 1144 (9th Cir. 2004).  The *Sze*

4  court considered the exceptions to this latter ruling and analyzed two of the cases cited by

5  Plaintiffs.  Properly explained, *Wade v. Kirkland* provides for a narrow exception to the

6  rule dealing with moot claims before a ruling on certification – cases that are inherently

7  transitory actions.  Like the *Sze* case, this case does not involve an inherently transitory

8  action.  Such cases involve a constantly changing putative class where the court will not be

9  able to rule on a certification motion before the representative's interest expires.  *Sze*, 153

10  F.3d at 1010.  The paradigm case involves individuals challenging short-term detention

11  conditions.  For example, *Wade* sought to represent short-term inmates in a county jail –

12  the classic example of a "transitory claim that cries out for ruling on certification as rapidly

13  as possible."  118 F.3d 667, 670.

14      Similarly, the *Graves* case also involves transitory claimants − parents of minor

15  students challenging desegregation orders.  In that case, defendants argued the case was

16  moot as the case had not been certified as a class and the named plaintiffs' children had

17  graduated from the school system.  *Graves v. Walton Co. Bd. of Education,* 686 F.2d 1135,

18  1136-38 (5th Cir. 1982).  The *Graves* court found intervention and substitution are

19  particularly appropriate in desegregation cases where the mootness problem constantly

20  arises because of protracted litigation and the eventual graduation of named plaintiffs.  *Id.*

21  at 1138.

22      Again, those cases, while helpful to understanding mootness and standing issues, are

23  not apt authority for this matter.  None involves the question of whether plaintiffs had

24  timely sought to amend pleadings under a scheduling order before a ruling on certification.

25  Before a ruling on certification occurs, as the *Sze* court found, once a claim loses its

26

27  [5]  Plaintiffs cited *Kuahulu* but apparently overlooked its holding where the court dismissed the case
28  and expressly declined to decide whether *Jacobs* applied when it was unknown whether a class
representative's claim would become moot.  557 F.2d at 1337-38.

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona  85701-1630
520.882.1200

1  plaintiff – whether due to mootness or voluntary dismissal − the claim should be dismissed.

2  This Court did that back in May, following the instructions of a stipulation that Plaintiffs'

3  counsel prepared.  This Court does not need, and, based on the foregoing authority should

4  decline, to resurrect those claims.

5  **D.      Judgment On The Pleadings In Favor Of Swift Transportation Corp.**

6          As for the proper defendant argument, Plaintiffs, apparently flustered, start pointing

7  the finger at Swift's counsel.  Contrary to their assertions, no one has played a hide-the-ball

8  game.  At the outset of this case, Swift recognized that a variety of different names had

9  been used by its operating subsidiaries and the parent company over the years, and that

10 many of the documents that would surface in this case would contain references to

11 obsolescent entities or names no longer in use.  Precisely to avoid any confusion over the

12 issue, Swift voluntarily told Plaintiffs in their initial pleading and repeatedly over the last

13 year the correct name of the company that would have employed Plaintiffs if they had been

14 hired.  That is the very opposite of game-playing.  Plaintiffs did not file a motion to dismiss

15 over this issue as the courts faced in *Bland v. Charles Cty. Pub. Schs.*, 2010 U.S. Dist.

16 LEXIS 71310 at *2-3 (D. Md. 2010) or *Gong v. City of Alameda,* 2007 U.S. Dist. LEXIS

17 8485 at *2 n.1 (N.D. Cal. 2007).

18         Plaintiffs' argument mirrors the argument made in *Hildebrand v. Dentsply Int'l,* 264

19 F.R.D. 192 (E.D. Penn. 2010).  In that case, the plaintiffs, who owned corporate dental

20 practices, had sued in their individual, not corporate capacities, and sought to amend their

21 complaint to name themselves in their corporate capacities.  The court first held that,

22 because the deadline to amend had passed, Rule 16(b)'s good cause standard applied and

23 must be met by the plaintiffs, notwithstanding the plaintiffs' repeated insistence that the

24 amendment of party names would be "merely a 'technical correction to the pleadings'

25 which would 'effect no substantive change.'"  *Id.* at 198-200.  The court held that the lack

26 of prejudice to the defendant was irrelevant to the issue of whether amendment should be

27 granted under Rule 16.  *Id.* at 201.  This reasoning applies equally here.

28

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona  85701-1630
520.882.1200

1    Having told Plaintiffs the correct name of the entity from the outset, Plaintiffs'

2  failure to amend timely is inexplicable.  Plaintiffs continue to ignore the fact that they

3  orally represented to this Court in January that "[w]e will probably be cleaning up,

4  hopefully, within the next 30 days and either substituting the proper party or having some

5  notification to the Court." Doc. 99 at 10:8-12.  Not until 12 minutes before the deadline to

6  file a motion for class certification passed did Plaintiffs make any effort to amend the

7  pleadings.  The challenges they face are of their own making.

8  **E.     Conclusion**

9    While litigation in federal court is not a game, the process has rules.  Rule 56 and

10  Rule 16(b)(4), not to mention this Court's orders, apply to Plaintiffs' case, even if pled as a

11  class action.  That authority, along with the foregoing case law, warrant summary

12  judgment.

13    RESPECTFULLY submitted this 10th day of December, 2012.

14    SNELL & WILMER L.L.P.

15

16    By: */s/ John F. Lomax, Jr.*
          John F. Lomax, Jr.
17          Brian J. Foster
          Joseph A. Kroeger
18          One Arizona Center
          400 E. Van Buren
19          Phoenix, Arizona  85004-2202
          Telephone:  602.382.6305
20          Facsimile:  602.382.6070
          Attorneys for Defendant

21

22

23

24

25

26

27

28

**CERTIFICATE OF MAILING**

I hereby certify that, on December 10, 2012, I electronically transmitted the foregoing document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Dennis M. O'Toole
Anthony R. Pecora
Matthew A. Dooley
Stumphauzer O'Toole McLaughlin
McGlamery & Loughman Company
5455 Detroit Road
Sheffield Village, OH  44054

Leonard Anthony Bennett
Susan Mary Rotkis
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard
Suite 1-A
Newport News, VA  23601

Stanley Lubin
Nicholas Jason Enoch
Lubin & Enoch, P.C.
349 North Fourth Avenue
Phoenix, AZ  85003

 /s/ Jeannie Fisher

16271567.1

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
520.882.1200