IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelvin D. Daniel, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Swift Transportation Corp., <br><br> Defendant. | No. CV-11-01548-PHX-ROS <br><br> **ORDER** |

Plaintiffs seek leave to file a Second Amended Complaint. The request comes long after the deadline established by the Court for such motions and Plaintiffs have not established the delay should be excused. Therefore, the motion will be denied. Denying the request to amend the complaint ends this case as Plaintiffs concede their currently pled claims are not viable.

**BACKGROUND**

On August 8, 2011, acting on behalf of themselves and various classes, Plaintiffs Kelvin D. Daniel, Tanna Hodges, and Robert R. Bell Jr. filed suit against Defendant Swift Transportation Corp. ("Swift). (Doc. 1). The original complaint alleged four violations of the Fair Credit Reporting Act ("FCRA") in connection with Plaintiffs' applications for commercial driving positions with Swift. Each of the four counts was identified as brought by specific Plaintiffs: Count I was brought by Daniel, Hodges, and Bell; Counts II and III were brought by Daniel and Hodges; and Count IV was brought by only Bell. Swift moved

1  to dismiss Counts I, II and III. (Doc. 14).

2        Instead of responding to the motion to dismiss, Plaintiffs filed an Amended
3  Complaint. (Doc. 19). The Amended Complaint still contained four counts but the
4  individuals identified in connection with those counts differed from the original complaint.
5  Counts I and II were brought by Daniel and Hodges while Counts III and IV were brought
6  by Bell. (Doc. 19). Swift moved to dismiss Count III in its entirety and to partially dismiss
7  Counts I and II. (Doc. 24). The Court denied that motion, focusing on its inability to resolve
8  factual disputes in the context of a motion to dismiss. (Doc. 33 at 5).

9        On January 3, 2012, the parties submitted their Joint Proposed Case Management
10 Plan. (Doc. 31). The plan stated the parties had agreed that "[m]otions to amend,
11 consolidate, and join additional parties shall be filed on or before **March 15, 2012**." (Doc.
12 31 at 11). At the January 10, 2012 Scheduling Conference, the Court discussed various
13 disputes raised by the parties in their case management plan. After that discussion, the Court
14 stated "I think those are the only disputes that we have in your case management plan. Have
15 I missed something?" (Doc. 38 at 23). Plaintiff's counsel responded:

16 > You have not, Judge, but I would like to bring up just one issue that was not addressed here. It's my fault that it wasn't. I think between [defense counsel] and I, we may be able to work this out. But I just wanted to bring it to the Court's attention and that is that when we originally filed the complaint and the amended complaint, the defendant was listed as Swift Transportation Corporation. Swift Transportation Corporation of Arizona, LLC, is the party that has been served and we believe that to be a proper defendant. . . . So we will probably be cleaning that up, hopefully, within the next 30 days and either substituting the proper party or having some notification to the Court.

(Doc. 38 at 23-24).

      Upon being asked whether that was accurate, defense counsel responded: "Yes. I've discussed this with [Plaintiffs'] counsel. I anticipate we'll receive some version of an amended complaint and I think we'll be able to iron that issue out." (Doc. 38 at 24). The Court then directed the parties to submit a revised scheduling order for the Court to sign.

      The Court signed the scheduling order on January 19, 2012. The scheduling order provided for bifurcated discovery: phase one would focus on class certification issues while

1   phase two would focus on the merits. Phase one was to be completed on or before October
2   1, 2012. (Doc. 40 at 2). The scheduling order also adopted the date jointly proposed by the
3   parties for the filing of procedural motions. The order stated:
4   
> Procedural motions including Motions to Amend the Complaint or Answer, and Motions to Join Additional Parties shall be filed no later than **March 15, 2012**.

6   (Doc. 40 at 2).

7         Despite their concession at the scheduling conference that they needed to change the
8   formal name of the defendant, Plaintiffs made no effort to do so or to otherwise amend their
9   complaint. A little over a month after the scheduling conference, Swift moved to amend its
10  answer to correct its position on certain facts and to assert an additional defense. (Doc. 47-
11  1). Plaintiffs did not oppose the motion and Swift filed its amended answer on March 6,
12  2012. (Doc. 50). The March 15, 2012 deadline for amending the pleadings passed with no
13  action by Plaintiffs.

14        On May 21, 2012, Plaintiffs filed a "Stipulated Notice of Dismissal Without
15  Prejudice." That notice read, in relevant part, "Pursuant to Federal Rule of Civil Procedure
16  41(a)(1)(A)(ii), [Plaintiffs] and [Swift] do hereby stipulate to the dismissal without prejudice
17  of all the claims asserted against [Swift] by Bell in this action." (Doc. 57 at 2). The Court
18  approved the stipulation. (Doc. 58). At the time Plaintiffs filed the stipulated notice of
19  dismissal, no class had been certified and Bell was the only individual pursuing Counts III
20  and IV. Therefore, the dismissal of Bell was a dismissal of Counts III and IV.

21        As contemplated by the scheduling order, the case then proceeded with both sides
22  pursuing discovery. On October 1, 2012, Plaintiffs moved to amend their complaint. (Doc.
23  91). Plaintiffs' motion indicated they wished to dismiss Counts I and II and reformulate
24  Counts III and IV. The filing date of this motion was close to nine months after the
25  scheduling order was issued, seven months after Swift moved to amend its answer, six-and-a-
26  half months after the deadline for amending the complaint, and three months after the
27  depositions of Daniel and Hodges (the remaining plaintiffs). The motion to amend did not
28  mention the standard for amending the scheduling order nor did it mention that the motion

- 3 -

was over six months late. Moreover, the motion did not make any effort to show how Plaintiffs had been diligent in pursuing amendment.

Shortly after Plaintiffs filed their motion to amend, Swift filed a motion for summary judgment. Swift sought summary judgment on Counts I and II, the same counts Plaintiffs conceded in their motion to amend they were no longer interested in pursuing. Swift then filed its opposition to the motion to amend, arguing the motion was untimely and that Plaintiffs had not been diligent in seeking amendment.

## ANALYSIS

### I. Plaintiffs Have Not Established Good Cause for Amending the Scheduling Order

The procedural history and current posture of this case are complicated but the central issue presented by the parties' recent filings is simple. That issue is whether Plaintiffs should be permitted to amend their complaint despite ignoring the March 15, 2012 deadline. Because Plaintiffs have not established they were diligent in attempting to comply with the deadline, the request to amend the complaint will be denied.

Plaintiffs' motion to amend argues Federal Rule of Civil Procedure 15 should be applied to allow amendment. But once a "district court [has] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 . . . that rule's standard control[s]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). And the standard under Rule 16 is "markedly different" from that under Rule 15. *Johns v. AutoNation USA Corp.*, 246 F.R.D. 608, 609 (D. Ariz. 2006). That is, Rule 15 imposes a "liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party." *Johnson*, 975 F.2d at 609. Rule 16, on the other hand, imposes a "good cause" standard which "primarily considers the diligence of the party seeking the amendment." *Id.* If the party seeking amendment has not been diligent, "the inquiry should end." *Id.*

In this case, Plaintiffs' original motion to amend did not present *any* argument that they had been diligent in seeking amendment. In fact, Plaintiffs' motion to amend concedes they knew about the need to amend the complaint long ago. In attempting to justify granting

- 4 -

1 leave to amend, Plaintiffs claim the amended complaint would not be a surprise to Swift. 2 Plaintiffs state they had "long ago" provided the discovery responses that made clear the 3 claims they wished to pursue. (Doc. 91 at 7). Accepting Plaintiffs' admission that they knew 4 about their claims "long ago," Plaintiffs should have sought to amend the complaint "long 5 ago." Because Plaintiffs, by their own admission, have shown precisely the opposite of 6 diligence, "the inquiry should end" and the motion to amend should be denied. *Johnson*, 975 7 F.2d at 609.

8       Plaintiffs' reply attempts to save their flawed motion by setting forth details regarding 9 their alleged diligence in seeking amendment. Setting aside the improper nature of the reply, 10 Plaintiffs' arguments are not convincing. *See United States ex rel. Giles v. Sardie*, 191 F. 11 Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new 12 facts or different legal arguments in the reply brief than those presented in the moving 13 papers."). The reply explains that Plaintiffs were pursuing discovery up through October 1, 14 2012 and Plaintiffs point to the 30(b)(6) deposition on September 10, 2010 as evidence that 15 they only recently learned of the need to amend the complaint. But Plaintiffs do not explain 16 why it was only after the 30(b)(6) deposition that they realized they needed to amend the 17 complaint. In fact, the record shows Plaintiffs must have known about the need to amend 18 long before the 30(b)(6) deposition.

19       Certain factual deficiencies in the currently pled claims were set forth in Swift's 20 motion to dismiss filed on November 11, 2011. That motion was denied because the Court 21 could not resolve the accuracy of Swift's factual claims in that setting. But on January 9, 22 2012, Swift produced documents definitively establishing the inadequacy of Plaintiffs' 23 claims and the need for Plaintiffs to amend the complaint. Finally, the depositions of Daniel 24 and Hodges, where Plaintiffs learned their own testimony would not support the present 25 claims, occurred in June 2012. Therefore, at the very latest, Plaintiffs knew about the need 26 to amend by June 2012. Inexplicably, Plaintiffs did not file their motion until October 2012.

27       Plaintiffs have not established they were diligent in pursuing amendment of the 28 complaint. Therefore, the request to amend the scheduling order and allow amendment of

the complaint will be denied. The first amended complaint remains the operative complaint and only Counts I and II of that complaint remain pending.[1]

## II. Motion for Summary Judgment and Motion to Certify Class

Swift has moved for summary judgment on Counts I and II. Plaintiffs responded by stating they "do not challenge the dismissal of Count I and II." (Doc. 112 at 2). Based on Plaintiffs' concession, the motion for summary judgment will be denied as moot and Counts I and II will be dismissed with prejudice.

Finally, Plaintiffs have moved to certify a class. That motion is based on the proposed second amended complaint. Because the proposed second amended complaint will not be allowed, the motion to certify class will be denied as moot.

Accordingly,

**IT IS ORDERED** the Motion to Amend (Doc. 91) and Motion to Certify Class (Doc. 92) are **DENIED**.

**IT IS FURTHER ORDERED** the Motion for Summary Judgment (Doc. 99) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** the Motion to Deem Reply (Doc. 114) is **GRANTED**.

**IT IS FURTHER ORDERED** the Clerk of Court is directed to enter a judgment of dismissal with prejudice on Counts I and II. The dismissal of these claims will close the case as Counts III and IV were previously dismissed.

DATED this 11th day of February, 2013.

_____
Roslyn O. Silver
Chief United States District Judge

---

[1] Plaintiffs argue Counts III and IV are still pending because the dismissal of Bell was "limited on its face to Bell as a representative plaintiff and not to the functional claims of the [first amended complaint]." (Doc. 112 at 4-5). Plaintiffs appear to be arguing that Counts III and IV remained viable even after they dismissed the sole individual pursuing those claims. It should go without saying that claims must be brought by an entity with standing to assert them; claims do not exist when there is no entity asserting them. Accordingly, the dismissal of Bell also dismissed the claims that he alone was pursuing.